FILED
JUN 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
Washington, D.C.

In re MarcPierre Hall, #1169-1058
POB 3000, Petitioner,
White Deer, PA 17887
vs.

United States,
BOP Agency,
U.S Marshals,
Dept. of Treasury,
Bank of America,
Dir. H. Lappin,
U.S Attorney A. Gonzales,
  Respondents,

Case: 1:07-cv-01149
Assigned To : Unassigned
Assign. Date : 06/27/2007
Description: HALL v. UNITED STATES et al

CASE RE-ASSIGNED
AUG 28 2007
TO: COLLYER, J. RMC

RECEIVED
MAR 08 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Petition & Affidavit for Injunctive
Relief And Permanent Restraining
Order 28 USC 1361 / FRCvP Rule 65

---

Comes Now Petitioner MarcPierre Hall pro-se under "imminent danger" as segregated at (USP) Allenwood, PA in atypical and significant hardships of discriminative conditions.
  Wherefore, Petitioner respectfully requests this Honorable Court to intervene and place the requested injunctions upon the respondents and offices thereof to enjoin or compel their illegal actions that violate substantive laws and the "Status Quo" as follows.

1

In re Hall v. USA / Injunctive

- (2)

## I. Showing:

The respondents in several prison facilities: 1). Marion, ILL.; 2). Lewisburg, PA.; 3). Allenwood, PA. have and are violating substantive laws and administrative regulations under the 1st, 5th, & 8th Amendments U.S Const. and statutory mandates pursuant 18 USC 4042a 1-4 "duty of Care"; BOP PS 551.9 (discrimination prohibitions of housing units, work, and programs), as Follows:

1. The Facilities within the BOP Agency have repeatedly committed fraudulent accounting practices; 2). medical and mental health deprivations; 3). mail crimes and 4). numerous "other discriminations", against Petitioner and others known by the administration through appeals, complaints and (FTCA) Filings including clearly established laws.

## II. Specific Acts of Accounting Frauds / Extortion BOP Agency

1. Marion, ILL (2003-2006): Petitioner was subject to that administration's fraudulent practices of:

   A. (199) payment forms fraud by double charging for mail postage. Unit Counselor would take legal mail and delay mailing for months and recharge same postage upon receipt of additional mail. This is filed on ad. remedies and with (SIS) Montgomery, (SIS) Sholff, (SIS) Edge as evidence; (unlawful postage collection Title 18).

   B. Double or over charging for copies by unit counselor. Unit Counselor would return legal copies after receiving signature of payment failing to allow inspection prior to signing.

In re Hall v. USA / Injunction

(3)

C. Accounting statements show additional charges as a tax or other cost that do not appear on sales, commissary items or other, i.e.: .05¢, .11¢ or odd charges on copying cost when copies were .10¢ per copy and a charge would be for example $10.71¢

This set in motion a series of frauds from prison to prison and a large illegal encumberance and commissary account restrictions.

2. (USP) Lewisburg, PA (8/2006 - 1/2007): As a result of the accounting frauds at Marion, ILL. this facility further restricted access to commissary account in fraudulent discriminations failing to correct the errors upon being informed by appeals & complaints.

3. (USP) Allenwood, PA (1/2007 -    ): This facility followed the same pattern of (USP) Lewisburg failing to afford access.

The Central office by appeal process did nothing to correct the fraud or account.

III. Specific Acts of Medical deprivation BOP Agency

1. Marion, ILL (5/2002 - 8/2006): Petitioner was repeatedly denied "Special Care Clinic" for: 1). Liver disease; 2). Hernia; 3). Chronic Asthma / Pulmonary-respiratory disease; 4). Chronic Low back Pain and Migraines; 5). Seizures; 6). Blood disorders; 7). dermatologist for chronic skin disease; 8). Foot doctor.

All facilities violated the Privacy Act 5USC552a herein in the casual

In re Hall v. USA / Injunction

(4) dissemination of medical info. to nonmedical staff and around inmates.

2. (USP) Lewisburg, PA. (8/2006 - 1/2007): Petitioner was repeatedly denied "special care clinic" for: 1). Liver disease; 2). Hernia; 3). Blood disorders; 4). Foot doctor; 5). Seizures; 6). Heart problems; 7). Brain disorders.

3. (USP) Allenwood, PA. (1/2007 - ): Petitioner is being deprived of "special care clinic" for: 1). Liver disease; 2). Hernia; 3). Pulmonary; 4). Chronic Low back pain & Migraines; 5). Allergist; 6). Blood disorders; 7). Dermatologist; 8). Heart doctors; 9). Brain disorders; 10). Foot doctor.

## IV. Specific Acts of Mental Health deprivation BOP Agency

1. Marion, ILL (5/2002 - 8/2006): Petitioner was repeatedly denied his Privacy Act 5USC552a permitting nonmedical staff to be present on telemed conferences while Petitioner was fully restrained in violation of doctor/patient confidentiality; including tier consultation in hearing range of others.

2. Lewisburg, PA (8/2006 - 1/2007): Petitioner was repeatedly denied his Privacy Act Rights 5USC552a by permitting nonmedical staff to be present on telemed conferences while Petitioner was fully restrained in violation of doctor/patient confidentiality; including tier consultation in hearing range of others.

this facility also prescribed: 1). Prozac; 2). Viproac Acid while on (Ibu 600mg) against the warnings of the Prozac drug company. As a result Petitioner suffered heart attacks and was never seen by medical. Petitioner had to abruptly discontinue all medications against other warnings and to date suffers heart problems and seizures not treated.

In re Hall v. USA/Injunction

(5)

3. Allenwood, PA. (1/2007 - ): Petitioner has been denied Psychological treatment, testing and proper evaluations and is subject to the same repeated practices of the facilities above of the BOP Agency.

## V. Other Discriminations

1. Lewisburg, PA (8/2006 - 1/2007): Petitioner was repeatedly denied "adequate" cell delivery service in violation of <u>Bounds v. Smith</u> (cited as omitted), while segregated, due to understaffing in which only (3) copies a week of cases allowed. No research books allowed.

2. Allenwood, PA (1/2007 - ): Petitioner is repeatedly denied use of segregation Library and "adequate" cell delivery services. No books are permitted and only copies of (5) cases per week to which has not been afforded. While cases 4:06CV2240/4:06CV2456 pending in the Middle District of Pennsylvania, Harrisburg U.S District Court.

Further, unit team counselor fails to issue timely remedies to redress grievances and causes untimely filing without a "justifiable penological interest."

3. All facilities that are depriving medical rights charge $2.00 per visit. Petitioner will for example place several issues to be seen on, the doctor only gives one prescription leaving other ailments unattended to only be recharged and seen again.

4. All BOP Agency facilities are violating congressional mandates under 42 USC 1997(e)2(b)2 sec. 4 (reprisals), sec. 5 (responses by persons under the warden prohibited). Petitioner has repeatedly been placed on "Restrictive Status" in the BOP Agency in which grievances are answered by persons under the Warden to include the Warden. Independent review

In re Hall v. USA / Injunction

(6)

of grievances are denied permitting discriminative actions and investigations on themselves. No (OIG) reviews.

5. The BOP Agency nationwide permits the "Use of Food" as punishment without (DHO) hearings.

6. The BOP Agency nationwide has sold copies, personal property and upon storing the property under "official right", destroys the property without compensation which is "Extortion".

7. The BOP Agency and U.S Marshals nationwide permits inhumane conditions in winter months pursuant "identifiable need of Warmth" laws, upon transporting prisoners with no coats, or sweats, rather paper pants or Khaki's, T-shirts, socks and shoes.

8. In numerous facilities in the BOP Agency, prisoners are placed in disciplinary cells with no mattresses or clean sheets and secured with "transport chains" opposed to "soft restraints" which law requires.

9. The BOP Agency nationwide permits inhumane cell conditions filled with human waist in which urined cells emit amonia fumes that affect respiratory disease persons to include skin disease and allergies which is presently occurring at (USP) Allenwood, PA segregation cell D201, against human decency laws.

10. The BOP Agency nationwide permits inmates to improperly handle and insufficiently clean human waist and fail to dispose of hazardous materials in accord with law. Petitioner is repeatedly exposed to hazardous human waist in which prisoners smear faces and urinate having infectious diseases, as the present condition.

In re Hall v. BOP Agency et. al.

(7)

## VI. Specific Acts of Fraud & Misrepresentation by Dept. of Treasury and Bank of America

1. The (DOT) is the main receiver of all BOP Agency deposits who contracts with the Bank of America pursuant the "Economy Act."

2. The Bank of America under the economy act contract, holds all inmate deposits.

3. The extorted money from Petitioner's commissary account is part of that deposit.

4. The deposits are used toward government interest.

## VII. Atypical & Significant Hardships suffered

Petitioner claims that the conditions herein violate the "Status Quo" of law under the 1st, 5th and 8th Amendments U.S Const. in discrimination. The results of: 1). Accounting frauds and extortion; 2). Medical & Mental health deprivation and 3). "other discriminations", have caused the following unconstitutional conditions:

1. illegal encumberances causing discriminative commissary restriction that denies access to adequate postage of $23.40 per week as others are afforded, to include deprivation of hygiene and (OTC) medical items not afforded by medical in which Petitioner suffers chronic pain, and no (Ibu) is issued by medical.

Further, upon the administration's failure to issue toothpaste

In re Hall v. BOP Agency et. al.

(8)

Petitioner is made to brush his teeth with soap for weeks. As well made to go without deodorant for months due to deodorant is not issued by the administration.

2. The illegal encumberances causes <u>mail delay, obstruction and interference</u> 18 USC 1703a when the administration fails to afford (199) payment forms and restricts postage from commissary, and only provides indigent "status" postage to which I do not apply, due to receiving income.

3. The agency discriminates further in violation of the BOP PS 551.9 and "exclusion of law"/"Equal protection of law" upon denying: law library; restricted grievances; property rights; privacy rights; and extortion.

4. Petitioner's First Amend. is denied upon the property destruction; restriction of grievances; mail delay, obstruction and interference;

5. Petitioner's 8th Amend. is denied in regards to inhumane cell conditions; lack of warmth; special care clinics; Food as punishment; mental health deprivations; hygiene deprivations; inadequate medical care and payment; transport restraints lack of mattresses;

These deprivations do not comport with the "status Quo" of clearly established laws, and are reoccurring within the BOP Agency et. al.

Wherefore, Petitioner respectfully requests the attached Restraining and Injunctive relief.

Respectfully Submitted
this day 2/14/2007

In re Hall v. USA / Injunction

(9)

Certificate of Service

1, I. duly depose under penalty of perjury 28 USC 1746 that a copy was mailed first class mail to:

1. U.S District Court Dist. of Columbia, W. DC 20001

this day 2/14/2007