# 1:07cv01149-UNA

United States District Court
Washington DC

Narcitierre Hall,           )  Motion To Expand the record
        Plaintiff,          )  of Evidence for Injunctive
    vs.                     )  Relief
United States et. al.       )
        Defendants,         )

---

Plaintiff respectfully seeks to expand the record of evidence of the attached documents in regards to the BOP Agency's ad-remedy violations part of the sought injunction.

Plaintiff has not been issued a docket # as to this action and requests the record to so reflect such evidence.

this day June 16, 2007,

Respectfully submitted. XX

28USC1746

Certificate of Service

I, XX duly depose that a copy was mailed to:

1. US District Court 333 Const. Ave. NW
    W.DC 20001

this day 6/16/07.

28USC1746  XX          Resubmitted
                        7/3/07. XX

Narcitierre Hall 11691058
POB 5500 USP Victorville
Adelanto, CA 92301

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 1, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      OKLAHOMA CITY FTC    UNT: HOLDOVER    QTR: Z03-728LDS
      P.O. BOX 898802
      OKLAHOMA CITY, OK 73189


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 454670-R1      REGIONAL APPEAL
DATE RECEIVED  : MAY 7, 2007
SUBJECT 1      : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2      : ADMINISTRATIVE REMEDY PROCEDURES
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,    REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS        : ONLY DHO APPEALS CAN BE FILED DIRECTLY WITH THE
                 REGIONAL OFFICE. SEPARATE YOUR ISSUES AND ADDRESS
                 THEM WITH THE INSTITUTION IN PROPER FORM.

HALL v. USA. et. al.
# 1.07CV01149 UNA

RECEIVED
CIVIL RIGHTS DIVISION
07 FEB -9 AM 9: 12

BOP

## United States District Court
## District of Connecticut

### Case No. _____

MAY - 7 2007

Narcpierre Hall,
       Affiant,

vs.

Warden T. Williamson,
UM J. Adami,
Counselor Cavanaugh,
Director Dodrill,
Director Lappin,
       Respondents,

)  OIA/OIG Request for
)  prompt Investigation
)  pursuant PL 107-56 §,001
)  Patriot Act for illegal
)  Restrictions by Unit team
)
)  **RECEIVED**
)
)      APR 2 7 2007
)
)   BUREAU OF PRISONS
    OGC/LITIGATION BRANCH

_____

Notice by
Affidavit of Narcpierre Hall
In support of Ad. Remedy
Procedure Violations by BOP Agency

_____

<u>Respondents</u> : You are hereby Noticed by Affidavit
that your restriction of ad. remedy procedures violates
Congressional law 42 USC 1997e (a)(b)(2) Section 4 and
further, Unit Mgr.'s, counselors, case Mgr.'s and Wardens
under the Act of Congress cannot review the remedies.
See 42 USC 1997e (a)(b)(2) Section 5.
     Wherefore, I further depose :

(Exhibits)

Hall v. Warden Williamson et.al.
Notice by Affidavit

(2)

I, Marc Hall 11691058/BOP, 202595/DOC duly depose under penalty of perjury 28 USC 1746 that the following is true to the best of my knowledge, belief and understanding of the law, and says :

1. That the Northern C. I facility, Somers, CT. 06071 has duly placed Me on "grievance restriction". as of December 20, 2004 for filing meritorious claims against staff mismanagement and Ex Post facto unlawful procedures.[1] Due to such, several grievances has been returned unanswered that will obstruct court access pursuant 42 USC 1997e(2)(b)(2), Booth v. Churner, 532 US 731 (2001); Porter v. Nussle, 534 US 516 (2002).

2. Mr. Hall has a "Liberty Interest" under 42 USC 1997e (2)(b)(2); 28 CFR §340.3 - 340.7 and the (VCCLEA) of 1994 USC 42 Sec. 1997e, that cannot be restricted or denied without "A Justified penological Interest".

═══════════════

[1] See Attached exhibit

HALL v. USA et. al.
1:07cv 01149 RMC

Hall v. Warden Williamson et al
Notice by Affidavit

(3)

the acts of the state actors and Policy writers For
both federal and state custodians are "arbitrary and
capricious" in Ex Post Facto as follows:

3.    42 USC 1997e(2)(b)(2) which sets the statutory
requirements for a grievance procedure to be "acceptable".
There are five (5) Criteria's to the Statutory requirement:

    1. Employees and prisoners [must] have an
       advisory role in formulating and operating
       it;

    * 2. there [must] be fixed time limits at each
        stage;

    * 3. there [must] be expedited procedures
        for emergencies;

    * 4. There [must] be safeguards against
        reprisals;

    * 5. There [must] be independent review
        by someone not under the direct
        supervision or control of the institu-
        tion. 42 USC 1997e(2)(b)(2). (the

HALL v. USA et. al.
1:07cv01149-UNA

Hall v. Warden Williamson et. al.
Notice by Affidavit

(4)

asterisks connotes failure of "substantial compliance").[2]

Section 5 above, no "independent reviews" are afford-
ed with either contract party.

4. Further, the Attorney General's standards under
28 C.F.R. §340.3 - 340.7 are additional requirements as
follows:

1. Inmates [must] be notified of procedures;

* 2. the system [must] be available to inmates
of [all] "classifications"; ( Note, Affiant
is a federal contract inmate between the

_____

2. See Lewis v. Meyer, 815 F.2d at 46; Johnson v. King, 696
F.2d 370-71 (5th Cir. 1983)(A court should examine the pro-
cedures to determine if they "substantially comply" with these
requirements; they may not just assume that the procedures
are adequate); and Owen v. Kimmel, 693 F.2d 711, 714-15
(7th Cir. 1982)(A grievance procedure that is generally
adequate can be inadequate in the way it handles a
particular case).

HALL v. USA Et. al.
1:07-CV-01149-USA

Hall v. Warden Williamson et. al.

Notice by Affidavit

(5)

F.B.O.P Agency and the DOC State of Connecticut pursuant (IGA 292.3)),

*3. It [must] cover a wide range of complaints and provide a reasonable range of remedies. (the asterisks connotes failure of "Substantial Compliance"). See Note 2.

5. Further, both parties/custodians fail to adhere to the mandates of the (VCCLEA - Violent Crime Control and Law Enforcement Act of 1994):

*1. Procedures [must] be "fair" and "Effective". (Asterisk connotes failure of "Substantial Compliance"). See Note 2.

6. Affiant claims that the "Liberty Interest" is grounded in Congressional laws, to which the S.Ct. does not require or lead citizens into Ex Post Facto laws in its interpretations. Neither Booth v. Churner, supra, nor Porter v. Nussle, supra required persons under the purview to follow Ex Post Facto grievance procedures. In fact, the S.Ct. teaches that one is only subject to "Effective laws" whatever their form. See

HALL v. USA Et al.
1:07cv 01149 RMC

Hall v. warden Williamson et. al.
Notice by Affidavit

(6)

United States v. Bailey, 444 US 394 (1980); Cheek v. United States, 498 US 192 (1991); United States v. Pomponio, 429 US 10 (1976); United States v. Bishop, 412 US 346 (1973); United States v. Murdock, 290 US 389 (1933); Screws vs. United States, 325 US 91, 101 (1995).

The Congressional Statutes above Create Liberty against "arbitrary and capricious acts"[3] of officials in taking away liberties created by statute, regulations, rules or understandings. See Hewitt v. Helms, 459 US 460.

A statute, rule or regulation creates a liberty or property interest or entitlement if it limits the discretion of officials. See Kentucky Dept. of Corrections v. Thompson, 490 US 454 (1989); Olim v. WakineKona, 461 US at 250; Meachum v. Fano, 427 US at 226-27; Conn. Bd. of Pardons v. Dumshat, 452 US 458 (1981); B.d. of

_____

3. The "arbitrary and capricious acts" of the contract parties Permits investigations of criminal acts of, by and through themselves, without any investigation by an outside and independent reviewer. Also, by restricting liberty without hearings is procedural due process violations that infringe on access to the court.

HALL, v. USA et. al.
1:07-cv-01149-RMC

HALL v. USA et. al.
1:07 CV 01149 UNA

Hall v. Williamson et. al.
Notice by Affidavit

(7)

Pardons vs. Allen, 482 US 369 (1987).

7. The Federal BOP Agency officers through illegal supplemental facility Policy are taking liberties as "reprisals" for filing on staff misconducts and civil criminal violations, an illegal "gag order" without due process of Law.

8. The above and foregoing establishes the reasons why affiant has proceeded by handwritten goodfaith attempts pursuant to Booth v. Churner, 531 US 731 (2001) and notice herein attached, pursuant clearly established laws of 42 USC 1997e(a)(B)(c), clause 3, 4, 5 ; 28 CFR §40.3 - §40.7 clause 2, 3 ; and the (VCCLEA OF 1994, clause 1).

I so depose under penalty of perjury Fully Incorporated to the ad. remedy procedures. this day

28 USC 1746

cc:
USAG ✓
Dir. Lappin
Dir. Dodrill
Warden Williamson