United States District Court
District of Columbia
Case No. 071149 RMC

In re Marchérre Hall,
     Petitioner,

vs.

United States,
BOP Agency,
Dept. of Treasury,
Dept. of Justice,
Bank of America,
Warden N. J. Norwood,
Warden Ali,
SHU Lieutenant Pfiser (sic),
Special Investigations Services (USP Victorville),
Dir. H. Lappin,
Regional Dir. Robert E. McFadden
     Respondents,

## Supplement Injunction

Comes Now, Petitioner requesting the Court to duly intervene and deter the following illegal actions as pleaded in the supplemental injunction fully incorporated to the original injunction.

(2)      Supplemental Injunction
071149 RMC - Hall v. US et. al.

## I. Jurisdiction:

This court maintains its Jurisdiction pursuant Rule 65 F.R.Cv.P and the all writs act 28 USC 1651.

## II. Request for Injunctive Order

A. **Assaults ; Corporal Punishments:**

1. On or about 8/24/07 Petitioner was assaulted maliciously and sadistically by staff at (USP) Victorville Special Housing Unit Range (E) by the repeated punching and kicking the head and facial area.

2. The handheld camera was turned off during the assault. And no adequate security camera's are mounted in the general housing or common area of (SHU). In which (SIS) fails to properly investigate.

3. Several other inmates have discussed their assaults with me in (SHU). This is a widespread problem inconsistent with law. See Hoptowit v. Ray, 682 F2d 1237, (9th Cir. 1982); Finney v. Arkansas Bd. of Correction, 505 F2d 194, 205 (8th Cir. 1974); Ruiz v. Estelle, 503 F.Supp. 1265, 1299-1307 (S.D Tex 1980) aff'd in pertinent part 679 F2d 1115 (5th Cir. 1982) cert. den. 458 US 1121 (1982); Fisher v. Koehler, 692 F.Supp 1519, 1562-65 (S.D NY 1988) injunction entered, 718 F.Supp 1265 (SD NY 1989) aff'd 902 F2d 2 (2d Cir. 1990).

Requested Injunctive relief. The court is requested to

(3) Supplemental Injunction
07 1149 RMC - Hall v. US et. al.

order that the prison facility duly uses handheld camera's as prescribed by policy for use of force.

Also, the prison be enjoined from any and all illegal and unnecessary use of force.

Further that the (SHU) be adequately equipped with more security cameras.

Finally (SIS) - Special Investigations Service is ordered to duly review and preserve to include interview all inmates assaults on record, films or ad. remedy process.

The security devices are requested to be implemented immediately.

B. Medical:
1. Petitioner is suffering from several medical deprivations which is causing pain.
2. Petitioner has what is believed to be a hernia that is bulging on the rightside below the abdomin.
3. The condition has been persistent for nearly a year and a half. Mr. Hall has repeatedly requested surgery to correct the condition which is ignored.
4. Second, Mr. Hall is suffering chronic pain and discomfort, dizziness and blurred vision that accompanies lost of balance and sharp buzzing sounds in his head and other parts of his body. No (MRI's) are being afforded. Mr. Hall has repeatedly from prison to prison requested the appropriate treatment for nearly

(4) Supplemental Injunction
071149RMC - Hall v. US et. al

one year. This inadequate medical treatment is inconsistent with law. See Bell v. Wolfish, 441 US 520 (1979); Langley v. Coughlin, 888 F2d 252, 254 (2nd Cir. 1989)(officials must provide "reasonably necessary medical care ... which would be available to [the prisoner] if not incarcerated"). Also Estelle v. Gamble, 429 US 97, 97 S.Ct. 285 (1976).

Requested Injunctive relief. The court is requested to order that the prison facility / BOP Agency duly provides all medical care "necessary" to Mr. Hall.

C. Legal property
  1. Petitioner is being denied timely access as well as numerous other inmates at (USP) Victorville, CA, to their legal property in (SHU) up to (4) or more weeks.
  2. Numerous inmates to include Mr. Hall have several or pending appeals to which is obstructed due to not being afforded legal property; indefinite seizures, no receipts.
  3. This practice is inconsistent with law, under due process in part because collateral processes of ad. remedy procedures fail corrective actions at (USP) Victorville, see Hudson v. Palmer, 468 US 517, 533-35, 104 S.Ct. 3194 (1984), McCrae v. Hankins, 720 F2d 863, 869 (5th Cir. 1983) accord Abbott v. McCotter, 13 F.3d 1439, 1443 (10th Cir. 1994)

Requested Injunctive relief. The court is requested to order that the prison facility at (USP) Victorville, CA

(5) Supplemental Injunction
07-1149 RMC - Hall v. US et. al.

duly release inmate legal property in accord with Bureau Policies. See Logan v. Zimmerman Brush Co. 455 US 422 (1982).

D. Prison Account

1. Mr. Hall is still experiencing a "Frozen Account" that had begun at (USP) Marion, ILL. In which staff had committed fraudulent accounting practices that unlawfully encumbered his account.

2. Mr. Hall claims that he has a "liberty interest" in his prison account funds. See Scott v. Angelone, 771 FSupp 1064, 1067 (D. Nev. 1991) aff'd, 980 F2d 738 (9th Cir. 1992), under due process of law.

3. That the accounting procedures used by the BOP Agency have affected numerous inmates in several facilities which is widespread.

4. The practice violates the Extortion laws under RICO. 18 USC 1961-1964.

Requested Injunctive relief. The Court is requested to join the supplement claim with the original pleading for relief and set an adjusted payment plan.

E. Law Library

1. The (USP) Victorville facility (SHU) is in violation of Bounds v. Smith, 430 US 817 (1977) due to the lack of adequate equipment and inadequate cell delivery services.

(6) Supplemental Injunction
07 1149 RMC - Hall v. US et. al.

2. Mr. Hall claims that the entire facility is subject to the widespread inadequate law library in (SHU) which is electronic. The electronic library fails to have a printer for copies of cases in which the main law library affords. This discrimination deprives equal protection of law under the "exclusion clause" of the U.S const. 5th Amend.

3. No cell delivery services from the main law library is afforded for copies. See Abdul-Akbar v. Watson, 4 F3d 195, 203-04 (3d Cir. 1993) (adequacy of satellite library depends on the mix of paralegal services, copying services and research materials available); DeMallory v. Cullen, 855 F2d 442, 447 (7th Cir. 1988 (cell delivery system is adequate only when prisoners have "starter" or "basic" libraries or "assistance by trained, skilled and independent legal personnel").

4. (USP) Victorville does not have any segregation legal assistance independent trained or skilled personnel.

Requested Injunctive relief. The Court is requested to order the BOP Agency to adequately equip the (USP) Victorville facility and all satellite or electronic libraries in (SHU) with printers for copying electronic cases or duly provide "adequate cell delivery services" of sufficient copies for meaningful research.

F. Recreation
1. The prison facility at (USP) Victorville uses "customs & usages" and/or methods that deny constitutional

(7) Supplemental Injunctive
07-1149 RMC - Hall - vs. US et. al

rights under both the 8th and 5th amends of cruel unusual punishments and equal protection of law for discrimination and exclusion of law.

2. The (SHU) staff require an inmates cell to be cleaned or tidety (sic) prior to permitting an inmate his right to recreation, rather, using the incident report procedure of disobeying a direct order, staff denies recreation without due process of law. See <u>Wilson v. Seiter</u>, 501 US 294 (1991), such is done without any justifiable penological interests.

3. Such "Custom & Useage" is widespread subjecting the entire facility to such unlawful practices upon entering (SHU). See <u>Adickes v. S. H. Kress & Co.</u> 398 US 144 (1970) (customs & usages of state officials)

Requested Injunctive relief. The Court is requested to order the BOP Agency and (USP) Victorville to implement policy in accord with law affording each inmate their right to recreation absent a justifiable penological interest, and to desist any and all methods of operations that infringe on such constitutional rights.

Respectfully Submitted
this day 9/16/2007
.NV.

(8) Supplemental Injunction
07 1149 RMC - Hall vs. US et.al

Certificate of Service

I, JW, duly depose under 28 USC 1746 that a copy was mailed to:

1. U.S District Court 333 Const. Ave. NW W.DC 20001.

this day 9/16/2007

JW.