## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARC PIERRE HALL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:07-cv-01149 (RMC)** |
| | ) | |
| **UNITED STATES, et al.,** | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Pursuant to Fed. R. Civ. P. 54(b), the United States, the Bureau of Prisons, U.S. Marshals' Service, Department of the Treasury and United States Attorney General Michael Mukasey[1] (Collectively "Defendants"), by and through undersigned counsel, respectfully move this Court to reconsider the Order entered August 28, 2007, granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* without prepayment of costs.

In support of this motion, Federal Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m), which requires "counsel" to discuss non-dispositive motions with "opposing *counsel*" and nonprisoner pro se parties, does not apply and the undersigned have not made efforts to contact him regarding this motion.

---

[1]     Substitutes former Attorney General Alberto Gonzalez by operation of law pursuant to Fed. R. Civ. P. 25(d)(1).

January 23, 2008

Respectfully submitted,

/s/ _____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ _____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ _____

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

•

Ann H. Zgrodnik
Senior Counsel
Litigation Branch
Office of General Counsel
Bureau of Prisons

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC PIERRE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No. 1:07-cv-01149 (RMC) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Pursuant to Fed. R. Civ. P. 54(b), the United States, the Bureau of Prisons, U.S. Marshals' Service, Department of the Treasury and United States Attorney General Michael Mukasey[1] (Collectively "Defendants"), by and through undersigned counsel, respectfully move this Court to reconsider the Order entered August 28, 2007, granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* without prepayment of costs.

Marc Pierre Hall, *pro se*, Register Number 11691-058 ("Plaintiff"), commenced this action on June 27, 2007, by filing a Petition for Writ of Mandamus alleging various violations against Defendants. See Docket Entry No. 1. On the same day, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") in this action. See Docket Entry No. 2. On August 28, 2007, the Court issued an order granting leave to Plaintiff to proceed IFP in this action. See Docket Entry No. 8.

---

[1]      Plaintiff has titled the former Attorney General Alberto Gonzales as "U.S. Attorney" in the case-caption of his complaint. As current Attorney General, Michael Mukasey substitutes by operation of law pursuant to Fed. R. Civ. P. 25(d)(1).

The Prison Litigation Reform Act ("PLRA") provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the
> prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

"In enacting the PLRA in 1996, Congress endeavored to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) (citations and brackets omitted). Pursuant to this provision, if "a prisoner has filed, while incarcerated, three or more cases that have been dismissed for being frivolous or malicious or for failing to state a claim upon which relief could be granted, he [or she] may not proceed IFP, . . . and must therefore pay the entire fee on filing" although "[a]n indigent prisoner otherwise subject to subsection (g) may nevertheless proceed IFP when he [or she] is 'under imminent danger of serious physical injury." Warren v. District of Columbia, 2008 U.S. App. Lexis *2 (D.C. Cir. 2008); Chandler v. D.C. Dep't of Corr., 145 F.3d 1355, 1357 (D.C. Cir. 1998). This section is commonly referred to as the "three strikes" rule or provision. See, e.g., Thompson v. DEA, 492 F.3d 428, 431 (D.C. Cir. 2007).

For purposes of the three strikes rule, the PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

2

probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  Plaintiff is

unquestionably a prisoner for purposes of the three strikes provision of the PLRA.  First, he is

currently "incarcerated" in a prison facility.  See, e.g., Civil Docket Sheet (indicating that

Plaintiff is housed in "United States Penitentiary in Victorville, California");  SENTRY Public

Information Inmate Data for Inmate Marc Pierre Hall ("SENTRY"), p. 1 (copy attached as

Exhibit 1).  Second, on April 23, 1996, the Plaintiff was sentenced in the United States District

Court for the Western District of North Carolina to a 480 month term of imprisonment with a

five year term of supervised release to follow for Damage of Real Property Affecting Interstate

Commerce, violation of 18 U.S.C. § 844(i).  See SENTRY, at pp. 3-4.  Plaintiff was also

sentenced to life imprisonment for Possession of a Firearm, Destructive Device In Relation To

Drug Trafficking Crime, violation of 18 U.S.C. § 924(c)(1).  See SENTRY, at pp. 5-6.

Therefore, Plaintiff satisfies the requirements set forth in 28 U.S.C. § 1915(h).

  In the wake of responding to Plaintiff's Complaint, the undersigned discovered that a

sister court has ruled that Plaintiff has run afoul of the PLRA's three strikes rule.  Hall v. United

States, et al., Civil Action Number 06-cv-909 (PCD) (D. Conn. July 14, 2006) (copy attached as

Exhibit 2) (noting that, as of the date of that decision, "three of Hall's complaints have been

dismissed sua sponte as frivolous.").  The court cited Hall v. City of Charlotte, et al., No.

3:97cv186-MU (W.D.N.C. Aug. 28, 1997) (dismissed as frivolous) (copy attached as Exhibit 3);

Hall v. City of Charlotte, 149 F.3d 1168 (4th Cir. 1998) (appeal dismissed as frivolous) (copy

attached as Exhibit 4); Hall v. United States, et al., No. 1:00-cv-987-UNA (D.D.C. May 3, 2000)

(dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)) (copy attached as

Exhibit 5); and Hall v. Chater, 3:98cv1940 (JCH) (D. Conn. Jan. 28, 1999) (dismissed as

3

frivolous pursuant to 28 U.S.C. § 1915(e))). The legal and factual conclusion that Plaintiff had

three strikes for purposes of the PLRA is dispositive on this issue under the doctrine of collateral

estoppel.[2]  Such an application of the doctrine would not be unprecedented.  Recently, a court

ruled that a prisoner was collaterally estopped from contesting the finding of two other courts

that he had at least three strikes under the PLRA.  See Savage v. Stickman, 2007 U.S. Dist. Lexis

11207, *8-9 (W.D. Pa. 2007) (concluding "that the final judgment in Abraham and Savage v.

Diguglielmo, No. 06-58 (M.D.Pa.), which found that [p]laintiff had at least three strikes,

collaterally estops him from contesting those strikes in this case").

Moreover, independent research by the undersigned counsel for Defendants uncovered

numerous cases in which the District of Wyoming, Eastern District of Texas (Beaumont

Division), and the District of Connecticut have each soundly rejected Plaintiff's arguments and

dismissed his actions.  Collectively, these decisions provide an independent basis for a finding by

this Court that Plaintiff has suffered at least three "strikes."  See Hall v. United States, et al., 00-

cv-080-B (D. Wyo. Feb. 22, 2001) (copy attached as Exhibit 6) ("Court finds Plaintiff's claims to

be frivolous, declined to extend notice or an opportunity to amend as they would be futile" and

dismissed the case with prejudice); Hall v. Choinski, et al., 3:04-cv-1059) (JCH) (D. Conn. Dec.

14, 2005) ("Hall's motions to proceed in forma pauperis on appeal... reconsideration of the

---

[2] See, e.g., San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336,
n. 16 (2005) (explaining that under the doctrine of collateral estoppel, "once a court has decided
an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the
issue in a suit on a different cause of action involving a party to the first case.") (citing Allen v.
McCurry, 449 U.S. 90, 94 (1980) (internal quotations removed); Baker by Thomas v. GMC, 522
U.S. 222, 233, n. 5 (1998) (observing that the effect of the doctrine of collateral estoppel is that
"an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties
in a subsequent action, whether on the same or a different claim").

judgment...for certificates of good standing, and for sanctions and to strike respondents' brief...are denied.") (copy attached as Exhibit 7); Hall v. Chandler, et al., Civil Action No. 1:00-CV-370 Mem. Op. (E.D. Tex. Nov. 9, 2000) (copy attached as Exhibit 8) at 2 (noting that "plaintiff has had at least three prior lawsuits dismissed as frivolous and for failure to state a claim upon which relief may be granted"); Hall v. United States, Civil Action No. 1:00-CV-739 Mem. Op. (E.D. Tex. Nov. 12, 2000) (copy attached as Exhibit 9) at 2 (dismissed without prejudice pursuant to 28 U.S.C. § 1915(g)); Hall v. United States, et al., Civil Action No. 1:00-CV-740 Mem. Op. (E.D. Tex. Nov. 14, 2000) (copy attached as Exhibit 10) at 2 (dismissed without prejudice pursuant to 28 U.S.C. § 1915(g)).

The Second Circuit applies a slightly different, and perhaps broader, definition of a "strike" for PLRA purposes than does the D.C. Circuit. Compare, e.g., Thompson v. DEA, 492 F.3d 428, 440 (D.C. Cir. 2007) (holding that "[a]ppellate affirmances do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim") with Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (holding in part that "[a]n appeal is frivolous when it lacks an arguable basis either in law or in fact, that a frivolous action advances inarguable legal conclusion[s] or fanciful factual allegation[s], and that the term frivolous refers to the ultimate merits of the case.") (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989) (internal quotations omitted)). Nevertheless, in light of the foregoing evidence that Plaintiff has three strikes under the PLRA (even under the D.C. Circuit's definition of a "strike"), as well as the fact that a sister court within the Second Circuit has found that Plaintiff has three strikes under the PLRA, Defendants respectfully submit that this Court should either find that Plaintiff has three strikes or alternatively should exercise its discretionary authority to reconsider

and revoke Plaintiff's IFP privileges. See Butler v. DOJ, 492 F.3d 440 (D.C. Cir. 2007).[3] Such a finding would: (1) advance comity between and among the various Circuits; (2) ensure that perverse incentives for forum shopping and gamesmanship do not arise on the part of prisoner-litigants who have been found to have three strikes in other Circuits but might hope for a different result here; and (3) be consistent with the purpose underlying the three strike provision - the reduction of frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

Finally, Plaintiff has not submitted any evidence to support the notion that he is "under imminent danger of serious physical injury" and thus deserving of IFP privileges. See 28 U.S.C. § 1915(g). Plaintiff claims acts of "accounting fraud" and infringement of privacy rights, see Docket Entry No. 1, pp. 2-4, which clearly do not amount to any danger of physical injury. Plaintiff does allege, in a conclusory fashion, deprivation of medical treatment, see id., pp. 3-4, but fails to specify facts relating to these incidents. Plaintiff's medical claims also do not satisfy the requirement that he be at risk for *serious* physical injury. See id. (Plaintiff complains of being denied access to the "Special Care Clinic" for low back pain, hernia, skin disease and foot pain, among other minor ailments.) Importantly, Plaintiff references incidents that occurred at facilities where he is no longer incarcerated. See Docket Entry No. 1 (Plaintiff complains of incidents occurring at facilities in Illinois and Pennsylvania. Plaintiff is currently incarcerated at the United States Penitentiary in Victorville, California.). The harm alleged in Plaintiff's

---

[3] The court in Butler contemplates the following standard in determining when to exercise discretion to deny a prisoner IFP privileges: consider (1) whether the "number and content of the litigant's filings constitute a pattern of frivolousness or harassment of either defendants or the court;" (2) frequency of the filings; and (3) disposition of the filings. Butler v. DOJ, 492 F.3d at 445-46.

complaint cannot rise to the level of *imminent* danger of serious physical injury necessary to fall under the exception to the PLRA. Consequently, due to his aforementioned prior dismissed civil actions and appeals, Plaintiff should not be allowed to proceed without prepayment of costs. See 28 U.S.C. § 1915(g). Because Plaintiff is precisely the sort of litigious prisoner who the three strikes rule was intended to address, his action should be dismissed unless he has made full payment of his filing fees.

Upon the foregoing, Defendants respectfully request that this Court reconsider and rescind its Order entered August 28, 2007, granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* without prepayment of costs.

January 23, 2008                          Respectfully submitted,

                                          /s/
                                          _____
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

                                          /s/
                                          _____
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney

                                          /s/
                                          _____
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney
                                          555 Fourth Street, N.W., Room E4815
                                          Washington, D.C. 20530
                                          (202) 514-7431
                                          (202) 514-8780 (facsimile)

Ann H. Zgrodnik, Senior Counsel
Litigation Branch, Office of General Counsel
Bureau of Prisons

7

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARC PIERRE HALL,       )
     **Plaintiff,**         )
                         )
          **v.**           )     **Civil Action No. 1:07-cv-01149 (RMC)**
                         )
UNITED STATES, et al.,    )
     **Defendants.**       )

## ORDER

This matter comes before the Court on the Defendants' Motion to Reconsider Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. After considering the appropriate pleadings, the record herein, and applicable law, it is this ____ day of _____, 2008, hereby

    ORDERED, the Defendant's motion is hereby GRANTED; and it is

    FURTHER ORDERED, that Plaintiff's *in forma pauperis* status is hereby revoked and Plaintiff is required to pay the full filing for this action.

 

                        _____

                        HONORABLE ROSEMARY M. COLLYER, U.S.D.J.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd of January, 2008, the foregoing Motion to Reconsider the Court's August 28, 2007 Order granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis, and Memorandum of Points and Authorities in Support Thereof was served on Plaintiff, pro se, by first class mail, postage prepaid, addressed as follows:

> Marc Pierre Hall
> Reg. No. 11691-058
> USP Victorville
> P.O. Box 5500
> Adelanto, CA 92301

/s/
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

EXHIBIT 1

BOPOL    Case 1:07-cv-01149-RMC    PUBLIC INFORMATION   Filed 01/23/2008   Page 2 of 46   12-03-2007
PAGE 001         *                INMATE DATA                  *        15:33:42
                           AS OF 12-03-2007

```
REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 760-530-5000     FAX: 760-530-5103
                                              RACE/SEX...: BLACK / MALE
FBI NUMBER.: 85526X3                          DOB/AGE....: 06-03-1964 / 43
PROJ REL MT: LIFE                             PAR ELIG DT: N/A
PROJ REL DT: LIFE                             PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL   ASSIGNMENT DESCRIPTION              START DATE/TIME STOP  DATE/TIME
VIP   A-DES      DESIGNATED, AT ASSIGNED FACIL 06-08-2007 1513 CURRENT
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 06-08-2007 1813 06-08-2007 1813
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-08-2007 1045 06-08-2007 1813
OKL   HLD REMOVE HOLDOVER REMOVED         06-08-2007 0945 06-08-2007 0945
OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 05-29-2007 1700 06-08-2007 0945
A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 05-29-2007 1800 05-29-2007 1800
A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-29-2007 0906 05-29-2007 1800
LEW   HLD REMOVE HOLDOVER REMOVED         05-29-2007 0906 05-29-2007 0906

G0002       MORE PAGES TO FOLLOW . . .
```

BOPOL Case 1:07-cv-01149-RMC PUBLIC INFORMATION 01/23/2008 Page 3 of 12-03-2007

```
  BOPOL                        PUBLIC INFORMATION                  12-03-2007
PAGE 002          *              INMATE DATA              *        15:33:42
                              AS OF 12-03-2007


REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 010        ALL CURR COMPS(Y/N): Y  ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 760-530-5000    FAX: 760-530-5103
LEW    A-BOP HLD  HOLDOVER FOR INST TO INST TRF  05-15-2007 1454  05-29-2007 0906
B24    RELEASE    RELEASED FROM IN-TRANSIT FACL  05-15-2007 1454  05-15-2007 1454
B24    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-15-2007 1235  05-15-2007 1454
CAA    HLD REMOVE HOLDOVER REMOVED               05-15-2007 1235  05-15-2007 1235
CAA    A-REL CHNG ADMISSION FOR RELEASE CHANGE   05-15-2007 1230  05-15-2007 1235
8-C    RELEASE    RELEASED FROM IN-TRANSIT FACL  05-15-2007 1230  05-15-2007 1230
8-C    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-15-2007 1228  05-15-2007 1230
CAA    TRANSFER   TRANSFER                       05-15-2007 1228  05-15-2007 1228
CAA    A-BOP HLD  HOLDOVER FOR INST TO INST TRF  04-10-2007 1040  05-15-2007 1228
5-T    RELEASE    RELEASED FROM IN-TRANSIT FACL  04-10-2007 1040  04-10-2007 1040
5-T    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-10-2007 0635  04-10-2007 1040
ALP    TRANSFER   TRANSFER                       04-10-2007 0635  04-10-2007 0635
ALP    A-DES      DESIGNATED, AT ASSIGNED FACIL  01-23-2007 0550  04-10-2007 0635


G0002        MORE PAGES TO FOLLOW . . .
```

REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                     PHONE..: 760-530-5000   FAX: 760-530-5103
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION..........: NORTH CAROLINA, WESTERN DISTRICT
DOCKET NUMBER..................: 3:95CR00005-001
JUDGE..........................: PAYNE
DATE SENTENCED/PROBATION IMPOSED: 04-23-1996
DATE COMMITTED.................: 06-18-1996
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                    FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS

G0002       MORE PAGES TO FOLLOW . . .

Case 1:07-cv-01149-RMC   Document 22-2   Filed 01/23/2008   Page 5 of 46

REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 760-530-5000    FAX: 760-530-5103
NON-COMMITTED.: $150.00        $00.00          $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  123
OFF/CHG: 18 USC:844(I)-DAMAGE OF REAL PROPERTY AFFECTING INTERSTATE
          COMMERCE (CT.12)

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  480 MONTHS
  TERM OF SUPERVISION............:    5 YEARS
  RELATIONSHIP OF THIS OBLIGATION

  G0002      MORE PAGES TO FOLLOW . . .

                                   AS OF 12-03-2007


REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 760-530-5000     FAX: 760-530-5103
   TO OTHERS FOR THE OFFENDER....: CC W/COMP 020
 DATE OF OFFENSE...............: 07-15-1994

------------------------CURRENT OBLIGATION NO: 020 -------------------------
OFFENSE CODE....: 130
OFF/CHG: 18 USC:924(C)(1)-POSSESS FIREARM, DESTRUCTIVE DEVICE IN
          RELATION TO DRUG TRAFFICKING CRIME (CT.10,11)


 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 TERM OF SUPERVISION............:      5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS CMP020;CMP010,010


 G0002       MORE PAGES TO FOLLOW . . .

Case 1:07-cv-01149-RMC   Document 22-2   Filed 01/23/2008   Page 7 of 46

REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 760-530-5000    FAX: 760-530-5103
  DATE OF OFFENSE................: 07-15-1994


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-07-2001 AT LVN AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020

DATE COMPUTATION BEGAN..........: 04-23-1996
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800
TOTAL TERM IN EFFECT............: LIFE

G0002      MORE PAGES TO FOLLOW . . .

Case 1:07-cv-01149-RMC   Document 22   Filed 01/23/2008   Page 8 of 46

```
REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 760-530-5000   FAX: 760-530-5103
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 07-15-1994


JAIL CREDIT.....................:  FROM DATE     THRU DATE
                                   01-24-1995    04-22-1996


TOTAL PRIOR CREDIT TIME.........: 455
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: LIFE

G0002        MORE PAGES TO FOLLOW . . .
```

Case 1:07-cv-01149-RMC    Document 22-2    Filed 01/23/2008    Page 9 of 46

REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 760-530-5000   FAX: 760-530-5103


PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE




G0002        MORE PAGES TO FOLLOW . . .

Case 1:07-cv-01149-RMC   Document 22-2   Filed 01/23/2008   Page 10 of 46

REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 020        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE


---------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: NORTH CAROLINA, WESTERN DISTRICT
DOCKET NUMBER...................: PAYNE
JUDGE..........................: PAYNE
DATE SENTENCED/PROBATION IMPOSED: 04-23-1996
DATE COMMITTED..................: 06-18-1996
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS

G0002      MORE PAGES TO FOLLOW . . .

Case 1:07-cv-01149-RMC   Document 22   Filed 01/23/2008   Page 11 of 46

REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 020        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 760-530-5000    FAX: 760-530-5103
NON-COMMITTED.: $50.00        $00.00          $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  391
OFF/CHG: 18 USC:846-CONSP.TO VIOLATE NARCOTICE LAWS (CT.1)

  SENTENCE PROCEDURE.............: 3559 VCCLEA NON-VIOLENT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.: LIFE
  TERM OF SUPERVISION............:    10 YEARS
  DATE OF OFFENSE................: 01-04-1995


  G0002       MORE PAGES TO FOLLOW . . .

Case 1:07-cv-01149-RMC   Document 22-1   Filed 01/23/2008   Page 12 of 46

```
   BOPOL                   PUBLIC INFORMATION              12-03-2007
  PAGE 011            *           INMATE DATA         *    15:33:42
                             AS OF 12-03-2007


REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 760-530-5000   FAX: 760-530-5103

------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 09-07-2001 AT LVN AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 04-23-1996
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
EARLIEST DATE OF OFFENSE........: 01-04-1995

JAIL CREDIT.....................:   FROM DATE    THRU DATE

  G0002       MORE PAGES TO FOLLOW . . .
```

```
   BOPOL                     PUBLIC INFORMATION                       12-03-2007
PAGE 012              *        INMATE DATA              *             15:33:42
                              AS OF 12-03-2007
```

```
REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 020        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 760-530-5000    FAX: 760-530-5103
                           01-24-1995      04-22-1996


TOTAL PRIOR CREDIT TIME.........: 455
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: LIFE


PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE


G0002        MORE PAGES TO FOLLOW . . .
```

Case 1:07-cv-01149-RMC    Document 22-2    Filed 01/23/2008    Page 14 of 46

REGNO..: 11691-058 NAME: HALL, MARC PIERRE
COMP NO: 020       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: VIP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 760-530-5000   FAX: 760-530-5103

S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

EXHIBIT 2

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


MARC PIERRE HALL

                                   PRISONER

    v.                      CASE NO. 3:06cv909(PCD)

UNITED STATES OF AMERICA, et al.


RULING ON MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff Marc Pierre Hall, currently incarcerated at the United States Penitentiary in Marion, Illinois, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  He names 199 defendants and references up to 995 John or Jane Doe defendants.  His claims relate to his transfer, for a time, to a Connecticut correctional facility.

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amends the statute governing proceedings filed in forma pauperis.  In relevant part, Section 804(d) of the Prison Litigation Reform Act amends 28 U.S.C. § 1915 by adding

---

[1]Hall also lists Transpool Company as a plaintiff.  He states that Transpool Company was owned by him and registered as a transportation company under the laws of North Carolina.  The only signature on the complaint is that of plaintiff Hall.  Because he is not an attorney, he cannot appear on behalf of Transpool Company.  See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)(noting the long standing rule that an artificial entity may appear in federal court only through counsel).  Thus, because Hall is not an attorney and Transpool has not signed the complaint, the court considers this action as filed by Hall only.

the following subsection:

> (g)  In no event shall a prisoner bring a
> civil action or appeal a judgment in a civil
> action or proceeding under this section if
> the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

This provision of the Prison Litigation Reform Act requires the denial of Hall's application to proceed in forma pauperis in this case.  Since the enactment of the Prison Litigation Reform Act and before Hall filed this action, three of Hall's complaints have been dismissed sua sponte as frivolous.  See, e.g., Hall v. City of Charlotte, No. CA-97-186-3-MU (W.D.N.C. Aug. 29, 1997)(dismissed as frivolous)(copy attached); Hall v City of Charlotte, No. 97-7349, 1998 WL 322605 (4th Cir. June 9, 1998) (appeal dismissed as frivolous) (copy attached); Hall v. United States, No. 1:00-cv-987-UNA (D.D.C. May 5, 2000) (dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii)) (copy attached); Hall v. Chater, 3:98cv1940 (JCH)(dismissed as frivolous pursuant to 28 U.S.C. 1915(e)) (D. Conn. Jan. 28, 1999) Because four of Hall's complaints which were filed in forma pauperis have been dismissed as frivolous, Hall may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury."

2

Hall does not include the dates or specific facts relating to any of the incidents underlying his complaint. At times he references activity commencing in 1995 or 2002 and continuing. From the references to individuals and entities in Connecticut, the court concludes that the only claims relevant to this district occurred prior to Hall's transfer or while he was confined in Connecticut and affected his classification level in Connecticut. Hall has since been returned to the United States Penitentiary in Marion, Illinois. Thus, the court concludes that Hall is not in imminent danger of serious physical injury as a result of these incidents.

In conclusion, Hall's motion to proceed *in forma pauperis* [d**oc. #2**] is **DENIED**. All further proceedings in this matter shall be held in abeyance for **twenty (20)** days pending Hall's delivery of the filing fee in the amount of $350.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. Failure to tender the filing fee within twenty days of the date of this Order will result in the dismissal of this action.

**SO ORDERED.**

Entered this 14th day of July, 2006, at Bridgeport, Connecticut.

                              _____/s/_____

                              HOLLY B. FITZSIMMONS
                              UNITED STATES MAGISTRATE JUDGE

3

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97cv186-MU

**FILED**
CHARLOTTE, N.C.

AUG 2 8 1997

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| MARC PIERRE HALL,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| CITY OF CHARLOTTE,<br>et al.,<br>　　　　Defendants. | )<br>)<br>)<br>) |

O R D E R

**THIS MATTER** comes before the court for an initial review.

The Court has reviewed the complaint brought under 28 U.S.C. §1331 in which the plaintiff complains that the City of Charlotte, through a gun shop, sold firearms to a felon who then sold the firearms to the plaintiff. The plaintiff alleges that these actions violated his rights of due process and equal protection. The plaintiff's claims are frivolous.

**IT IS THEREFORE ORDERED THAT:**

1. The Clerk shall file this matter as a civil matter without service of process; and,

2. The complaint is **DISMISSED** as frivolous.

This 28th day of _august_ , 1997.

Graham C. Mullen
United States District Judge

EXHIBIT 4

Westlaw.

149 F.3d 1168                                                                    Page 1

149 F.3d 1168, 1998 WL 322605 (C.A.4 (N.C.))
**(Cite as: 149 F.3d 1168, 149 F.3d 1168 (Table))**

**Hall** v. City of Charlotte, N.C.
C.A.4 (N.C.),1998.
NOTICE: THIS IS AN UNPUBLISHED
OPINION.(The Court's decision is referenced in a "
Table of Decisions Without Reported Opinions"
appearing in the Federal Reporter. Use FI CTA4
Rule 36 for rules regarding the citation of
unpublished opinions.)
   United States Court of Appeals, Fourth Circuit.
   **MarcPierreHALL**, Plaintiff-Appellant,
                v.
   CITY OF CHARLOTTE; North Carolina; City
Employee; Joseph Boykin, ATF Agent; Gretchen
   C.F. Shappert, AUSA; Hyatt Gun Shop,
         Defendants-Appellees.
         **No. 97-7349.**

       Submitted May 28, 1998.
       Decided June 9, 1998.

Appeal from the United States District Court for the
Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge. (CA-97-186-**3**
-MU)

**MarcPierreHall**, Appellant Pro Se.

Before ERVIN, LUTTIG, and MOTZ, Circuit
Judges.
PER CURIAM:
**\*1  MarcPierreHall**, a North Carolina inmate,
appeals the district court's order denying relief on
his 42 U.S.C. § 1983 (1994) complaint as frivolous.
We have reviewed the record and the district court's
opinion and find that this appeal is frivolous.
Accordingly, we dismiss the appeal on the
reasoning of the district court. *Hall v. City of
Charlotte,* No. CA-97-186-**3**-MU (W.D.N.C. Aug.
29, 1997). We dispense with oral argument because
the facts and legal contentions are adequately
presented in the materials before the court and
argument would not aid the decisional process.

*DISMISSED*

C.A.4 (N.C.),1998.
Hall v. City of Charlotte, N.C.
149 F.3d 1168, 1998 WL 322605 (C.A.4 (N.C.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 0 5 2000

~~NANCY MAYER-WHITTINGTON, CLERK~~
~~U.S. DISTRICT COURT~~

Marc Pierre Hall,                    )
                                     )
     Plaintiff,                     )
                                     )
     v.                             )   Civil Action No.
                                     )
United States of America, et al.,    )   **00 0987**
                                     )
     Defendants.                    )

## MEMORANDUM AND DISMISSAL ORDER

    This matter comes before the Court upon review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.  The application will be granted, but the complaint will be dismissed for the following reasons.

    Plaintiff brings this action for damages against the United States, its individual states and each municipality and sheriff's department in each state for following a custom or practice of fingerprinting persons arrested without first obtaining a search warrant.  Plaintiff seeks to bring this action as representative of a class of all persons ever fingerprinted by any law enforcement officer in this country.

    Plaintiff does not allege that he was fingerprinted without a search warrant.  Plaintiff does not have standing to complain about injuries that may have been suffered by unnamed others.  See, e.g., Navegar, Inc. v. United States, 103 F.3d 994, 998 (D.C. Cir. 1997) (describing elements of standing generally).  Plaintiff argues that because of the pattern or practice of conducting warrantless fingerprinting, a "credible threat of future injury" exists. He is unlikely to suffer such an "injury" at the hands of every named defendant.  Moreover, the underlying premise is doubtful.  "There is thus support in our cases for the view that the

Fourth Amendment would permit seizures for the purpose of fingerprinting, if there is

reasonable suspicion that the suspect has committed a criminal act, if there is a reasonable

basis for believing that fingerprinting will establish or negate the suspect's connection with that

crime, and if the procedure is carried out with dispatch." Hayes v. Florida, 470 U.S. 811, 817

(1985) (citing United States v. Place, 462 U.S. 696 (1983)); see also United States v. Dionisio,

410 U.S. 19, 39 (1973) (Marshall, J. dissenting) ("[I]nvestigatory seizures for the purpose of

obtaining fingerprints are subject to the Fourth Amendment even though fingerprints

themselves are not protected by that Amendment").

Accordingly, it is this _3rd_ day of May 2000, hereby

**ORDERED** that plaintiff's application to proceed *in forma pauperis* is **GRANTED**;

and it is

**FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** with prejudice for

failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

This is a final appealable order. See Fed. R. App. P. 4(a)(1).

SO ORDERED.

_Gladys Kessler_
United States District Judge

2

EXHIBIT 6

FILED
DISTRICT OF WYOMING
CHEYENNE

2001 FEB 22 PM 12: 25

CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

MARC PIERRE HALL              )
                              )
            Plaintiff,        )
                              )
v.                            )    No. 00-CV-080-B
                              )
UNITED STATES OF AMERICA,     )
et al.                        )
                              )
            Defendants.       )

---

## ORDER

---

The Court addresses this matter sua sponte on examination of the record and filings in this case. The Court being fully advised on the premises **FINDS** and **ORDERS** as follows:

Construing the allegations in the Complaint liberally and in the light most favorable to the Plaintiff, it is apparent no set of facts can be proven which would entitle him to relief. The Court finds Plaintiff's claims to be frivolous, and declines to extend notice or an opportunity to amend as they would be futile.

Therefore, it is **HEREBY ORDERED** that this case is **DISMISSED WITH PREJUDICE**, pursuant to Fed. R. Civ. P. 12 (b)(6).

ENTERED
ON THE DOCKET
2-26-01
(Date)
Betty A. Griess, Clerk

by _____
Deputy Clerk

1

3

Dated this 22ⁿᵈ day of February, 2001.

CLARENCE A. BRIMMER
UNITED STATES DISTRICT JUDGE

2

EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARC PIERRE HALL     :
   Petitioner    :
           : PRISONER CASE NO.
  v.        : 3:04-cv-1059  (JCH)
           :
WARDEN CHOINSKI and   :
US ATTORNEY ASHCROFT  : DECEMBER 14, 2005
   Respondents   :

### RULING RE:  MISCELLANEOUS MOTIONS [Dkt. Nos. 80, 81, 84, 85]

The petitioner, Marc Pierre Hall ("Hall"), is a federally-sentenced prisoner.  He filed this habeas corpus action pro se pursuant to 28 U.S.C. § 2241 while he was housed at Northern Correctional Institution in Somers, Connecticut, pursuant to an intergovernmental agreement.  On May 27, 2005, the court denied the petition.  Hall now has filed four miscellaneous motion.  For the reasons that follow, Hall's motions are denied.

### I. Motion for In Forma Pauperis Status on Appeal [Dkt. No. 80]

Hall seeks permission to file his appeal in forma pauperis.  In the ruling denying his petition, the court determined that any appeal in forma pauperis of the order would not be taken in good faith.  This determination requires the court to deny this motion. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  Accordingly, leave to appeal in forma pauperis is denied.

### II. Motion to Amend Judgment [Dkt. No. 81]

Hall asks the court to reconsider the judgment entered in this case "to reflect the 'totality of the circumstances' that did increase the quantum of punishment under ex

post Facto in which the BOP Agency lacks jurisdiction to continue the execution of the sentence." He also claims "jurisdictional error" based on fraudulent use of the intergovernmental agreement. Even though Hall has captioned this motion as a motion to amend judgment, based on the relief sought, the court considers this motion to be a motion for reconsideration.

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

In the May 27, 2005 ruling, the court considered and rejected Hall's argument that his transfer to Connecticut constituted an ex post facto violation. In addition, the court determined that the Federal Bureau of Prisons was authorized to enter into the intergovernmental agreement that resulted in Hall's transfer. Hall has identified no controlling decision requiring a contrary result or information that the court overlooked in reaching its decision. Accordingly, this motion is denied.

2

III.    **Motion Requesting Supporting Affidavits [Dkt. No. 84]**

Hall asks the court to order the attorneys of record to file affidavits of "good standing." He contends that the attorneys have engaged in unethical practices in this case.

Hall already has filed a motion seeking the same relief. The court denied that motion [dkt. no. 64] in the May 27, 2005 ruling because Hall had not produced any evidence showing that any attorney of record had committed fraud or suborned perjury. Hall still has not produced any evidence to support his allegations. Accordingly, this motion is denied.

IV.    **Motion for Sanctions and to Strike Respondents' Brief [Dkt. No. 85]**

Finally, Hall seeks sanctions against the state respondents and asks the court to strike their brief. This motion repeats the claims, regarding the meaning of the Affidavit of Major Lynn Milling, included in a previous motion for sanctions [Dkt. No. 65] that was denied in the May 27, 2005 ruling.

In addition, Hall argues that counsel was disingenuous in that he moved to dismiss Hall's claims that were based on the Interstate Corrections Compact when a state correctional counselor had provided Hall a copy of the compact and inferred that Hall had been transferred to Connecticut pursuant to the contract.

Although the court dismissed all claims based on the Interstate Corrections Compact, it considered Hall's transfer under the intergovernmental agreement and reviewed all claims Hall asserted. Thus, the fact that respondents moved to dismiss on this ground did not affect Hall's ability to obtain review of all of the claims he asserted.

3

In addition, Hall provides no evidence that counsel was aware that a correctional counselor had provided Hall incorrect information. The court can discern no fault with counsel's actions in this case. Accordingly, Hall's motion for sanctions and to strike respondents' brief is denied.

## V.    CONCLUSION

Hall's motions to proceed in forma pauperis on appeal [**Dkt. No. 80**], for reconsideration of the judgment [**Dkt. No. 81**], for certificates of good standing [**Dkt. No. 84**] and for sanctions and to strike respondents' brief [**Dkt. No. 85**] are **DENIED**.

**SO ORDERED.**

Dated this 14th day of December, 2005, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

4

EXHIBIT 8

**EOD** NOV 0 9 2000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT

00 NOV -9 PM 12:06

TX EASTERN-BEAUMONT

BY _Beverly Em_

| | | |
|---|---|---|
| MARC PIERRE HALL | § | |
| VS. | § | CIVIL ACTION NO. 1:00cv370 |
| E. CHANDLER, ET AL. | § | |

<u>MEMORANDUM OPINION</u>

Plaintiff Marc Pierre Hall, an inmate confined in the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this *Bivens*-type action[1] against E. Chandler, A.W. Amons, J. Marshall, Lieutenant Veighs, Lieutenant Haas, Lieutenant Tims, Lieutenant Smalls, Lieutenant Aguirre, and Lieutenant Dickerson.[2]

<u>Discussion</u>

Plaintiff brings this action complaining of the conditions of his confinement at the United States Penitentiary. Plaintiff has not paid the $150.00 filing fee in this action. However, plaintiff has submitted an application to proceed *in forma pauperis*.

<u>Analysis</u>

On April 26, 1996, the president signed into law the Prison Litigation Reform Act. Pub.L. No. 104-134, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g), which was created by the Act,

---

[1] *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] The court notes that there were originally four plaintiffs in this action. However, the magistrate judge severed the claims of the additional plaintiff's, and the additional plaintiffs are now proceeding in separate civil actions.

prohibits prisoners from repeatedly filing frivolous or malicious complaints.   Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [in forma pauperis] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of plaintiff's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.[3]   As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had at least three prior lawsuits dismissed as frivolous and for failure to state a claim upon which relief may be granted.   The allegations set forth in plaintiff's petition do not demonstrate that he is in "imminent danger of serous physical injury."   Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an in forma pauperis basis.

## Conclusion

For the reasons set forth above, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).   An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

---

[3]  *Hall v. City of Charlotte*, No. 3:97cv186 (W.D.N.C. Aug. 29, 1997) (dismissed as frivolous), aff'd, 1998 WL 322605 No. 97-7349 (4th Cir. June, 9, 1998) (appeal dismissed as frivolous); *Hall v. United States*, No. 1:00-cv-987 (D.D.C. May 5, 2000) (dismissed for failure to state a claim).

SIGNED this ___8th___ day of ___November___, 2000.


_____
HOWELL COBB
UNITED STATES DISTRICT JUDGE

EOD *NOV 0 9 2000*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT

00 NOV -9 PM 12: 06

TX EASTERN-BEAUMONT

BY *Beverly Em*

| | | |
|---|---|---|
| MARC PIERRE HALL | § | |
| VS. | § | CIVIL ACTION NO. 1:00cv370 |
| E. CHANDLER, ET AL. | § | |

## FINAL JUDGMENT

This action came on before the Court, Honorable Howell Cobb, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that plaintiff take nothing, and this lawsuit is **DISMISSED** without prejudice.

All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this ___9th___ day of ___November___, 2000.

_____
HOWELL COBB
UNITED STATES DISTRICT JUDGE

EXHIBIT 9

NOV 14 2000 IN THE UNITED STATES DISTRICT COURT

FILED-CLERK
U.S. DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

00 NOV 13 PM 3: 14

BEAUMONT DIVISION

TX EASTERN-BEAUMONT

BY Judy L. Lewis

| | | |
|---|---|---|
| MARC PIERRE HALL | § | |
| VS. | § | CIVIL ACTION NO. 1:00cv739 |
| UNITED STATES | § | |

### MEMORANDUM OPINION

Plaintiff Marc Pierre Hall, an inmate confined at the Federal Correctional Institute in Beaumont, Texas, proceeding *pro se*, brings this lawsuit pursuant to the Federal Tort Claims Act. As plaintiff did not submit the required filing fee, the court assumes plaintiff seeks permission to proceed with this lawsuit on an *in forma pauperis* basis.

### Analysis

On April 26, 1996, the president signed into law the Prison Litigation Reform Act. Pub.L. No. 104-134, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g), which was created by the Act, prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] ... if the prisoner has, on three or more occasions ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which plaintiff filed this lawsuit, courts had dismissed two lawsuits and one appeal filed by plaintiff as frivolous or for failure to state a claim upon which

relief may be granted.[1]  As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had two prior cases and one prior appeal dismissed as frivolous or for failure to state a claim upon which relief may be granted.  Plaintiff's factual allegations do not indicate he is in "imminent danger of serious physical injury."  Accordingly, Section 1915(g) bars plaintiff from proceeding with this action on an *in forma pauperis* basis. This action must therefore be dismissed.

### Conclusion

For the reasons set forth above, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate Final Judgment shall be entered in accordance with this Memorandum Opinion.

SIGNED this *12th* day of *November*, 2000.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1]  *Hall v. City of Charlotte*, No. CA-97-186-3-MU (W.D.N.C. Aug. 29, 1997) (dismissed as frivolous), *aff'd*, 1998 WL 322605 No. 97-7349 (4th Cir. June 9, 1998) (appeal dismissed as frivolous); *Hall v. United States*, No. 00-cv-987 (D.D.C. May 5, 2000) (dismissed for failure to state a claim).

2

FILED NOV 14 2000

FILED-CLERK
U.S. DISTRICT COURT

00 NOV 13 PM 3: 14

TX EASTERN·BEAUMONT

BY *Judy L Lewis*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARC PIERRE HALL | § | |
| VS. | § | CIVIL ACTION NO. 1:00cv739 |
| UNITED STATES | § | |

## FINAL JUDGMENT

This action came on before the Court, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that plaintiff take nothing, and this lawsuit is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

All motions by any party not previously ruled on are hereby **DENIED**.

SIGNED this 12th day of November , 2000.

*Richard A. Schell*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

EXHIBIT 10

**EOD** NOV 1 5 2000

FILED-CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

00 NOV 14 PM 3:34

BEAUMONT DIVISION

TX EASTERN-BEAUMONT

MARC PIERRE HALL                    §

BY Beverly Ems.

VS.                                 §    CIVIL ACTION NO. 1:00cv740

UNITED STATES OF AMERICA, ET AL.§

## MEMORANDUM OPINION

Plaintiff Marc Pierre Hall, an inmate confined in the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this *Bivens*-type action[1] against the United States of America, Janet Reno, thirty-nine named employees of the Federal Bureau of Prisons, fifty unnamed employees of the Federal Bureau of Prisons, Lorillard Tobacco Co., R.J. Reynolds Tobacco Co., Philip Morris Tobacco Co., and Brown and Williamson Tobacco Co.

## Discussion

Plaintiff brings this action complaining of the conditions of his confinement at various prisons. Plaintiff has not paid the $150.00 filing fee in this action. However, plaintiff has submitted an application to proceed *in forma pauperis*.

## Analysis

On April 26, 1996, the president signed into law the Prison Litigation Reform Act. Pub.L. No. 104-134, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g), which was created by the Act, prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

---

[1] *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of plaintiff's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.[2]   As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had at least three prior lawsuits dismissed as frivolous and for failure to state a claim upon which relief may be granted.  The allegations set forth in plaintiff's petition do not demonstrate that he is in "imminent danger of serous physical injury."  Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

<u>Conclusion</u>

For the reasons set forth above, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this __14__ day of __November__ _____, 2000.

THAD HEARTFIELD
UNITED STATES DISTRICT JUDGE

---

[2]   *Hall v. City of Charlotte*, No. 3:97cv186 (W.D.N.C. Aug. 29, 1997) (dismissed as frivolous), aff'd, 1998 WL 322605 No. 97-7349 (4th Cir. June, 9, 1998) (appeal dismissed as frivolous); *Hall v. United States*, No. 1:00-cv-987 (D.D.C. May 5, 2000) (dismissed for failure to state a claim).

**EOD** NOV 1 5 2000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT

00 NOV 14 PM 3: 34

TX EASTERN-BEAUMONT

BY _Beverly Evans_

MARC PIERRE HALL          §

VS.                       §

                          §   CIVIL ACTION NO. 1:00cv740

UNITED STATES OF AMERICA, ET AL.§

## FINAL JUDGMENT

This action came on before the Court, Honorable Thad Heartfield, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that plaintiff take nothing, and this lawsuit is **DISMISSED** without prejudice.

All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this 14 day of November _____, 2000.

THAD HEARTFIELD
UNITED STATES DISTRICT JUDGE