UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARC PIERRE HALL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1149 (RMC) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

In this civil action for mandamus relief, Plaintiff Marc Pierre Hall is a federal prisoner who was granted leave to proceed *in forma pauperis* (IFP) contemporaneously with the assignment of this case to the undersigned judge.  *See* Order filed August 28, 2007 [Dkt. #8] (granting leave to proceed IFP).

Defendants move for reconsideration of the IFP Order on the ground that Mr. Hall is barred from proceeding IFP in federal court by the so-called three-strike provision, which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also* Defs.'Mot. to Reconsider Order Granting Pl.'s Mot. for Leave to Proceed *In Forma Pauperis* ("Defs.' Mem.") [Dkt. #22].  Mr. Hall has not opposed the motion, which is supported by a prior ruling finding that "three of Hall's complaints have been dismissed

*sua sponte* as frivolous." Defs.' Mem., Ex. 2 (*Hall v. United States of America*, No. 3:06cv909 (D. Conn., July 14, 2006) (Fitzsimmons, M.J.) (citing cases)).

Although Mr. Hall has not opposed the motion, he asserts in the complaint that he is "under 'imminent danger.'"  Compl. at 1; *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("we look to the complaint" to determine the applicability of the imminent danger exception).  But, as Defendants point out, the complaint allegations concern accounting fraud, infringement of privacy rights, and the deprivation of medical treatment at facilities where plaintiff is no longer confined.  *See* Defs.' Mem. at 6-7.  Mr. Hall cannot credibly argue based on the complaint that he "is under imminent danger of serious physical injury."  He therefore does not qualify to proceed under the exception to the three-strike rule.

For the foregoing reasons, the Court will grant Defendants' motion to reconsider [Dkt. No. 22], vacate the IFP order [Dkt. No. 8], and allow time for Mr. Hall to pay the $350 filing fee applicable to civil actions.[1]  A memorializing order accompanies this Memorandum Opinion.

Date: March 6, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[1] *See Ibrahim v. District of Columbia*, 208 F.3d 1032, 1037 (D.C. Cir. 2000) (permitting appellants barred by three-strike provision 30 days to pay the filing fee).