

United States District Court
District of Columbia
Case No. 07CV01149 (RMC)

**RECEIVED**
MAR 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Narc Pierre Hall,
Plaintiff,

vs.

United States et. al.,
Defendants,

Let this be filed. RM Coller

**RECEIVED**
MAR 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3/18/08

Motion Requesting the Court
Copy and Serve Papers under
IFP Status Granted &
Affidavit

---

Plaintiff respectfully Motions the court to copy and serve or return copies for service under (IFP) status previous granted.

Plaintiff states under penalty of perjury 28 USC 1746 that his financial status has not changed and his prison account is still illegally encumbered as well unit team will not assist copying without charging. Further attempts by the library staff are not successful.

Respectfully Submitted
this day 3/8/08

28 USC 1746

page 2
Hall. v. USA et. al.
07CV01149

Certificate of Service

I, .W. . depose under penalty of perjury 28USC1746
that a copy was mailed by deposit in prison mail
box first class postage prepaid to:

1. U.S District Court, 333 Constition Ave.
N.W. W.DC 20001

this day 3/8/08

United States District Court
District of Columbia
Case No. 1:07 CV01149 (RMC)

Marc Pierre Hall,
     Plaintiff,

     vs.

United States et.al.,
     Defendants.

Let this be
Filed
RM Collyer
3/18/08

_____

Plaintiff's Response To Defendant's
Motion To Dismiss Pursuant F.R.CV.P 12(b)
(3), and (b)(6).

_____

Plaintiff hereby "OBJECTS" Passim To the
defendant's Motion To Dismiss as follows:

I. Venue: Objection.

     Plaintiff filed the complaint against
the "Corporation". United States its department
and agency, which is based in Washington, D.C.
(inter alia). The United States et. al. defendants
do business in several states and operates prison
facilities in commerce. Plaintiff has been physically
injured and suffered constitutional deprivations in
several prison facilities under the Corporations control.

Hall v. USA et. al.
NO. 1:07CV01149

(2)

The S.Ct. teaches on Jurisdiction of or between the Court and parties:

"Parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities." See Travelers Health Assn. vs. Virginia, 339 US 643, 647, 94 Led 1154, 70 S.Ct. 927 (1950); McGee vs. International Life Ins. Co., 355 US 220, 222-223, 2 Led 2d 223, 78 S.Ct. 199 (1957); also see Jurisdiction over nonresidents and law of the forum in Burger-King Corp. vs. Rudzewicz, 85 Led 2d 528; Calder vs. Jones, 79 Led 2d 804; Keeton vs. Hustler Magazine; 79 Led 2d 790; Shaffer vs. Iteitner; 53 Led 2d 683; Worldwide Volkswagon Corp. vs. Woodson, 62 Led 2d 490. Kulko vs. California Superior Court, 56 Led 2d 132; Ins. Corp. of Ireland, Ltd. vs. Compagnie des Bauxites de Guinee, 72 Led 2d 492; National Equipment Rental Ltd. vs. Szukhent, 11 Led 2d 354; the Bremen vs. Zapata Offshore Co., 32 Led 2d 513.

Hall v. USA et.al.
No. 1:07CV01149

(3)

Also see 1391 (b),(c), regarding the United States as party.

Wherefore Venue is proper against the Corporation United States and its agency and department, and therefore the defendant's Motion to dismiss or transfer should be denied.

II. <u>Administrative Remedies</u>: objection, (passim).

First, where an agency fails to follow its own policy it is "reversible error". <u>United States ex rel Accardi vs. Shaughnessy</u>, 347 US 260. Such errors are as follows:

1. the BOP Agency and Attorney General's policy under <u>28 C.F.R. 542.10-19</u> are inconsistent with congressional intent pursuant <u>42 USC 1997e (a)(b)(a)</u> Sections 2, 4 and 5; the (VCCLEA of 1994, 42 USC 1997e) and <u>28 C.F.R $^{ss}$40.3 - $^{ss}$40.7</u>.

2. <u>42 USC 1997e(a)(b)(a)</u> sets the statutory requirements for a grievance procedure to be "acceptable". There are (5) criteria's to the statutory requirement:

    2a. Employees and prisoners [must] have an advisory role in formulating and operating it;

Hall v. USA et. al.
No. 1:07CV01149

(A)

* 2b. There [must] be fixed time limits at
       each stage;
  2c. There [must] be expedited procedures
       for emergencies;
* 2d. There [must] be safeguards against
       reprisals;
* 2e. There [must] be independent review by
       Someone not under the direct
       supervision or control of the institution.
       42 USC 1997e(2)(b)(2). (the asterisks
connotes failure of "substantial compliance"). [1]

       Here, the way the agency handled Plaintiff's
ad. remedies #435645 (no response by region; central

---

1. See Lewis v. Meyer, 815 F2d at 46; Johnson v. King,
696 F2d 370-71 (5th Cir. 1983)(A court should examine the
procedures to determine if they "substantially comply" with
these requirements; they may not just assume that the
procedures are adequate); and Owen v. Kimmel, 693 F2d
711, 714-15 (7th Cir. 1982)(A grievance procedure that is
generally adequate can be inadequate in the way it
handles a particular case).

Hall v. USA et. al.
No. 1:07cv01149

(5)

office then denies based on regional error)(Appx @ 3); # 438780; # 434129; # 434138; # 446342; # 453762; # 462013; # 466695; # 459024 (where BOP Agency transfers Plaintiff to numerous facilities, fails to issue letterheads and/or fails to return timely postage and copies causing impediments in the process), see (Appx. 4-12); also see (Appx. 1, 2, 14), with no supervision by central office; # 468926 (the institution and all levels of appeals fail to comply with 28 C.F.R. 541.14(c)(2) "closely related issues" related to the religious fast)(Appx. @ 13); # 467538 (where all appropriate forms were attached and failure to supervise by the central office caused impediment)(Appx @ 14); # 467539 (where agency failed to properly investigate the claim)(Appx @ 15). See Owen v. Kimmel, 693 Fad 711, 714-15 (7th Cir. 1982) at footnote 1, and 42 USC 1997e(2)(b)(2) sec. 2,4,5.

    3. Further, the Attorney General's standards under 28 C.F.R. 40.3 - 40.7 are additional requirements as follows:

        3a. Inmates [must] be notified of procedures;

Hall v. USA et. al.
No. 1:07CV01149

(6)

3b. The system [must] be available to inmates of all classifications.

3c. It [must] cover a wide range of complaints and provide a reasonable range of remedies.

4. Further, the (VCCLEA - Violent Crime Control and Law Enforcement Act of 1994) requires:

*4a. Procedures [must] be "fair" and "effective". (Asterisk connotes failure of "substantial compliance"). See footnote 1.

The BOP Agency permits the employees under the Wardens to investigate themselves in which the regional and central office adopt and fail to correct and afford independent reviews, in violation of sections 4, 5 of 42 USC 1997e (a)(b)(a) for their own violations.

"Good faith" under Booth v. Churner, 531 US 731 (2001) has been taken by Plaintiff inspite of the Agency's violations and thus are waivable errors, if any, as a matter of law. United States ex rel Accardi vs. Shaughnessy, 347 US 260.

Wherefore the court should deny defendant's

Hall v. USA et. al.
No. 1:07CV01149

(7)

Motion To Dismiss, as waivable error.

III. Plaintiff's Mandamus Relief:
objection: (passim).
A. Medical.

1. Medical right. the Eighth Amendment
establishes the right, for pain and suffering. See
Farmer v. Brennan, 511 US 825 (1994); Estelle v.
Gamble, 429 US 97 (1976).

Plaintiff's Hernia (inter alia) causes chronic
pain, is bulging, swollen or protuberant and affects
bowel movements and exercise.

2. Medical right; clear duty To Act.
18 USC 4042a(1-3) "duty of Care" statute of the
BOP Agency mandates the agency to act. such
is thus "deliberate indifference" and not discretionary.
Estelle v. Gamble, 429 US at 104 - 105.

3. Medical right; inadequate other relief.
Plaintiff exhausted or attempted to exhaust
in "good faith" his ad.remedies # 453762 (Appx. e 8).
Plaintiff's medical conditions are "transitory".
Meaning they begun at one facility and upon filing
the ad.remedy, the agency transfers Plaintiff from
facility to facility interfering with process and never
affording the medical treatment over a period of a
year. Upon "good faith" attempts to exhaust, the

Hall v. USA et. al.
No. 1:07CV01149

(8)

agency declares the claim "untimely." See Booth vs. Churner, 531 US 731 (2001) (good faith). Therefore the medical condition persists without treatment and starts over upon another transfer.

In this case, the ad. remedy process was inadequate in the way the agency handled the case for the relief sought. See Owen v. Kimmel, 693 F2d 711, 714-15 (7th Cir. 1982) (footnote 1).

**B.** _SHU - Special Housing Unit claims;_ objection; (passim).

Under the injunction request, the claims occurred in several different facilities. The following standards apply:

1. _Whether the petitioner has a substantial "likelihood" of success on the merits;_

a. Here the defendants have committed fraudulent misrepresentations and perjury in their documents and have further violated Rule 8, and 42 USC 1997e(a)(b)(2) sections 2, 4, 5 as stated herein-above. Such warrants the court to issue sanctions and strike defendants pleadings. (see exh. 4 #438780)

b. Plaintiff has satisfied the ad. remedy process in "good faith" pursuant Booth v. Churner, 531 US 731 (2001); (Appx. 1-17).

Hall v. USA et. al.
No. 1:07CV01149

(9)

C. Plaintiff's rights are grounded in law;
d. The Agency had a clear duty to act
under 18 USC 4042a(-3).

2. <u>Whether the petitioner would suffer
irreparable injury were an injunction not granted</u>:

re: <u>Medical</u>; objection (passim). (exh. 8 # 45 3762)
Below are "Basic Human Needs" under <u>Wilson v. Seiter</u>, supra.
Hernia; chronic head pain; nose bleeding with
clots; buzzing sounds in head; bone fragments in
nasal cavity from assault; restricted bowel movement
and pain from hernia; seizure like symptoms; exzema
which bleeds, causes pain, discoloration and scaring,
burning are classified as "serious medical needs"
and protected under the 8th amendment US const.
that can result in the deprivation of the constitutional
right, infections, brain damage, coma, seizure,
death, fever and blood poison. See <u>Farmer v.
Brennan</u>, 511 US 825 (1994); <u>Estelle vs. Gamble</u>,
429 US 97 (1976). Also see <u>18 USC 4042a 1-3</u>
"<u>duty of care</u>" <u>statute</u>; <u>nondiscretionary</u>.

re: <u>SHU Claims</u>; objection (passim). See
(exhibit 15 ad·remedy # 467539)
1. First, plaintiff is subject to irreparable harms

Hall v. USA et. al.
No. 1:07 CV 01149

(10)

of his constitutional rights, infections and other illness due to being "subjected" to those conditions at anytime in the future absent injunction. See O'Lone v. Estate of Shabazz, 482 US 342 (1987); also "future harms" see Ellis v. Dyson, 421 US 426 (1975); Kolender v. Lawson, 461 US 352 (1983); City of Los Angeles v. Lyons, 461 US 95 (1983).

Second, recreation is not "contingent" on whether a cell is cleaned. Nor does the custom/usage[2] of the rule or unwritten policy override the 8th amendment. See "Basic Human Needs" under Wilson v. Seiter, 501 US 294, 304-05, 111 S.ct. 2321, 2327 (1991). The 24(hr.) stlu lock in for the term of sanctions poses an unreasonable threat to inmates/plaintiff's physical and mental health. Mitchell v. Rice, 954 F2d 187, 191-92 (4th Cir. 1992) in which failure to clean cells does not rise to a "Justifiable penological interest". The BOP Agency has sanctions for disobeying a direct order.

Third, "A sanitary environment is a "Basic Human Need", that a penal institution [must] provide for all inmates." See McCord v. Maggio, 927 F2d 844, 847 (5th

---

2. See Adickes v. S.H. Kress & Co., 398 US 144 (1970); Nashville C. & St. L. R. Co. v. Browning, 310 US 362 (1940) re: custom/usages and liability of state officials. Also See (exh. #15 ad. remedy # 467539).

Hall v. USA et. al.
No. 1:07CV01149

(11)

Cir. 1991)(cell flooded with sewage and foul water was a
"clear violation of the 8th Amendment").

Further, prison officials cannot escape their responsibilities
for maintaining sanitation by blaming the prisoners, either
for causing unsanitary conditions[3] or for failing to clean
them up.[4] See (exh. 15 ad. remedy #467539)

Finally, unlawful restraints "inside of prison facilities",
is unconstitutional and the BOP Agency's custom/usage and
widespread practice, violates the 8th amendment to which
plaintiff is subject to "future harms", physically,
constitutionally and mentally.

The courts have generally held that belly chains
and leg irons may be used on high security or escape
risk inmates "out of their cells or prisons". See
Moody v. Proctor, 986 F2d 239, 241 (8th Cir. 1993)(upholding

---

3. As one court observed, "We see no reason why well-behaved
inmates should have to suffer cruel unusual punishments because of the
activities of some disruptive ones...[T]he prison administration must
bear the ultimate responsibility for cell block conditions." Blake v. Hall,
668 F2d 52, 58 (1st Cir. 1981, cert denied, 456 US 983 (1982)
4. Prison officials can use inmate workers to keep the prison clean,
but it is still their responsibility to provide "adequate supplies,"
maintain fixtures, and equipment and "organize cleaning activities".
Hoptowit v. Spellman, 753 F2d at 784; Johnson v. Felker

Hall v. USA et. al.
NO. 1:07CV01149

(12)

blackbox during transportation); Fulford v. King, 692
F2d 11, 14-15 (5th Cir. 1982)(same); Bruscino v. Carlson,
854 F2d 162, 164, 166 (7th Cir. 1988) cert. den. 491 US 907
(1989). To do so as punitive or excessive dangerous
manner and for long periods also violates the 8th
amendment. See Putman v. Gerloff, 639 F2d at
419-20 (jury could award damages if overnight
shackling was done with punitive intent). Plaintiff's
chainning was done with punitive intent in several
prisons, that caused injuries to arms, legs, achilles
tendons and ligaments in the arms, including bleeding
and scaring.

    Without the injunction, plaintiff is subject to
"future harms" of the conditions of SHU operations
by transfer and present placement, that would erode his

---

Ante (4): 891 F2d 136, 139 (7th Cir. 1989)(citing lack of cleaning
supplies); Howard v. Adkison, 887 F2d 134, 137 (8th Cir. 1989)
(same); Carver v. Knox County, 753 F. Supp. at 1388 ("the
provision of basic cleaning supplies, such as mops, brooms, toilet
brushes and cleaners are a "basic necessity of civilized life");
Tillery v. Owens, 719 F.Supp at 1271 (citing lack of a formal
housekeeping plan).

Hall v. USA et. al.
No. 1:07 CV 01149

(13)

Constitutional liberties and cause physical injuries. See
Ellis v. Dyson, 421 US 426 (1975); Kolender v. Lawson,
461 US 352 (1983); City of Los Angeles v. Lyons, 461 US
95 (1983), re: "Future harms". (see exh. 18 #434139).

re: Commissary Account; objection (passim).
See (exh. 9 #462013):
first, the defendants have "CONCEDED" the issue
of fraudulent accounting practices regarding Plaintiff's
Commissary account. Pursuant Rule 8 F.R.CV.P a
concise answer was not filed and the court shall
enter judgment pursuant rule 56 F.R.CV.P for plaintiff.
In reminding the court, plaintiff claimed that
the BOP Agency was illegally taking money from plaintiffs
and others account. Depositing the illegal proceeds
with the Bank of America and the U.S Dept. of
Treasury who are contractors pursuant the Economy
Act 3l USC 1535 and 12 USC 265. that beginning
at (USP) Marion, IL. Plaintiff was purposely and
fraudulently overcharged for copies, stamps or postage
including repeated false entry on his prison account,
that were "transitory injuries" from prison to prison.
the fraud caused false encumbrances that froze
Plaintiff's account and discriminated against Plaintiff.
the theft caused depletion of property and
exclusion of law in violation of the 5th amendment

Hall v. USA et. al.
No. 1:07cv01149

(14)

Exclusion clause; Equal protection and taking clause.
the court was asked to adjust the account
at 20% of deposits minus the illegal proceeds taken.
Without the injunction plaintiff will continue to
suffer presently and in the future, irreparable harms
of his constitutional rights and property rights of
his deposits. See Kolender v. Lawson, supra;
Ellis v. Dyson, supra; City of Los Angeles v.
Lyons, supra. See (ad. remedy # 462013 exhibit
9) pursuant "good faith" Booth v. Churner, 531
US 731 (2001).


re: obstruction of legal mail; objection.
See (exhibit 14 # 467538)


Plaintiff was required to hand his legal mail to
his unit Mgr. J. Horton for postage and mailing,
due to Plaintiff's encumbered account done fraudulently
By the BOP Agency. My unit team would hold Plaintiff's
legal mail for 3 to 4 weeks without mailing. Plaintiff's
Complaint & Affidavit (exh. 14) is fully incorporated
herein.
this type of obstruction, delay and interference
violates the criminal statute 18 USC 1703a. the BOP
Agency is a depository of the U.S postal service.

Hall vs. USA et. al.
No. 1:07CV01149

(15)

The destruction also violates Plaintiff's First Amendment rights, the 5th amendment under the exclusion clause · equal protection of laws in discrimination.

Wherefore, if the court failed to issue the injunction, Plaintiff would continue to suffer irreparable injury of his constitutional rights. As well future harms. See Kolender v. Lawson, supra ; Ellis v. Dyson, supra; City of Los Angeles v. Lyons, supra.

Re: <u>Access To Legal property</u>; objection (passim). See ( ext. 15 ad·remedy # 467539 ).

Here, the prison facility at (USP) Victorville, CA. uses deprivation of legal property as a punitive action. This custom & usage violates the 8th amendment. See <u>LeMaire v. Maass</u>, 745 F. supp. 623, 636-39 (D. Or. 1990) vacated and remanded, 12 F. 3d 1444 (9th Cir. 1993) where the lower court held that "strip status," involving removal of all property including clothing, bedding and writing materials until the inmate "earned it back," violated the Eighth Amendment. The appeals court held that the lower court's injunction went too far and that it should only have ordered prison officials to follow their own rules, which were constitutional. Such also violates the 5th Amendment of discrimination, exclusion of law and equal protection of law.

Wherefore, since the plaintiff is still located at

Hall vs. USA et. al.
No. 1:07 CV01149

(16)

(USP) Victorville, CA. and subject to future harms of the constitutional right herein, and because the injury is not stationary but transitory, if the court failed to issue the injunction against the agency to correct such actions at (USP) Victorville, CA., Plaintiff would continue to suffer irreparable harms. See Kolender v. Lawson, supra; Ellis v. Dyson, supra; City of Los Angeles v. Lyons, supra.

re: Arrest Warrant; Ad. Remedy Procedures; food Punishments; destruction of property; transit and warmth; Assault and security cameras

Plaintiff asserts that the above issues were not responded to by defendants and are "Conceded". Rule 8 F.R.CV.P mandates action-taken by the court under Rule 56 F.R.CV.P hereby invoked! Plaintiff believes to the best of his knowledge, and pursuant 28 USC 1746 that the issues were timely raised. the court may take the appropriate actions otherwise.

re: Law Library; Cell delivery Services. objection. (passim). See (exh. 19 adremedy # 459026; Exh. 20. ad.remedy # 431510; exh. 21 ad.remedy # 434129; Exh. 22

Hall v. USA et. al.
No. 1:07CV01149

(17)

ad. remedy # 44(6342).

Here, the constitutional right under Bounds v. Smith, 430 US 817, 821 (1977) First and 5th Amendments were "transitory" injuries, prison to prison.

The ad.remedy exhibits in part were destroyed where Plaintiff has submitted the only remainders. See (exh. 6 ad.remedy # 434128).

All of Plaintiff's claims involve segregation within the BOP Agency prison to prison. In Which segregated inmates court access remain "undiminished." See Peterkin v. Jeffes, 855 F2d 1021, 1038 (3d Cir. 1993) (adequacy of satellite library depends on the mix of paralegal services, copying services and research materials available); DeMallory v. Cullen, 855 F2d 442, 447 (7th Cir. 1988)(cell delivery system is adequate only when prisoners have "starter" or "basic" libraries or "assistance by trained, skilled and independent legal personnel"); Griffin v. Coughlin, 743 FSupp 1006, 1019-25 (N.D.N.Y 1990 (cell delivery system limited to two books a day, supplemented only by written communication with clerks, some of whom were untrained, was inadequate in protective custody unit) also Green v. McKaskle, 788 F.2d 1116, 1126 (5th Cir. 1986)(limit of checking out 2-3 books a day stated a constitutional claim).

Wherefore, a "transitory constitutional claim"

Hall v. USA et. al.
No. 1:07 CV 01149

(18)

has been made out in a "series of events". If the court failed to issue the injunction against the agency to correct the matter, Plaintiff would continue to suffer irreparable harms of his constitutional rights. See Kolender v. Lawson, supra; Ellis v. Dyson, supra; City of los Angeles v. Lyons, supra. Plaintiff is subject to segregation at any time.

re: Food Punishments; objection, (passim). See (exh. 23 ad. remedy # 434142).

The courts have placed some limits on prison officials' ability to use food as punishment or for behavior control. Many Jurisdictions forbid the use of as punishments in their statutes or regulations and require that segregated inmates receive the same meals as other prisoners. See Rust v. Grammer, 858 F2d at 413, citing Neb. Rev. Stat. §33-4, 114; Domegan v. Fair, 859 F.2d 1059, 1064 (1st. Cir. 1988), citing Mass. Gen. Laws Ch. 127, §§39-40; Thomas v. Jabe, 760 F.Supp. 120, 123 (E.D. Mich. 1991), citing Mich. Admin. Code r. 791.5510(2)(F) (1990).

These unconstitutional punishments violates the 8th Amendment to which the plaintiff is subject due to the BoP Agency's transfers to the same or other facilities who have custom/usages and practices

Hall v. USA et. al.
No. 1:07 CV 01149

(19)

of the constitutional right violation within the agency. Therefore, if the Court failed to issue the injunction against the agency to correct the matter, Plaintiff would continue to suffer irreparable harms of his constitutional rights. See Kolender v. Lawson, supra; Ellis v. Dyson, supra; City of Los Angeles v. Lyons, supra.

3. Whether an injunction would substantially injure other interested parties; objection (passim).

1. re: Medical; NO.
2. re: SHU claims; NO.
3. re: Commissary Account claim; NO.
4. re: legal mail claims; NO.
5. re: Legal property claims; NO.
6. re: Warrant claim; NO.
7. re: Ad. Remedy Procedures claim; NO.
8. re: Food punishments claim; NO.
9. re: Destruction of property claim; NO.
10. re: Assault claim; NO.
11. re: Security Cameras; NO.
12. re: Transit warmth claims; NO.
13. re: Law Library claims; NO.

the Courts have held that to get a preliminary

Hall v. USA et. al.
No. 1:07CV01149

(20)

Injunction, you must show some combination of the following things:

A. that the Plaintiff will suffer "irreparable injury" without an injunction. Most courts hold that a showing that constitutional rights are "likely" to be violated is enough to meet the irreparable harm requirement. See Elrod v. Burns, 427 US 347, 373, 96 S.Ct. 2673 (1976).

B. that Plaintiff will suffer more without an injunction than prison officials will suffer if the injunction is granted.[5] this called the "balance of hardships." e.q: Mitchell v. Cuomo, 748 F2d at 808 (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); Duran v. Anaya, 642 F.Supp. 510, 527 (O.N.M 1986) (holding that prisoners' interest in safety and medical care outweighed state's interest in saving money by cutting staff).

---

5. Plaintiff hereby invokes by reference section (B) above to all claims passim. Plaintiff's constitutional rights outweigh the agency's financial interest.

Hall v. USA et. al.
No. 1:07CV01149

(21)

C. The Plaintiff is likely to succeed on the merits - i.e; Plaintiff will probably win the case in the end. Some courts have held that if Plaintiff makes a strong showing that the balance of hardships favors him, he need only show a "<u>fair ground for litigation</u>" <u>and not a likelihood of success in order to obtain a preliminary injunction</u>. See <u>Longstreth v. Maynard</u>, 961 F2d 895, 903 (10th Cir. 1992); <u>Eng v. Smith</u>, 849 F2d at 81.

4. <u>Whether the grant of an injunction would further the public interest</u>; objection-(passim).

It is always in the public interest for government officials, including prison personnel, to obey the Constitution and other laws. See <u>Washington v. Reno</u>, 35 F3d 1093, 1103 (6th Cir. 1994); <u>ILQ Investments, Inc. v. City of Rochester</u>, 816 F.supp. 516, 527 (D. Minn. 1993) ("Upholding constitutionally guaranteed rights is in the public interest."); <u>Platt v. Chicago Housing Authority</u>, 848 F.supp. 794, 796 (N.D. Ill. 1994); <u>Duran v. Anaya</u>, 642 F.supp at 527 ("Respect for law, particularly by officials responsible for the administration of the [city's] correctional system, is in itself a matter of the highest public interest."); <u>Llewelyn v. Oakland Country Prosecutor's Office</u>, 402 F.supp. 1379, 1393 (E.D. Mich. 1975)("the Constitution is the

Hall v. USA et. al.
No. 1: 07CV01149

(22)

ultimate expression of the public interest").

Prisoners have been granted preliminary injunctions in a variety of cases. A few are similar below, e.q.: Valentine v. Beyer, 850 F.2d 951 (3d Cir. 1988)(requiring continuation of legal assistance program); Yarbaugh v. Roach, 736 F. Supp. 318 (D.DC. 1990)(requiring medical treatment); Czajka v. Moore, 708 F. Supp. 953 (E.D. Mo. 1989)(barring due process violations).

IV. Standing; objection (passim).

the claims Plaintiff presents herein demonstrates the criteria of standing regarding the criteria of a "concrete and particularized injury" that is: 1). "actual or imminent," ... 2). caused by, or fairly traceable to, an act that the litigant challenges in the instant litigation, and 3). redressable by the court."

In this case, the issues meet all three prongs. There exists actual and imminent injury with medical conditions. The other issues are of constitutional significance that the court can redress to restore the deprive right. See Allen v. Wright, 468 US 737, 750 (1984); Lujan v. Defenders of Wildlife, 504 US 555, 560-61 (1992); Simon v. Eastern Ky. Welfare Rights Org, 426 US 26, 38 (1976). Also see Kolender v. Lawson, supra; Ellis v. Dyson, supra; City of Los Angeles v. Lyons, supra;

Hall v. USA et. al.
No. 1:07CV01149

(23)

## V. The BOP Has No clear DUTY TO ACT; objection (passim).

Title 18 USC 4042 (a)(1-3) is a congressional mandate upon the BOP Agency under the "DUTY of Care" statute. The mandate requires the agency to provide care, safe keeping, protection (inter-alia) to inmates in their custody.[6]

Further, the Constitution Further requires the agency to act. The claims are nondiscretionary under the constitution and congressional statute above.

## VI. Alternative Remedy To obtain the Relief Sought; objection - (passim).

The courts have held that a grievance procedure that is generally adequate can be "inadequate" in

---

6. See United States ex rel. McLennan v. Wilbur, 283 US 414, 420 (1931); ICC v. New York, N.H. & H.R. Co., 287 US 178, 204 (1932); Will v. United States, 389 (US) 90 (1967); ("An official action is not ministerial unless the duty in a particular situation is so plainly prescribed as to be free from doubt and equivalent to a positive command.")

Hall v. USA et. al.
No. 1:07CV01149

(2A)

the way it handles a particular case. See Owen
v. Kimmel, 693 F2d 711, 714-15 (7th Cir. 1982).
The attached ad. remedy exhibits clearly show the
agency's impediments to the process with violations
of 42 USC 1997e(2)(b)(2) sec. 4-5; transfers, failure
to issue letterheads; failure to supervise offices;
failure to check transfer logs; destruction of property
that included records and exhibits in their care, etc.
See United States ex rel Accardi v. Shaughnessy,
347 US 260 (Agency is required to follow its own
policies or reversible error).

Further, a civil suit for monetary damages
does not deter the unlawful act, it simply compensates
the injury. Also, the United States cannot be held
liable for "punitive awards". Thus, the injunction is
the appropriate remedy to deter the agency's unlawful
acts that deprive constitutional rights and cause
injury.

VIII   Conclusion

Plaintiff is entitled to relief by injunction
as a matter of law based on the foregoing herein.

this day  3/8/08

Respectfully Submitted

Hall v. USA et. al.
Case No. O7CVO1149

(25)

Certificate of Service

I, M. depose under penalty of perjury
28 USC 1746 that a copy was deposited in
the Prison mail first class postage to:

1. U.S District Court 333 Constitution
Ave., W. DC 20001

this day 3/8/08

M

United States District Court
District of Columbia
Case No. 1:07CV01149 (RMC)

Hall vs. USA et. al.

Appendix

Exhibits:

1 - Inmate History
2 - Requested letterhead for untimely
    ad. remedies
3 - Ad. Remedy # 435645A-1 Mental Health
    (USP) Lewisburg; (USP) Victorville.
4 - Ad. Remedy # 438780-A1 Ad. remedy
    procedures (USP) Lewisburg; (USP) Allenwood;
    (USP) Victorville.
5 - Ad. Remedy # 434129-A2 Legal assistance
    programs (USP) Lewisburg; (USP) Victorville.
6 - Ad. Remedy # 434138-A1 Destruction of
    property
7 - Ad. Remedy # 446342-A1 Legal assistance
    programs (USP) Allenwood; (USP) Victorville
8 - Ad. Remedy # 453762-A1 Inadequate
    Medical care and chronological Record
    of Medical care
9 - Ad. remedy # 462013-A1 Commissary
    Account (USP) Victorville

Hall v. USA / 1:07CV01149
Appendix

(2)

10 - Ad. Remedy # 435645-A3 Mental Health (USP) Lewisburg; (USP) Victorville.

11 - Ad. Remedy # 466695-A1 Assault by staff (USP) Victorville; letter to US Dept. Justice; letter to the Prison Law Office; Inmate Injury Assessment and Followup (Medical); Inmate Request to staff member; Senator's letter etc.

12 - Ad. Remedy # 459024-A1 Inadequate Medical Care (USP) Victorville

13 - Ad. Remedy # 468926-A1 Religious Programs (USP) Victorville. Complaint & Affidavit.

14 - Ad. Remedy # 467538-A1 Legal Mail (USP) Victorville. Complaint & Affidavit.

15 - Ad. Remedy # 467539 SHU operations (USP) Victorville

16 - Certificate of Service by defendants and envelope of defendants Motion to Dismiss.

17. Declaration of Bruce Plumley

18. Ad. Remedy # 434139 illegal Restraints

19. Ad. Remedy # 459026 Law Library

20. Ad. Remedy # 431510 Law Library

21. Ad. Remedy # 434129 Law Library

22. Ad. Remedy # 446342 Law Library

23. Ad. Remedy # 434142 food Punishments

Case 1:07-cv-01149-RMC  Document 30-2   *Filed 08/18/2008

REG NO..: 11691-058 NAME....: HALL, MARC PIERRE
CATEGORY: CSW       FUNCTION: DIS        FORMAT:

```
FCL    ASSIGNMENT DESCRIPTION                       START DATE/TIME STOP  DATE/TIME
VIP    CSW 2B     A. BROUGHTON. EXT  5021            07-06-2007 0828 CURRENT
VIP    CSW 2A     J. PENDLETON, EST. 5022            06-12-2007 1105 07-06-2007 0828
VIP    CSW 2B     VACANT    EXT. 5021                06-11-2007 1113 06-12-2007 1105
VIP    UNASSG     CSW UNASSG                         06-08-2007 1513 06-11-2007 1113
OKL    HOM        HOLDOVER MALE                      05-29-2007 1700 06-08-2007 0945
LEW    A/O UNIT   CHRIS HENDRICKSON, CSW,X-7590      05-15-2007 1454 05-29-2007 0906
CAA    A1 UNIT    B. BARRETT- EXT 8461               05-15-2007 1230 05-15-2007 1235
CAA    D1/D2 UNIT E. GRAHAM EXT 8411                 04-20-2007 1647 05-15-2007 1228
CAA    D1 UNIT    J KOEHN EXT 8412                   04-10-2007 1040 04-20-2007 1647
ALP    IIIB       J. KAMINSKI EXT 6437               02-01-2007 1644 04-10-2007 0635
ALP    IVB        J. BIRDSALL EXT 6442               01-23-2007 0550 02-01-2007 1644
LEW    UNIT 1 G-O MATT RODARMEL X-7530               09-11-2006 1544 01-23-2007 0541
LEW    A/O UNIT   CHRIS HENDRICKSON, CSW,X-7590      08-28-2006 1709 09-11-2006 1544
MAR    CSW 1      G. SHADOWENS EXT 1463              05-19-2006 1243 08-28-2006 0749
```

G0002       MORE PAGES TO FOLLOW . . .

*nearly 15 months
lockdown w/o property*

No. 07CV 01149
Exhibit 1

11691058

Marc Hall
SHU B13C6

9/5/07

Ms. Bassett

1. The Central office wants a letter-head stating staff verification of untimely appeals for #449860A-1; #447473-A1; #449861-A1; 434129-A2 also

2. I need you to verify that I was in transit or segregated without legal property from transit, (3) copies.

3. Please be sure to include each ad. remedy number on each verification for June 30, 2007 date of BP11's

thanks,

Returned
9/14/07
Unanswered
28 USC 1746

No. 07CV01149
Exhibit 2

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 25, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-213LAD
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 435645-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED  : JULY 19, 2007
SUBJECT 1      : OTHER MENTAL HEALTH MATTERS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                INSTITUTION, REGIONAL OFFICE, OR  CENTRAL
                OFFICE LEVEL.

NO. 07CV01149
Exhibit 3

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: HALL Marc P.        11691058    2B    Victorville
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL pursuant Booth v. Churner- 531US731 (2001) "good faith"
I fully adopt the attached BP9-10. I depose under penalty of perjury
28 USC 1746 that I wrote the region for copies of response with no
reply. I request this office to duly supervise and order the region
to forward the appropriate response.
     I also disclose that I have been in transit for months
and the reason for the untimeliness. See attached letter to
region.

7/7/07
DATE                                          SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED

JUL 1 9 2007

Administrative Remedy Section
Federal Bureau of Prisons

NO. 07CV01149

Exhibit 3

DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 435645 A1

Part C—RECEIPT                       CASE NUMBER: 435645A1

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____          _____
DATE                     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
USP LVN                                                                     APRIL 1982

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

84

MHS Discrimination / ADA

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: HALL Marc P _____ 11691058 _____ 2B/SHU 2130 Victorville
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** pursuant good faith under Booth v. Churner, 531 US 731 (2001) the remedy is untimely due to not receiving a response and BOP Transfers and property seizure.

     Wherefore I fully adopt the attached BP9-10 requesting this office to supervise and locate the regional response, for proper adjudication.

7/26/07
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07CV01149

**RECEIVED**

AUG 17 2007

Administrative Remedy Section
Federal Bureau of Prisons

NO: 07CV01149

Exhibit 3

_____ DATE

FIRST COPY: WASHINGTON FILE COPY

GENERAL COUNSEL

CASE NUMBER: 435645 A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____ DATE      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

BP-231(13)
JUNE 2002

11691058

March Hall
POB 3000
USP Allenwood
White Deer, PA 17887

March 22, 2007

NRO U.S Custom House
7th Ft.
2nd & Chestnut Sts.
Philadelphia, PA 19106

Re: Responses To #435645 R1-2 ; #434128 ad. remedies

Regional Director :

   I request a copy of the ad. remedies #435645R1-2,
#434128 due to being either not returned or lost in transit
by staff.
   I am awaiting the exhaustion BP11 level. Please
promptly remit; also any extentions filed.
                              thank you

   cc :
   legal file

NO. 07CV01149
Exhibit 3

NHS Discrimination /ADA

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Hall Marc P          1169 1058    1-SHU207    LEW
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**   Appeal #432427F1 regarded records under Sellers v. BOP, 959 F2d 307 (DC. Cir. 1972) and 5USC552a(e)5, g(1)(c), g(4). This complaint as attached in the fully incorporated BP9 with its erroneous response, regards the denial to be removed from the cell upon having a mental episode of aggression and homicidal thoughts In which I was denied. I have severe personality disorders See DSM-4.

I Request a full OIA/OIG Investigation under the patriot Act 107-56 §1001, I am presently taking prozac which I often still have homicidal /suicidal thoughts against cellies, staff and others. I need proper care. Civil suit will issue.

_____12/22/06_____                    _____
        DATE                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

no response
received 3/16/07
28USC1746

Write for
Rop. copy
3/22/

NO.07CV01149
Exhibit 3

_____                    _____
        DATE                              REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
FIRST COPY: REGIONAL FILE COPY          CASE NUMBER: _435645_

**Part C - RECEIPT**                            CASE NUMBER: _435645_

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT:_____

_____                    _____
        DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                          BP-230(13)
                                                                JUNE 2002

BA⁶

Inmate Name: HALL, Marc
Reg. No.: 11691-058
Administrative Remedy No.: 435645-F2
Part B - Response

## ADMINISTRATIVE REMEDY RESPONSE

In your request for Administrative Remedy, you request an investigation by the Warden into your mental health records from Connecticut. This same issue has previously been addressed in Administrative Remedy No.: 432427-F1.

The above information is provided for informational purposes. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.

12·21·06
_____
Date

Troy Williamson, Warden

NO. 07CV01149
Exhibit 3

REQUEST FOR ADMINISTRATIVE REMEDY

MHS Discrimination / ADA

B4 6

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Hall Marc P          #1691058      1-5th 129 LEW
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A – INMATE REQUEST** Pursuant Booth v. Churner, 531 US 731 (2001) good faith; I claim that on 11/5/06 I became violent and begin to think irrational and requested to be placed in observation lockup. LT. Jones called Dr. Karpen in which the Dr. denied. Dr. Karpen repeatedly states that I do not have any mental illness which is incorrect. I was diagnosed as having Delusional disorder and severe personality and agression disorders. In fact on 11/9/06 the state of the BP8 hereattached and fully incorporated, I was seen by telemed who further prescribed Prozac (sic) with Dipricote for my mental illness. Dr. J. Hunter was present. Dr. Karpen is incompetent and has repeatedly placed me in harms way denying my (ADA) for my mental illness. In which my mental health records from Connecticut (DOC) was never reviewed nor was I properly screened by MHts here. The attached response as relayed by Rothermel is erroneous in which Rico will issue. I Request a full Investigation by this Warden into my mental health records from Connecticut State (DOC) as released to Dr. Karpen. I request an OIA/OIG Investigation pursuant the patriot Act PL 107-56 §1001 for conspiracy of civilrights by the Mental Health Dept.

11/13/06
DATE                                                    SIGNATURE OF REQUESTER

**Part B – RESPONSE**          (See file for BP8 Remedy)

NO. 07CV01149
Exhibit 3

12-21-06
DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE          CASE NUMBER: 435 6045 F2

**Part C – RECEIPT**          CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____          _____
DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                          BP-229(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 8, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11601-058
      VICTORVILLE USP    UNT: 2 B    QTR: A23-121U
      P.O. BOX 5600
      ADELANTO, CA 92301

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 438780-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : AUGUST 7, 2007
SUBJECT 1       : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REMARKS         : CONCUR WITH THE REGION'S RATIONALE FOR REJECTING
                 THIS APPEAL.

NO. 07CV01149
Exhibit 1

U.S. Depa  of Justice
Federal Bu   risons

**Central Office Administrative Remedy Appeal**

G2

Ad Remedy Process

06-135

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: HALL, Marc D.        11091058        2B / SHU 1260        Victorville
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** Pursuant Booth v. Churner 531US731 (2001) good-faith and 28USC 1746 I have requested letterheads by the BOP Agency due to untimeliness because of transit. See attached.

I fully adopt the attached BP8-10 regarding UM J. Adami failing to process law library Ad-remedies.

7/7/07
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 0 7 2007

Administrative Remedy Section
Federal Bureau of Prisons

NO. 07CV01149

Exhibit 1

_____        GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 438780

**Part C - RECEIPT**        CASE NUMBER: 438780

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
DATE

USP LVN        PRINTED ON RECYCLED PAPER        BP-231(13)
JUNE 2002

11691058

Marcheire Hall
POB 3500
USP Allenwood
White Deer, PA 17887

April 10, 2007

TO: UM / Counselor Valenti

REF: BOP Letterhead for ad·remedy processing

Unit Team:

    Please return a BOP letterhead regarding my transit status for reasons of untimely ad·remedy as attached # 438780-R1 from the region.

                 thank you.

cc:
legal file

NO. 07CV01149
Exhibit 4

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 3, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      ALLENWOOD USP     UNT: III    QTR: Z08-201LDS
      P.O. BOX 3500
      WHITE DEER,  PA 17887


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 438780-R1       REGIONAL APPEAL
DATE RECEIVED  : MARCH 30, 2007
SUBJECT 1      : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2      : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REMARKS        : YOU MUST SUBMIT WRITTEN VERIFICATION FROM STAFF
                 STATING YOUR UNTIMELINESS WAS NOT YOUR FAULT. YOUR
                 APPEAL WAS DUE BY 02-06-2007.


NO. 07CV01149
Exhibit 4

U.S. Department of Justice                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons                    Ad. Remedy Process                    OG-135

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _____Hall Marc P_____  __11691058__  __1·3Hu206__  __LEW__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A - REASON FOR APPEAL** The BP9 response regarding a prior answer in remedy #434129-F1 is wrong. For the following reasons:

1). In #434129-F1 I complained about my unit mgr. J. Adami failing to process my Law Library remedies,

2). In #438780-F1 the complaint involved 42 USC 1997e (2)(b)(2) Sections 4 (reprisals/restrictions) ; section 5 (Independent review) See attached fully incorporated BP9. I request independent investigation pursuant PL 107-56 §1001 Patriot Act as to Congressional violations in the BOP Agency.

__1/19/07__　(untimely due to transfer　　　　　　　　_____
DATE　　　and delayed property)　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**　　28 USC 1746 Σ
　　　　　　　　　　　3/14/07

NO. 07CV01149
Exhibit 4

_____　　　　　　　　_____
　　　　DATE　　　　　　　　　　　　REGIONAL DIRECTOR 43878-R1
If dissatisfied with this response, you may appeal to the General Counsel.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　CASE NUMBER: __438780__

**Part C - RECEIPT**　　　　　　　　　　CASE NUMBER: __438780__

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　.REG. NO.　　　UNIT　　　INSTITUTION
SUBJECT: _____

_____　　　　　　_____
　　　　DATE　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL
USP LVN　　　　　　PRINTED ON RECYCLED PAPER　　　　　　　　　BP-230(13)
　　　　　　　　　　　　　　　　　　　　　　　　JUNE 2002

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

Ad. Remedy Process                                    06-135

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall Marc P        11691058     1-5HU 207     LEW
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** 1. Illegal restriction of Ad. remedy process. See BOP PS 1330.13 §§ 542.8(b) restrictions limited to sec. (d). also see 42 USC 1997e(2)(b)(2) Sec. 4 "reprisal clause" of Congress. the restriction is an illegal reprisal.
2. The administration is in further violation of 42 USC 1997e(2)(b)(2) Section 5 (there [must] be "independent review" by someone not under the direct supervision or control of the institution).
3. The (VCCLEA - Violent Crime Control & Law Enforcement Act of 1994) Section 1 (Procedures [must] be "fair" and "effective"). Here, the administration is investigating themselves.
4. See Lewis v. Meyer, 815 F.2d at 46; Johnson v. King, 696 F.2d 370-71 (5th Cir. 1983) (A court should examine the procedures to determine if they "substantially comply" with these requirements, they may not just assume that the procedures are adequate).
I invoke 42 USC 1997e(2)(b)(2) Sec. 5 and Patriot Act 107-56 1001 for OIA/OIG Investigation as to the Congressional violations in the BOP Agency.

1/4/07                                   _____
DATE                                     SIGNATURE OF REQUESTER

**Part B– RESPONSE**

NO. 07CV01149
Exhibit 4

1-17-07                                  _____
DATE                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 438780-F1

                                    CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                          _____
DATE                                     RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN        ♻ Printed on Recycled Paper                BP–229(13)
                                                          APRIL 1982

Admin. Remedy No.: 438780-F1
Part B - Response

### ADMINISTRATIVE REMEDY RESPONSE

In your Request for Administrative Remedy, you state that you are being denied access to the administrative remedy program.

A review into this matter reveals that this remedy has already been responded to via case number 434129-F1 (see attached).

Based on the above, your request for relief is denied. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calender days from the date of this response.


_____          _____
Troy Williamson, Warden                   Date    1-12-07


NO. 07CV01149
Exhibit 4



REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 17, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-222LAD
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 434129-A2      CENTRAL OFFICE APPEAL
DATE RECEIVED  : AUGUST 17, 2007
SUBJECT 1      : LEGAL ASSISTANCE PROGRAMS
SUBJECT 2      : ADMINISTRATIVE REMEDY PROCEDURES
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REMARKS        : YOUR APPEAL WAS RECEIVED UNTIMELY.  YOU MUST PROVIDE
                 STAFF VERIFICATION THAT THE UNTIMELY FILING OF THIS
                 APPEAL WAS NOT YOUR FAULT.

AUG 27 2007

FOR VICTORVILLE
WARDEN'S OFFICE

NO. 07CV01149
Exhibit 5

U.S. Department of Justice                     Central Office Administrative Remedy Appeal

Federal Bureau of Prisons                  Law Library / J. Adami LEW      B6 4

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: HALL MARC P          11691058     2b / D213SHU    VIC
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** pursuant Booth v. Churner 5310531(2001) good faith the attached Regional remedies R1-3 were not fully received due to transit. I fully adopt the BP9-10 for the R1-3 remedies for adjudication requesting this office to supervise and have the region respond or remit answer from this office.

7/26/07
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 1 7 2007

Administrative Remedy Section
Federal Bureau of Prisons

NO. 07CV01149
Exhibit 5

---

DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: 434129 A1

**Part C - RECEIPT**

                                         CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____                    _____
DATE                               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN          PRINTED ON RECYCLED PAPER                        BP-231(13)
                                                                 JUNE 2002



B 6 9

**HALL, Marc**
Reg. No. 11691-058
Appeal No. 434129-R2
Page One

---

### Part B - Response

In your appeal, you contend staff at USP Lewisburg denied you
access to the administrative remedy process by not providing you
with the necessary forms to file several complaints concerning
Law Library issues.  You state staff violated your rights and
request an Office of Internal Affairs (OIA) and Office of
Inspector General (OIG) investigation.

Program Statement 1330.13, <u>Administrative Remedy Program,</u>
indicates the Warden is responsible for ensuring that effective
informal resolution procedures are in place and that a good faith
attempt at informal resolution is made in an orderly and timely
manner.  An inmate shall first present an issue of concern
informally to staff, and staff shall attempt to informally
resolve the issue before an inmate submits a Request for
Administrative Remedy.  Records indicate you have successfully
filed approximately 22 administrative remedies at USP Lewisburg
and have appealed many of these grievances to the Regional Office
level.  There is no indication staff have not put forth a good
faith effort to informally resolve your issues and/or process
your grievances as they are received.  Your claim your rights
have been violated is without merit.  It is suggested you keep
copies of your grievances for your files and future reference.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: January 18, 2007

D. SCOTT DODRILL
Regional Director

NO. 07CV01149
Exhibit 5

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

_BP 25 13 done    SAN. (BOP) Victimize / Law Library_    copy

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: ___Hay Nathan P___    ___11691L58___    ___D-201___    ___ALP___
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**    I Fully adopt the attached BP9 For the stated issues herein.

     and request Sanctions 3420.9/7 for such civil right abuse

Remedy untimely due to transfer, and mailing.

                                        15-16-1146

___2/15/07___                    _[signature]_
DATE                             SIGNATURE OF REQUESTER

**Part B - RESPONSE**

                                        NO. 07CV01149
                                        Exhibit 5

_____            _____
DATE                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: ___434129R___

**Part C - RECEIPT**

                                              CASE NUMBER: ___434129R___

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____            _____
DATE                             SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN              ⊛ PRINTED ON RECYCLED PAPER                    BP-230(13)
                                                                   JUNE 2002

Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

BOP 1330.13 $542.11(A) viol./Law Library

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Hall Marc P__ _____ __11691058__ __1-SHU 205__ __LEW__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A - REASON FOR APPEAL** Pursuant Booth v. Churner 531 US 731 (2001) good faith, attached are (2) copies. I claim that I am being discriminated against by being denied the appropriate use of the ad. remedy process regarding Law Library issues. I have repeatedly handed UM J. Adami BP8's regarding inadequate cell delivery service and legal assistance programs in violation of Bounds v. Smith, 430 US 817 (1977) regarding (SHU). The legal dept. repeatedly responds that no BP8 has been filed. UM Adami is conspiring with the law library officials and/or others to conceal the violations and impede the ad. remedy process. In violation of 1330.13 $$ 542.11(4), I request an OIA/OIG investigation pursuant the patriot act 107-Sec $$ 1001 and appropriate sanctions including the Law Library Services rendered Pursuant to LLW.

__11/29/06__ Resubmitted 12/18/06 　　　　　　　　_____
DATE　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07 CV 01149 EXHIBIT 5 A/35/80

_____　　　　　　　　　　　REGIONAL DIRECTOR
DATE
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE　　　　　CASE NUMBER: __434129 A R2__

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: __434129 R__

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

_____　　　　　　_____
DATE　　　　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN　　　　　　　　　　　　　　　　　　　　　　　　　BP-230(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JUNE 2002

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

BOP PS 1330.13 § 542.11(A) Violations / Law Library    BP6 A

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall Marc P.    1169105B    1-SHU 205    LEW
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A– INMATE REQUEST pursuant Booth v. Churner, 531 US 731 (2001) good faith, I claim that I am being discriminated against by being denied the appropriate use of the ad remedy process regarding Law Library issues. I have repeatedly handed Unit Mgr. J. Adami BP8's regarding inadequate cell delivery service and legal assistance in violation of Bounds v. Smith, 430 US 817 (1977) regarding (SHU). The legal dept. repeatedly responds that NO BP8 has been filed. J. Adami is conspiring with the Law Library officials and/or others to conceal the violations and impede the ad remedy process. In violation of 1330.13 § 542.11(A). I request an internal investigation and all BP8's processed against the Law Library. I further request sanctions 3420.8/9 for such abuse. Civil suit will issue. Also see BOP PS 551.9

11/17/2006    _____
DATE    SIGNATURE OF REQUESTER

Part B– RESPONSE

"Please Return attached BP8"

Also Return BP10 to proceed

Exhibit 5
No. 07 CV 01149

11-21-06    Roy Williams
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: _____

THIRD COPY: RETURN TO INMATE

Part C– RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

B6

Admin. Remedy No.: 434129-F1
Part B - Response

## ADMINISTRATIVE REMEDY RESPONSE

In your Request for Administrative Remedy, you state that you are being denied access to the administrative remedy program by your unit team.  Specifically, you claim your requests for administrative remedy regarding law library issues are not being addressed.

A review into this matter reveals that since your arrival at this facility on August 28, 2006, you have filed twenty (20) requests for informal resolutions for a variety of issues.  All of these requests have received a response from your unit team, with copies forwarded to you.  Your claim that you are being denied access to this program is therefore without merit.

Based on the above, your request for relief is denied.  If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calender days from the date of this response.


_____          11-24-06
Troy Williamson, Warden                   _____
                                          Date



                                          Exhibit 5
                                          NO. 07CV01149

*Returned*
*10/3/07*
*J. Horton / Bossett*
*28USC1746*
*Hall*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 27, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-137LAD
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 434138-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : SEPTEMBER 25, 2007
SUBJECT 1      : PERSONAL PROPERTY - INCL. CONFISCATION OR DESTRUCTION
SUBJECT 2      : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REMARKS        : CONCUR WITH THE REGION'S RATIONALE FOR REJECTING
                 THIS APPEAL.


NO. 07CV01149
Exhibit 6

Federal Bureau of Prisons

Property log BP383 (58)                                    B6

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Hall Marc Pierre          11691058     2b / 9HU B136   VIP
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** pursuant good Faith Booth v. Churner 531 US 731 (2001) the BOP Agency has impeded the remedy by transfers, segregation and failure to timely issue remedy.

I fully adopt the BP9/BP10 attached for proper adjudication.

9/1/07 issued
_____
DATE                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

SEP 2 5 2007

Administrative Remedy Section
Federal Bureau of Prisons

NO. 07CV01149
Exhibit 6

_____          _____
DATE                          GENERAL COUNSEL

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: 434138

**Part C - RECEIPT**                  CASE NUMBER: 434138

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.     UNIT      INSTITUTION

SUBJECT: _____

_____                    _____
DATE                             SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN      PRINTED ON RECYCLED PAPER                          BP-231(13)
                                                               JUNE 2002

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Property log BP383(58) viol.    B6 3    3-22-07

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: ___Hail Marc P___  ___11691058___  ___36/0213544___ Victorville ALP
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** pursuant good faith under Booth v. Churner, 531 US 731 (2001) this is my 3rd attempt to receive a response due to being in transit and not receiving this office answer.

I fully adopt the attached BP9. Please remit a copy of the response for proper adjudication.

Filed   12/26/06  }  28 USC 1746
        3/16/06
        7/26/06

___7/26/07___    _____
DATE    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

AUG 10 2007

NO. 07CV01149
Exhibit 6

_____    REGIONAL DIRECTOR
DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: __434138-R2__

**Part C—RECEIPT**
    CASE NUMBER: __434138__

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____    BP-230(13)
DATE    Previous editions not usable    SIGNATURE, RECIPIENT OF REGIONAL APPEAL    APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 14, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-222LAD
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 434138-R2        REGIONAL APPEAL
DATE RECEIVED  : AUGUST 10, 2007
SUBJECT 1      : PERSONAL PROPERTY - INCL. CONFISCATION OR DESTRUCTION
SUBJECT 2      : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.


NO. 07CV01149
Exhibit 6

CN

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Property log BP383(58) viol.

B6 3-22-07

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Hail Marc P     11691058     2b/CN3    0913SHU Victorville
ALP
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** pursuant good faith under Booth v. Churner, 531 US 731 (2001) this is my 3rd attempt to receive a response due to being in transit and/or not receiving this office answer.

     I fully adopt the attached BP9. Please remit a copy of the response for proper adjudication.

Filed 12/26/06 }
3/16/06 } 28 USC 1746
7/24/06 }

7/26/07
DATE              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

AUG 10 2007

REGIONAL
WRO

NO. 07CV01149
Exhibit 6

_____ DATE _____      _____ REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY      CASE NUMBER: 434138-R2

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**             CASE NUMBER: 434138

Return to: _____    _____    _____    _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

USP LVN     DATE      Previous editions not usable      SIGNATURE, RECIPIENT OF REGIONAL APPEAL      BP-230(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 14, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-222LAD
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 434138-R2       REGIONAL APPEAL
DATE RECEIVED   : AUGUST 10, 2007
SUBJECT 1       : PERSONAL PROPERTY - INCL. CONFISCATION OR DESTRUCTION
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.


this #

NO. 07CV01149
Exhibit 6

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Property log 'BP383(58) violation'

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall, Marc P.        1169105B        1-SHU-205        LEW
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A- INMATE REQUEST** Pursuant to Booth v. Churner, 531 US 731 (2001) good faith, I claim that on 11/6/06 upon being forcefully removed from SHU cell 203, that Lt. Hooper failed to supervise and have my property inventoried on the appropriate BP 383(58) form and left my legal property in the cell overnight. This violated policy and contributed to property damage.

I request an investigation by the OIA/OIG for civilrights violation in conspiracy pursuant Patriot Act 107-56 §1001. Civil Rico will issue for crimes against property while in interstate commerce.

Further, the response to the BP8 is a falsified federal document which obstructs and impedes investigations before the agencies. See 18 USC 1509 or 1510 violation. See 1330.13 3542.14(2)(c) closely related issues.

11/17/06
DATE                                        SIGNATURE OF REQUESTER

**Part B- RESPONSE**

"Please return the attached BP8"

Also return BP10 to proceed"

NO. 07CV01149
Exhibit 6

DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**        CASE NUMBER: 434158-F1
                                        CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

DATE                                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

Admin. Remedy No.: 434138-F1
Part B - Response

## ADMINISTRATIVE REMEDY RESPONSE

In your request for Administrative Remedy, you claim on 11/6/06, staff assigned to the Special Housing Unit destroyed your legal documents after you were removed from your assigned cell.  You request that an OIG investigation be conducted.

This same issue has previously been addressed in Admin. Remedy No.: 434130-F1.

The above information is provided for informational purposes. If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.


12-1-06
_____
Date

Troy Williamson, Warden


NO. 07CV01149
Exhibit 6

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 27, 2007


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-137LAD
      P.O. BOX 5600
      ADELANTO,  CA 92301



FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 446342-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : SEPTEMBER 25, 2007
SUBJECT 1      : LAW LIBRARY - ACCESS, REFERENCE MATERIALS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REMARKS        : CONCUR WITH THE REGION'S RATIONALE FOR REJECTING
                 THIS APPEAL.


NO. 07CV01149
Exhibit 7

*First Amend*     D1 3

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Hall Marc R     11691058    2b/SHU B136   VIP
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** Pursuant Booth v. Churner 531 US 731 (2001) good Faith Staff has not provided proof of interference. However, transit logs, segregation logs and property logs of the BOP Agency clearly establishes the untimeliness.

I therefore fully adopt my BP8 - BP10 regarding inadequate cell delivery services and failure to issue legal property.

9/1/07
DATE            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

SEP 2 5 2007

Administrative Remedy Section
Federal Bureau of Prisons

NO. 07CV01149
Exhibit 7

_____
DATE

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

GENERAL COUNSEL

CASE NUMBER: 446342

CASE NUMBER: 446342

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE           SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN     PRINTED ON RECYCLED PAPER     BP-231(13)
JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 23, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-222LAD
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID     : 446342-R1     REGIONAL APPEAL
DATE RECEIVED : AUGUST 17, 2007
SUBJECT 1     : LAW LIBRARY - ACCESS, REFERENCE MATERIALS
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                INCLUDES MAIL TIME.

REJECT REASON 2: SEE REMARKS.

REMARKS       : YOU MUST PROVIDE STAFF VERIFICATION THAT YOU ARE NOT
                RESPONSIBLE FOR THE UNTIMELY FILING OF THIS APPEAL.


NO. 07CV01149

Exhibit 7

U.S. Department of Justice

Federal Bureau of Prisons

Case 1:07-cv-01149-RMC    Document 3    Regional Filed 03/18/2008    Page 35 of 38

First Amend

Regional Administrative Remedy Appeal

D1³

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __HALL Marc P__  __11691058__  __2b121__  __VIP__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**  pursuant Good Faith Booth v. Churner, 531 US 731 (2001) in which the BOP. Agency interfered with process by transits, seizure of property etc. I fully adopt my BP8/BP9 attached for access to the Law Library violations violating the first Amend. in (USP) Allenwood. Civilsuit will issue

__8/5/07__
DATE                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 17 2007

WRO

NO. 07CV01149

Exhibit 7

_____                    _____
DATE                           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: __446312__

**Part C - RECEIPT**
                                              CASE NUMBER: __446312__

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                           SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER          BP-230(13)
                                                    JUNE 2002

HALL, Marc
Reg. No. 11691-058
Appeal No.: 446342-F1
Page 1

---

### Part B - Response

This is in response to your Request for Administrative Remedy dated March 15, 2007, in which you request access to the Special Housing Unit (SHU) Unit's Law Library and cell delivery of legal material.

A review of the SHU's Law Library log book revealed there were no Inmate Request to Staff Member received from you. Since your arrival to SHU you have been afforded use of the Law Library on two occasions without written request. This was done at the convenience of staff when time allowed. If you would like to use the SHU Law Library in the future, you must submit an Inmate Request to Staff Member form.

In regard to you receiving legal material from the institution Law Library, you must again, submit an Inmate Request to Staff Member to receive such items. Copies of the materials will be provided to you are your expense.

Accordingly, since you seek specific relief, this response is provided for informational purposes only. If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

Date___4-5-07___                    _____
                                    Jonathan C. Miner
                                    Warden

NO. 07CV01149
Exhibit 7

3/29/07 (334) CW

CN
DI3   3-15-07

## U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

### REQUEST FOR ADMINISTRATIVE REMEDY

First Amend

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: HALL MARC P                    1169105B    C101/3b   ALP
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT     INSTITUTION

**Part A– INMATE REQUEST**  Pursuant PS 542.14(a)(c) "closely related offenses"
under "First Amend" and PS 542.11(4) "responses", My issues of law
Library were not addressed. I request access and cell delivery pursuant
Bounds v. Smith and Sanctions.

Civilsuit will issue

3/15/07                                        [signature]
DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

NO. 07CV01149
Exhibit 7

DATE                                    WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE              CASE NUMBER: 446342-F1

**Part C– RECEIPT**                     CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

USP LVN

RECIPIENT'S SIGNATURE (STAFF MEMBER)

United States Penitentiary
Allenwood, Pennsylvania

ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
INFORMAL RESOLUTION FORM

NOTE TO INMATE:  You are advised that prior to receiving and filing a Request
for Administrative Remedy Form BP-9 [BP-229(13)], you must ordinarily attempt to
informally resolve your complaint through your Correctional Counselor.  Briefly
state ONE complaint below and list what efforts you have made to resolve your
complaint informally and state the names of staff contacted.

Issued By: _____ (Initials of Correctional Counselor)
Date Issued To The Inmate: ____3-2-07____

INMATE'S COMMENTS:

1.    Complaint: BPS 541.11(A) _____. No legal property released with
(2) open units 4:00CV0020; 4:00CV0026 (MIII); 3). No Law Library/access or cell
delivery services in violation of Bounds v. Smith Sct; such obstructs and ob_____
first Amendment Rights; Civil RICO _____.

2.    Efforts you have made to informally resolve: Spoke to Lt. Cignelli
and unit team. Filed BP8

3.    Names of staff you contacted: _____

Date Returned to Correctional Counselor: _____

____Hall____           ____Inmate____       __3/6/07__
Inmate's Signature         Reg. Number            Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1.    Efforts made to informally resolve and staff contacted: As of
March 9, 2007, The Special Housing Unit was not in possession of
Any of your legal property.

Date BP-9 Issued: _____            _____ 3-9-07
                                     Correctional Counselor

                                     _____
                                     Unit Manager (Date)
                                     NO. 07CV01149
                                     Exhibit 7

Distribution:  If complaint is NOT informally resolved - Forward original
attached to BP-9 Form to the Executive Assistant.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 30, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A23-121U
      P.O. BOX 5600
      ADELANTO,  CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID     : 453762-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED : OCTOBER 29, 2007
SUBJECT 1     : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR   A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REMARKS        : YOU MUST PROVIDE STAFF VERIFICATION ON BOP
                 LETTERHEAD DOCUMENTING THAT THE UNTIMELY
                 FILING OF THIS APPEAL WAS NOT YOUR FAULT.


NO. 07CV01149
Exhibit 8

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Inadequate Medical / Allenwood

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _____ _____ _____ _____
MARC R.                  1169105B      ob/B137      VIP
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** fully adopt my attached BP8-10 claiming government impediments in transit, segregation and property seizure. See logs of BOP Agency for evidence. Civilsuit will issue.

10/1/07

_____          _____
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07CV01149
Exhibit 8

_____          _____
DATE                                    GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY          CASE NUMBER: 453762 A1

**Part C - RECEIPT**                      CASE NUMBER: 453762 A1

Return to: _____ _____ _____ _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____          _____
DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                 BP-231(13)
                                        JUNE 2002

inadequate medical / Allenwood

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: HALL Marc P            11691058      2/B126 SHU     Victorville
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT           INSTITUTION

**Part A - REASON FOR APPEAL** pursuant Booth v. Churner, 531 US 731 (2001) good faith
claim:

1). I claim that I was denied adequate medical at USP Allenwood
by PA Jodie Bennett-Meehan who denied special care clinic services
for Pulmonary, hernia, dermatologist and neurologist or brain for
unknown conditions. In violation of duty of care / Abuse of process
discrimination / equal protection and cruel punishments. 18 USC 40 & 241-3,
5 & 8th Amends; 18 USC 247.

Civil suit will issue

6/30/2007
DATE                                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

AUG 08 2007

NO. 07CV01149
Exhibit 8

_____
DATE                                              REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                        CASE NUMBER: A53762 R1
**Part C - RECEIPT**
                                                  CASE NUMBER: A53762 R1

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.       UNIT          INSTITUTION
SUBJECT: _____

_____
DATE                                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL
USP LVN                    PRINTED ON RECYCLED PAPER                              BP-230(13)
                                                                                 JUNE 2002

453762-R2                              HALL, Marc                              11691-058
USP Victorville

This is in response to your Administrative Remedy appeal of the Warden's decision dated
June 5, 2007. In your appeal you state you were denied adequate medical care at U.S.P.
Allenwood by a specific Physician Assistant who denied you Special Care Clinic Services for
your medical conditions; pulmonary, hernia, dermatology and neurology. You state the denial is
in violation of the duty of care and of your due process and equal protection rights. You state a
civil law suit will follow. You do not state what remedy you are requesting.

Your appeal has been investigated. You were designated to U.S.P. Allenwood from
January 23, 2007 to April 10, 2007. During that time you were housed in the Special Housing
Unit. A review of your medical records indicates during that time period you were seen by
several Health Services staff, including:

| | |
|---|---|
| 2/8/07 | Pulmonary Clinic -Medical Officer |
| 2/12/07 | Sick Call -headache |
| 2/13/07 | PA Follow-up for 2/12/07 Sick Call |
| 2/16/07 | Follow-up by PA for 2/13 evaluation- Refused to communicate with Health Services staff |
| 3/07/07 | Sick Call - Asthma Inhaler |
| 3/07/07 | Chronic Care Mental Health Clinic -Medical Officer |
| 3/18/07 | Sick Call - tooth pain  Medication provided |
| 3/19/07 | Sick Call - tooth pain  Medication provided |
| 3/27/07 | Refused to speak with PA who was making rounds to discuss your medications and medical conditions |
| 3/29/07 | Sick call- tooth pain  Medication provided |

Our investigation reveals no evidence to support your allegation that you were not provided
adequate medical care at U.S.P. Allenwood or that Health Services staff was deliberately
indifferent to a serious medical concern. Many of the medical record entries are made by the
Physician Assistant of whom you complain.

Based on the information provided, this response is for informational purposes. If you are
dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of
Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the
General Counsel's office within 30 calendar days of the date of this response.

_8- 23-07_
Date

_____
Robert E. McFadden, Regional Director

NO. 07CV01149
Exhibit 8

U.S. Department of Justice    Regional Administrative Remedy Appeal

Federal Bureau of Prisons    Inadequate medical / Allenwood    BA

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Hall, Marciere    11691058    2b/SHU B134    VIP
　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**    Pursuant Booth v. Churner 531 US 731 (2001) good faith the remedy was impeded by the BOP Agency transfer, segregation and failure to timely issue remedies.

I fully adopt the BP8/BP9 and claim that my recent medical exam at (USP) Victorville supports my claim against (USP) Allenwood medical dept. See medical records. I request actions taken. Civilsuit will issue.

_9/1/07 issued_
DATE

_(signature)_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07CV01149
Exhibit 8

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY    CASE NUMBER: 453762-R1

**Part C - RECEIPT**

CASE NUMBER: 453762

Return to: _____    _____    _____    _____
　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN    BP-230(13)
JUNE 2002

B-7 "

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 21, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP     UNT: 2 B     QTR: Z01-136LAD
      P.O. BOX 5600
      ADELANTO,  CA 92301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 453762-R3     REGIONAL APPEAL
DATE RECEIVED  : SEPTEMBER 21, 2007
SUBJECT 1      : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.


Exhibit 8
NO. 07CV01149

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

## REQUEST FOR ADMINISTRATIVE REMEDY

Inadequate medical / Allenwood

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: HALL Marc P          11691058       A111 SHU     Canaan
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.       UNIT        INSTITUTION

**Part A- INMATE REQUEST** This is pursuant Booth v. Churner, 531 US 731 (2001) good faith wherens USP Allenwood failed to answer my BP8 in violation of 542.11(4).

I claim that I was denied adequate medical at USP Allenwood by PA Jodi Bennette-Meehan who denied special care clinic services for Pulmonary, hernia, dermatologist and neurologist or brain for unknown conditions in violation of 18 USC 217 federal medical rights and civil violations under the 8th Amend. and Equal protection. Civil Rico will issue.

5/1/07
DATE                                   SIGNATURE OF REQUESTER

**Part B- RESPONSE**

NO. 07cv01149
Exhibit 8

_____          _____
DATE                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE          CASE NUMBER: 453463-F1

                                      CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.       UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
DATE                               RECIPIENT'S SIGNATURE (STAFF MEMBER)

PRINTED ON RECYCLED PAPER                                   BP-229(13)
                                                            APRIL 1982

B4"

HALL, Marc
Reg. No. 11691-058
Appeal No.: 453762-F1
Page 1

---

### Part B - Response

This is in response to your Request for Administrative Remedy in which you claim that you filed a BP-8 on the day that you left USP Allenwood and that you never received a response.

All correspondence requiring a response from the Health Services Department is responded to in a timely manner. If a response was required for a previous BP-8, then one would have been provided to your counselor. Without your medical record to review and no other information being requested, this information is being provided for informational purposes only.

If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

Date **6/5/07**

_Jonathan C. Miner_
Jonathan C. Miner
Warden

NO. 07CV01149
Exhibit 8

Informal Resolution USP Allenwood

Marc Hall        11691058      D201        4/5/07

Specific Complaint : I am being denied "Serious medical needs" that cause an unnecessary wanton infliction of pain, discomfort and risk to good health; re: 1). Skin disease in failure to provide dermatologist resulting in pain, burning, scars, discoloration, bleeding and sores. See Tillery v. Owens, 719 F.Supp. 1256 (Dermatologist claim); Johnson-El v. District of Columbia, 579 A.2d 163 (DC 1990) (Failure to provide Dermatologist). Estelle v. Gamble, 429 US 97 (1976). 2). Lung disease ; respiratory problems failure to provide respiratory therapist or pulmonary specialist resulting in pain, pressure, phlegm, breathing obstruction, wheezing, coughing spells in which lung damage and scaring is on my medical record; See Heptacuit v. Roy, 682 F2d 1237 (9th Cir); Howell v. Evans, 922 F2d 712 (11th Cir.).

3). Heart conditions in failure to provide cardiologist resulting in pain, racing and chest palpulations, breathing difficulties, pressure, weakness in the hand and arm; See Montgomery v. Pinchak, 294 F3d 492, 499-500 (3d Cir. 2002). 4). Neurologist for brain disorder resulting in pain, dizziness, weakness, electrical sounds in the brain in which PA Bennett stated "she didn't believe this bullshit" when questioned about the sick call slip. Also see Johnson-El v. Schoemehl, 878 F2d 1043, 1054-55 (8th Cir.) regarding inadequate sick call procedures whereas here PA's fail daily sick call and "prompt treatment"; see Casey v. Lewis, 834 F.Supp 1477 (D. Ariz. 1993); Williams v. O'Leary, 805 F.Supp 631 (NO Ill 1992); Estelle v. Gamble, supra.

Resolution attempted : I spoke with PA J. Bennett-Meehan repeatedly and filled out numerous sick call slips. Nothing done. And told to go to commissary for my skin disease.

        - (over) -

NO. 07CV01149
Exhibit 8

<u>Resolution Requested</u> : I request my federal medical rights afforded under <u>BOP PS 512</u> etc. ; <u>18 USC 272</u> and <u>Estelle v. Gamble,</u> 429. US 97 (1976). I request all special care outside specialist for each condition. I request sanctions <u>BOP PS 3420.9</u> ; I request a civil investigation by the (OIG) pursuant the Patriot Act Public Law 107-56 § 1001 for civil rights abuse and Civil Rico will issue against all responsible.

NO. 07CV01149
Exh. 8

AUTHORIZED FOR LOCAL REPRODUCTION

| MEDICAL RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |

SYMPTOMS, DIAGNOSIS, TREATMENT TREATING ORGANIZATION (Sign each entry)

Pul MH          SHU
~~CHRONIC~~
CARE CLINIC NOTE          ~~O~~ Smoker

9/15/02
0850

S: 43 y/o ♂ feel c Indel fr load cells not visate Allergies: nee
ē thritis and dizzness, Fotofobia c mignes
B.P. 177 mmHg. Pulse: 69 x min. Temp. 98 F Wt. 200 Lbs Pain Scale: (O) of 0-10
ans nurses uns          Significant Old Lab Values:

New Labs:
O:
Head: normal          ④ ecr 100/fasat          Alk Phop ____ U/L
HEENT: AC > BC Both PErcat          DSM II  Bipolar          SGOT ____ U/L
Neck: No JVD adynolls          I  moodlisorder          SGPT ____ U/L
                              II
Heart: Rg Rg to S1 S2 n8 gallp nes          III Active Thritis due
Lungs: Clr to auscultrn          IV  ans
Thorax: normal expella          V  70          Peak flow
Abd: Obs depresin          I 250
Ext: no edem          II 500          Current Treatments:
Skin: no pilts cyp          IV 500          1. Valpora acid
Rectal: Not exaned today          P/o Asthmatrin          3. FBS ↑ 111
A: 1. B. astma    ① Headaches ④ ② Nagal Hoas
2. Tinitus ē dizzrim P/o meantas   Bipolar   WBC 3.6
P:                                         100% (on) ear obstrut
1. Patient orientation education and counseling on individual disease(s) completed on:
a. Diet ↓ wt ↓ Nat ↓ CHO ↓ Fats ↑exercise  D/c smoking ↑meds compliance F/u sick call
2. Patient will be seen C.C.C. on 02/ 29/08  ⑰ Azmacort inhler Sy II pufts po q8h #6
3. 1655 ordied          ⑱ Albuterol inhler Sy II pufts po q4h #2
4. 513 Abd. Srgim
5. Hydrochlorothiazide 25mg Tpo daily #30 refux 6
6. 513 Optometry ordied          ⑮ Tegutal 200mg TPo h.s. #30 refux 6
7. PHS Sy ordien
8. Nasalcort AQ Sy II pufts each nostil twice a dy #1 refux 6
9. Catapot II stat + T q8h max 10 in 24h #12 refux 10
10. Pnnm vax ordied E wnnl          ⑯ Hemn both ingl          ← Hernig
11. Env wax (dne)
12. Zitmur 250 II stat + T q daily x 4 #6          J. F. Fernandez M.D.

| LOR MEDICAL FACILITY | STATUS | DEPART./SERVICE | RECORDS MAINTAINED AT |

HALL,          #11691-058
    MARC  PIERRE          SSN/AD NO.          RELATIONSHIP TO SPONSOR
DOB: 06-03-1964

Name - last, first, middle; ID No or SSN; Sex;   REGISTER NO.   11691-058   WARD NO.

FAXED
USP
FCC VICTORVILLE
HEALTH SERVICES UNIT
13777 AIR EXPRESSWAY BLVD.
VICTORVILLE, CA 92394

CHRONOLOGICAL RECORD OF MEDICAL CARE
Medical Record
STANDARD FORM 600 (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1          USP LVN

NO. 07CV01149

Exhibit 8

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|---|---|
| 08-30-07 | Administrative Note |
| 1725 | D/C Risperdal 1mg |
| | P: Abilify 5mg i tab QD PO # 30 x 2 refills |
| | J. ESQUETINI PA-C FCC VICTORVILLE |
| | Utilization Committee Review Conducted 9-6-07 Date |
| | [illegible] HERNANDEZ, MD FCC Victorville |
| | DEFERED 120 days DAYS pending repair/evaluation by Archuleta |
| 9/10/07 | S: Request for shampoo - due to itching on his scalp |
| 0905 | No other complaints Pain Scale 0 1 2 3 4 5 6 7 8 9 10 |
| | O: conscious, coherent, ambulatory Ox3 NAD. |
| | scalp: (+) minimal scaly lesions noted (-) any discharge |
| | A: Dandruff |
| | P: Coaltar shampoo use as shampoo to the scalp every other day x 60 days #1 refill #1 |
| | advised to avoid hot showers |
| | advised hygiene |
| | f/u acc prn |
| | L.M. CASTILLO, MLP FCC VICTORVILLE |
| 9/11/07 | ADMINISTRATIVE NOTE |
| 1232 | Rewrite presc (1) Ibuprofen 400mg 1 tab po TID prn x 60 days #30 refill #4 |
| | L.M. CASTILLO, MLP FCC VICTORVILLE |

FAXED 9/11/07

STANDARD FORM

HALL MARC
11691-058
USP

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 30, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A23-121U
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 462013-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 29, 2007
SUBJECT 1       : COMMISSARY ACCOUNT - POSTING FUNDS, FORMS 21/24, ETC.
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : CONCUR WITH THE INSTITUTION'S RATIONALE FOR
                  REJECTING THIS APPEAL.


no. 07CV01149
Exhibit 9

Extortion (199) (5132) Forms

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **Hall Marc P**    **11691058**    **2b / B134**    **VIP**
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**   pursuant "good faith" Booth v. Churner, 531 US 731 (2001) I fully adopt my attached BP9-10 claiming that the extortion is still ~~exist~~ existing due to my account being encumbered. Civil Rico will issue.

**10/1/07**
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

OCT 2 9 2007

Administrative Remedy Section
Federal Bureau of Prisons

No. 07CV01149
Exhibit 9

DATE

**ORIGINAL: RETURN TO INMATE**

GENERAL COUNSEL

CASE NUMBER: **462013 A1**

- - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: **462013A1**

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT:_____

DATE            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL     BP-231(13)
                         PRINTED ON RECYCLED PAPER                                    JUNE 2002

USP LVN

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 21, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-136LAD
      P.O. BOX 5600
      ADELANTO, CA 92301

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 462013-R1       REGIONAL APPEAL
DATE RECEIVED   : SEPTEMBER 21, 2007
SUBJECT 1       : COMMISSARY ACCOUNT - POSTING FUNDS, FORMS 21/24, ETC.
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY. INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : WHILE HOUSED AT USP MARION 4/19/05 TO 8/28/06

NO. 07CV01149
Exhibit 9

Extortion of (199) / (5132) Forms

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Hall March P__    __11691058__    __2b/SHU B13G VIP__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**  pursuant Booth v. Churner, 531 US 731 (2001) "good Faith" this remedy may be untimely due to unit team's Failure to issue remedy timely.

    I claim and adopt the BP8/BP9 as attached that the BOP Agency is illegally collecting to date Fraudulent encumbrances of (199) and (5132) Forms from (USP) Marion, ILL. on my prison account. My account has never been adjusted as requested.

__9/1/07__
DATE

SIGNATURE OF REQUESTER

# RECEIVED

SEP 21 2007

REGIONAL DIRECTOR
WRO

no. 07CV01149
Exhibit 9

**Part B - RESPONSE**

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: __462013__

**Part C - RECEIPT**
CASE NUMBER: __462013__

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN    PRINTED ON RECYCLED PAPER    BP-230(13)
JUNE 2002

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Extortion of (199)/(3132) Forms

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hail Marc P.          11691058    26121    VIP
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** I claim that the BOP Agency is collecting or has collected illegal debt by fraud and misrepresentations of (199)/(3132) payment and stamp forms from (USP) Marion, Ill. the (DOJ)/(DOT) and Bank of America are illegally depositing such funds to which Rico will issue.

I request an OIA/OIG investigation pursuant the Patriot Act 107-56 §§ 1001, and to speak to an OIG investigator or (FBI). Whereby Notice has been given. Fully incorporated is the attached BP8

8/5/07
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
AUG 7 2007
By

NO. 07CV01149
Exhibit 9

_____          _____
DATE                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 462013

                                    CASE NUMBER: 462013

**Part C– RECEIPT**

Return to: _____    _____    _____    _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                     RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                PRINTED ON RECYCLED PAPER

# REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION

**INSTITUTION (CIRCLE ONE)**     FCI I          FCI II     USP     FPC

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

> **FOR STAFF USE ONLY**
>
> Date issued: _____    Date returned to Counselor: _____

Inmate's Name: Marchette Hall                Reg. No.: 11691058

**INMATE'S COMMENTS:**

1. Complaint: Extortion; illegal Enforcement of (199)/3132 forms from (USP) Marion that has my commissary account illegally encumbered, the BOP Agency has failed to correct inaccuracies in violation of title 18 of unlawful debt collection in several prisons.

2. Efforts you have made to informally resolve: Filed several remedies in (USP) Marion, (USP) Lewisburg; (USP) Allenwood; (USP) Victorville and filed legal complaints and notices with the US (DOT) and Bank of America; (FBI) and (OIG).

3. Names of staff you contacted: Warden Norwood; requesting adjustment.

*****************************************************************************

**FOR STAFF USE ONLY**

Steps Taken to Resolve Complaint: _____

_____

_____

_____

Conclusion: _____

_____

_____

Counselor: _____        Date: _____

Unit Manager's Comments: Your FUND WERE INCUMBERED DUE TO A DISTRUCTION OF PROPERTY WATTUS IN USP ALLENWOOD.

Unit Manager: J. Horton, Unit 4                Date: 8-2-07

**Distribution:** If complaint is **NOT** informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

No. 07CV01149
Exhibit 9

Date BP-9 Issued: _____

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 30, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A23-121U
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 435645-A3      CENTRAL OFFICE APPEAL
DATE RECEIVED  : OCTOBER 29, 2007
SUBJECT 1      : OTHER MENTAL HEALTH MATTERS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE OR CENTRAL
                 OFFICE LEVEL.

REMARKS        : YOU MUST COMPLETE THE APPEAL PROCESS AT THE REGION
                 BEFORE YOU APPEAL TO THIS LEVEL.

No. 07CV01149
Exhibit 10

MHS Discrimination

8q 6

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _____ HALL Marc P _____ 11691058 ___ 2b / SHU B131 ___ USP
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT       INSTITUTION

**Part A - REASON FOR APPEAL**

I fully adopt my BP9-10 and request that this office duly supervise the Regional Office. Whereas my responses were severed. I request that the Central office have the responses returned so that I may duly complete this remedy or answer.

_____ 10/1/07 _____
    DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

OCT 2 9 2007

Administrative Remedy Section
Federal Bureau of Prisons

NO. 07CV01149
Exhibit 10

_____       _____
    DATE                           GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: __435645 - A1__

**Part C - RECEIPT**

                                            CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT       INSTITUTION

SUBJECT: _____

_____       _____
    DATE                  SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN          PRINTED ON RECYCLED PAPER                                    BP-231(13)
                                                               JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 21, 2007


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-136LAD
      P.O. BOX 5600
      ADELANTO,  CA 92301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 435645-R1        REGIONAL APPEAL
DATE RECEIVED  : SEPTEMBER 21, 2007
SUBJECT 1      : OTHER MENTAL HEALTH MATTERS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.


no. 07CV01149
Exhibit 10

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

MHS Discrimination / ADA

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Hall Marc P        11691058        1-5HU207        LEW
    LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**  Appeal # 432427F1 regarded records under Sellers v. BOP, 959 F2d 307 (DC Cir. 1992) and 5USC552a(e)5, g(1)(c), g(A). This complaint as attached in the fully incorporated BP9 with its erroneous response, regards the denial to be removed from the cell upon having a mental episode of aggression and homicidal thoughts. In which I was denied. I have severe personality disorders See DSM-4.

I Request a full OIA/OIG Investigation under the patriot Act 107-56 § 1001. I am presently taking prozac which I often still have homicidal/suicidal thoughts against cellies, staff and others. I need proper care. Civil suit will issue.

    12/22/06                    _____
    DATE                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

No response - WK  7/06/07  98 US 1766

9 months later

RECEIVED
SEP 21 2007
REGIONAL DIRECTOR
WRO

No. 07CV01149
Exhibit 10

    _____                    _____
    DATE                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 435645-R1

**Part C - RECEIPT**        CASE NUMBER: 435645

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

    _____                    _____
    DATE                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN        PRINTED ON RECYCLED PAPER        BP-230(13)
JUNE 2002

MHS Discrimination /ADA

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Hall Marc P__  __11691058__  __1-SHU 129__  __LEW__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST** pursuant Booth v. Churner, 531 US 731 (2001) good faith; I claim that on 11/5/06 I became violent and begin to think irrational and requested to be placed in observation lockup. LT. Jones called Dr. Karpen in which the Dr. denied. Dr. Karpen repeatedly states that I do not have any mental illness which is in-correct. I was diagnosed as having Delusional disorder and severe personality and agression disorders. In fact on 11/9/06 the date of the BP8 hereattached and fully incorporated, I was seen by telemed who further prescribed Prozac (sic) with Dipricate for my mental illness. Dr. J. Hunter was present. Dr. Karpen is incompetent and has repeatedly placed me in harms way denying my (ADA) for my mental illness. In which my mental health records from Connecticut (DOC) was never reviewed nor was I properly screened by MHS here. The attached response as relayed by Rothermel is erroneous in which Rico will issue, I Request a full investigation by this Warden into my mental health records from Connecticut State (DOC) as released to Dr. Karpen. I request an OIA/OIG investigation pursuant the patriot ACT PL 107-56 §1001 for conspiracy of civilrights by the Mental Health Dept.

__11/13/06__
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**    (See file for BP8 Remedy)

no response
7/30/07

no. 07CV01149
Exhibit 10

__12-21-06__
DATE

__Tray Sulleman__
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE    CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 25, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A24-202L
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 466695-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : NOVEMBER 21, 2007
SUBJECT 1      : ASSAULT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

no. 07cv01149
Exhibit 11

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: HALL Marc P     11691058     2b121     VIP
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** Pursuant Booth v. Churner 531 US 731 (2001)

"good faith" I proceed, the regional office and the staff at (USP) VIP interfered with process by:

1. refusing postage;

2. changing the IB# from 466695 to 471162 attaching it to the remedy.

I claim and fully adopt my BP9-10 remedies. See the Accardi Doctrine US S. Ct for Agency policies that must be complied with or reversible error.

11/7/07
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 2 ...

Administrati...
Federal Bu...

no. 07CV01149
Exhibit 11

DATE          GENERAL COUNSEL # 466695

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 471162

**Part C - RECEIPT**          CASE NUMBER: 471162
                             # 466695

Return to: 
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: 

DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN     PRINTED ON RECYCLED PAPER     BP-231(13)
JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 26, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A23-121U
      P.O. BOX 5600
      ADELANTO,  CA 92301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 471162-R1      REGIONAL APPEAL
DATE RECEIVED  : OCTOBER 25, 2007
SUBJECT 1      : ASSAULT BY STAFF
SUBJECT 2      : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

Wrong #
28 USC 1746
11/7/07

NO. 07CV01149
Exhibit 11

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

~~Assault~~

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Hall Marc P          1169 1058      ob    SHU B136    VIP
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.       UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** On or about Aug. 24, 2007 about 6pm I was assaulted by numerous staff on (E) range SHU after spitting on OIC Black. I request that the film or hard-drive be investigated on (E) range SHU. I request to press charges and to speak with the FBI. I was repeatedly punched and kicked in my head and facial area while being called "Nigger". Civilsuit will issue. I fully incorporate the attached BP9.

9/20/2007
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

OCT 25 2007

no. 07CV01149

Exhibit 11

_____
DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 466695

**Part C - RECEIPT**
          CASE NUMBER: 466695

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER          BP-230(13)
JUNE 2002

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Hail Mai P__ __11691058__ __2b2__ __VIP__
　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I fully adopt the attached BP8/BP9 and Request that the film from Range E/SHU be admitted into evidence along with SIA Hodak's review of the tape. the tape shall be preserved for trial as evidence in the civil Rico.

__1/23/08__　　　　　　　　　　　　　　　　　　　　　__W__
DATE　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07CV0.1149

Exh. 11

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE    CASE NUMBER: __475213__

**Part C - RECEIPT**    CASE NUMBER: __475213__

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN    BP-230(13)
　　　　　JUNE 2002

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Assault

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | HALL Marc P | 11691058 | 2b202 | ViP |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** Pursuant good faith Booth v. Churner, 531US731 (2001) I proceed due to several impediments by the unit team in obstructing the procedure. Mr. J. Horton's response is irrelevant to the Issue of "Assault" by staff on 8/29/07. I fully adopt the attached BP8.

I request a full investigation and the film E-range (SHU) preserved for evidence. I was physically injured as shown on X-rays. Civilsuit / Rico will issue!

| 12/4/07 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

NO: 07CV01149

Exhibit 11

NO: 07CV01149

Exh. 11

RECEIVED
DEC 5 2007
By _____

| _____ | WARDEN OR REGIONAL DIRECTOR |
|---|---|
| DATE | |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**    CASE NUMBER: 475215-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

| _____ | | RECIPIENT'S SIGNATURE (STAFF MEMBER) | |
|---|---|---|---|
| DATE | | | |

USP LVN    PRINTED ON RECYCLED PAPER

BP–229(13)
APRIL 1982

**Request for Administrative Remedy - 466695-F1**
**Part B - Response**

This is in response to your Request for Administrative Remedy, received September 17, 2007, in which you allege you were assaulted by numerous staff after you spit on an officer.  You request the video be preserved and reviewed, that charges be pressed against staff, and to speak with the Federal Bureau of Investigation.

All staff are held to a high standard of treating inmates fairly, impartially, and humanely.  Mistreatment of inmates is not tolerated.  Therefore, this matter will be thoroughly reviewed and if it is determined staff acted inappropriately, this issue will be forwarded to the proper investigative authority.  However, you will not receive information regarding the outcome of any staff investigation.  Information concerning staff conduct and performance is protected by the Privacy Act, 5 USC  § 552a.

Accordingly, this response is for informational purposes only.  If you are dissatisfied with your response, you may appeal to the Western Regional Director.  Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7950 Dublin Blvd., 3rd Floor, Dublin, CA 94568, within twenty (20) calendar days from the date of this response.

_____        _____
B. L. Norwood, Warden                     Date   9/19/07


no. 07CV01149
Exhibit 11

# REQUEST FOR ADMINISTRATIVE REMEDY

*Assault*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall Marc | 11691058 | 2b/B136 SHU | VIP
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A– INMATE REQUEST**

On or about August 24, 2007 about 6pm I was assaulted by numerous staff on (E) range SHU after spitting on OIC Black. I request that the film or hard-drive be investigated on (E) range SHU. I request to press charges and to speak with the FBI. I was repeatedly punched and kicked in my head and facial area while being called "Nigger". Civil suit will issue. Willing to negotiate settlement internally K. I request (SIS) to preserve the tapes evidence. Also that pursuant the Patriot Act PL 107-56 §§1001 the (OIG)/(OIA) be notified.

9/12/2007
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

25465-359
1110107

no. 07CV01149
Exhibit 11

RECEIVED
SEP 1 7 2007
By

_____     _____
DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE        CASE NUMBER: 466695-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____     _____
DATE                            RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP–229(13)
APRIL 1982

EGG 1330.13c
March 20, 2007
Attachment A

# REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION

**INSTITUTION (CIRCLE ONE)**     FCI I     FCI II     USP     FPC

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

```
FOR STAFF USE ONLY

Date issued: _____    Date returned to Counselor: _____
```

Inmate's Name: Hall, Narcliette        Reg. No.: 11691058

**INMATE'S COMMENTS:**

1. Complaint: On or about August 24, 2007 I was assaulted by numerous staff members on (E) range SHU by punching and kicking me in my facial and head area after I spit in (O1C) Black's face. Civil suit will issue. I request the film preserved.

2. Efforts you have made to informally resolve: Spoke to SHU LT.; Duty officer Plakkard; wrote (FBI); wrote Warden.

   I request an outside (FBI) investigation and to press charges against all involved.

3. Names of staff you contacted: See above #2.

*******************************************************************************
**FOR STAFF USE ONLY**
Steps Taken to Resolve Complaint: _____

_____

_____

_____

Conclusion: _____

_____

_____

Counselor: _____.        Date: _____

Unit Manager's Comments: No evidence to support you allegations staff assaulted you. Documented evidence shows you assaulted staff by spitting in the face.

Unit Manager: J. Horton, UM        Date: 9-9-07

**Distribution:** If complaint is <u>NOT</u> informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

no. 07CV01149
Exhibit 11

Date BP-9 Issued: _____

# United States Department
## of Justice

Narcliere Hall,
    Plaintiff,

   vs.

Warden J. L. Norwood;
A.W Ali;
Capt. PFiser (sic) / Lieutenant; & LT. Jennings (Pictures);
Officer Jenkings; & Duty officer Pakkard (sic);
officer Madrid;
officer Floress;
(OIC) John Doe; (Black)
(Officer) John Doe - (Camera man);
officer Hernendez (sic);
officer Hamilton;
Capt. (John Doe); and P.A (John Doe);
     Defendants et. al

---

Re: Formal Complaint & Affidavit; Conspiracy
   against Civilrights / Assault and Medical deprivation

Ref: Justice George Smith (NYC Appls - uncle);
   Hon. Kenneth McCargh (ex dist. U.S Attorney / Federal
   Judge - family member)

Requested: Formal Investigation; prosecution.

                      NO .07CV01149
                    Exhibit 11

Hall v. Norwood et al.

(4)

15. No further medical assistance was given and I reported having blurred vision, headache and dizziness with darting sharp pains in my left eye.

16. LT. Jennings visited the dry cell with a camera and I believe officers Floress and Madrid. who took pictures of only a front view when there existed several contusions from the leftside of the head.

17. I then reported the assault to duty officer Ms. Plakkard (sic) who said she was only to make sure I was alive. I gave her my stepfather's name (Hon. Kenneth McCargh - ohio) and told her she must inform the (OIA)/(FBI) of the assault, in which I showed her several injurous contusions on my head. Ms. Plakkard stated, "got it" and walked off.

18. Nearly 8 to 10 hours passed where I was made to hold my waste (defecation) and urined on the floor, before I was placed in another cell C146 with a toilet and barely running water, which only dripped.

19. During the assault my asthma medication and property was removed. I was denied further medical assistance for asthma complications for nearly (24) hrs. no medicines or medical assistance was provided.

20. No property log form was issued and legal appeals, ad. remedies were confiscated; (deadlined).

21. I was not issued proper bedding, clothes or hygiene items; I was made to remain in the same clothes and filth without change of clothes or shower. (for several days).

I request to be interviewed by the (FBI).

this day 8/25/07. /M/. 28 USC 1746

no. 07cv 1149

Exhibit II

**Request for Administrative Remedy - 466695-F1**
**Part B - Response**

This is in response to your Request for Administrative Remedy,
received September 17, 2007, in which you allege you were
assaulted by numerous staff after you spit on an officer.  You
request the video be preserved and reviewed, that charges be
pressed against staff, and to speak with the Federal Bureau of
Investigation.

All staff are held to a high standard of treating inmates fairly,
impartially, and humanely.  Mistreatment of inmates is not
tolerated.  Therefore, this matter will be thoroughly reviewed
and if it is determined staff acted inappropriately, this issue
will be forwarded to the proper investigative authority.
However, you will not receive information regarding the outcome
of any staff investigation.  Information concerning staff conduct
and performance is protected by the Privacy Act, 5 USC  § 552a.

Accordingly, this response is for informational purposes only.
If you are dissatisfied with your response, you may appeal to the
Western Regional Director.  Your appeal must be received by the
Regional Administrative Remedy Coordinator, Federal Bureau of
Prisons, Western Regional Office, 7950 Dublin Blvd., 3rd Floor,
Dublin, CA 94568, within twenty (20) calendar days from the date
of this response.

_____          __9/19/07_____
D. L. Norwood, Warden                      Date

no. 07cv01149
Exhibit 11

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Assault

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall Marc  11691058  2b/B136  VIP
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT  SHU    INSTITUTION

**Part A– INMATE REQUEST**  On or about August 24, 2007 about 6pm I was assaulted by numerous staff on (E) range SHU after spitting on OIC Black. I request that the film or hard-drive be investigated on (E) range SHU. I request to press charges and to speak with the FBI. I was repeatedly punched and kicked in my head and facial area while being called "Nigger". Civil suit will issue. Willing to negotiate settlement internally. K I request (SIS) to preserve the tapes evidence. Also that pursuant the Patriot Act PL 107-56 ³⁵1001 the (O±G)/(OIA) be notified.

9/12/2007
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

25465-359
1/18/07

no. 07cv01149

Exhibit 11

RECEIVED
SEP 17 2007
By _____

DATE                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE    CASE NUMBER: 466695-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

USP LVN

FCC 1330.13c
May 19, 2007
Attachment A

## REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION

**INSTITUTION (CIRCLE ONE)    FCI I        FCI II     USP     FPC**

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor.  Briefly state the complaint below and list what efforts you have made to resolve your complaint informally.  State names of staff contacted.

| FOR STAFF USE ONLY | |
| --- | --- |
| Date issued: _____ | Date returned to Counselor: _____ |

Inmate's Name: Hall, Marctrerre          Reg. No.: 11691058

**INMATE'S COMMENTS:**

1.  Complaint: On or about August 24, 2007 I was assaulted by numerous staff members on (E) range SHU by punching and kicking me in my facial and head area after I spit in (OIC) Blak's face. Civilsuit will issue. I request the film preserved.

2.  Efforts you have made to informally resolve: Spoke to SHU LT.; Duty officer Plakkard; wrote (FBI); wrote Warden.
    I request an outside (FBI) investigation and to press charges against all involved.

3.  Names of staff you contacted: See above #2.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**FOR STAFF USE ONLY**

Steps Taken to Resolve Complaint: _____

_____

_____

_____

Conclusion:_____

_____

_____

Counselor: _____        Date:_____

Unit Manager's Comments: No evidence to support you allegations staff assaulted you.  Documented evidence shows you assaulted staff by spitting in the face.

Unit Manager: J. Horton, UM          Date: 9-9-07

**Distribution:** If complaint is **NOT** informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

no. 07CV01149
Exhibit 11

Date BP-9 Issued:_____

United States Department
of Justice

Marchière Hall,
        Plaintiff,

        vs.

Warden J. L. Norwood;
A. W Ali;
Capt. PFiser (sic) / Lieutenant; & LT. Jennings (Pictures);
officer Jenkings; & Duty officer Pakkard (sic);
officer Madrid;
officer Flores;
(OIC) John Doe; (Black)
(officer) John Doe - (Camera man);
officer Hernendez (sic);
officer Hamilton;
Capt. (John Doe); and P.A (John Doe);
        Defendants et. al

Re: Formal Complaint & Affidavit; Conspiracy
    against Civilrights / Assault and Medical deprivation

ReF: Justice George Smith (NYC Appls - uncle);
    Hon. Kenneth McCargh (ex dist U.S Attorney / Federal
    Judge - family member)

Requested: Formal Investigation; prosecution.
                        no. 07CV01149
                    Exhibit 11

Hall v. Norwood et. al.

(2)

I, Narchérte Hall 11691058 duly depose under penalty of perjury 28 USC 1746 that the following is true to the best of my knowledge, belief and understanding as follows; (as an orthodox sunni muslim):

1. On or about August 29, 2007 at (USP) Victorville, Adelanto, California; Special housing unit range (E) beginning after the evening meal, officer Flores approached cell E222 requesting me to move to another cell with inmate Ford, I refused.

2. Thereafter the (OIC - officer In charge) John Doe / Black aggressively approached me at the door of cell E222 regarding my refusal to move, with threatening to do bodily harms if I didn't move. Name calling and words were exchanged.

3. Lieutenant Pfiser (sic) approaches my cell thereafter, in which I had covered my cell window with paper. LT. Pfiser (sic) stated that I had exactly five minutes to remove the covering and left the area.

4. LT. Pfiser (sic) returns with a security gun and several staff members, a shield and cameraman. And orders me to cuff up. (see range security film / hard-drive).

5. I comply. Officer Madrid handcuffs me, at which point I am removed from cell E222 into the corridor.

6. Officer Jenkings searches me and I am escorted down range toward the gate where I spit in the face of the (OIC) John Doe who threatened me earlier.

7. The (OIC) and several officers began attacking me with punches to my head and facial area calling me "Nigger".

8. Officer Jenkings slams me into the wall and my

NO. 07CV 01149
Exh. 11

Hall v. Norwood et. al

(3)

head into the brown wooden log book desk off the wall, holding me while several officers beat me in my head and face. While the camera man leaves the area during the beating.

9. LT. Pfiser (sic) orders me to be taken down to the cement floor. At which time officer Hernendez is hitting me with the shield and Kicking me in my head and face. (I believe it was him at this point). See (film / hard-drive).

10. The (OIC) John Doe who was spit on began Kicking and Kneeing me in my head calling me "Nigger". While officer Jenkings and others held me down by my handcuffs, back and legs.

11. LT. Pfiser (sic) tells the (OIC) John Doe to get up now and go wash his face, while the inmates on the range are yelling and Kicking on their doors.

12. The (OIC) leaves the area, LT. Pfiser then has my legs secured with leg irons and has me moved around the corner out of the camera's scope and laid on the floor.

13. I am yelling to the inmates that I need medical attention. In which I am then placed in a holding cell or dry cell where the camera man now appears with the medical.

14. PA (medical) examined me in which I repeatedly requested X-rays etc. on my head and facial area. The P.A. then turns to the camera and states there were no physical injuries. However, when the PA returned nearly an hour later, there were appearent contusions nearly five on my forehead and upper temple and head area in which he said he would list on my injury report and prescribe pain medication.

NO. 07CV01149
Exhibit 11

Hall v. Norwood et. al.

(4)

15. No Further medical assistance was given and I reported having blurred vision, headache and dizziness with darting sharp pains in my left eye.

16. LT. Jennings visited the dry cell with a camera and I believe officers Floress and Madrid. Who took pictures of only a front view when there existed several contusions from the left side of the head.

17. I then reported the assault to duty officer Ms. Plakkard (sic) who said she was only to make sure I was alive. I gave her my stepfather's name (Hon. Kenneth McCargh - ohio) and told her she must inform the (OIA)/(FBI) of the assault, in which I showed her several injurous contusions on my head. Ms. Plakkard stated, "got it" and walked off.

18. Nearly 8 to 10 hours passed where I was made to hold my waste (defication) and urined on the floor, before I was placed in another cell C146 with a toilet and barely running water, which only dripped.

19. During the assault my asthma medication and property was removed. I was denied further medical assistance for asthma complications for nearly (24) hrs. No medicines or medical assistance was provided.

20. No property log form was issued and legal appeals, ad. remedies were confiscated. (deadlined).

21. I was not issued proper bedding, clothes or hygiene items; I was made to remain in the same clothes and filth without change of clothes or shower, (for several days).

I request to be interviewed by the (FBI).

this day 8/25/07. ___    28 USC 1746

no. 07cv1149

Exhibit 11

We return original letter
and any docs we received.
*No copies kept.*

no. 07CV01149

11691058

Marchere Hall
POB 5500
Adelanto, CA 92301

RECEIVED
OCT 2 5 2007
By

September 12, 2007

Prison Law office
D. Specter
General Delivery
San Quentin, CA. 94964

Re: Civil Rights abuse

Ref: Justice George Smith (NYC-Appls-Uncle)
Hon. Kenneth N'Sargh (ex.dist. US attorney - Federal Judge
ohio) - (Family member)
Hon. Reid (Federal Judge - Aunt)

Dear Mr. Specter:

To the point:
1. We are being beaten here by staff
in our cuffs in special housing unit.
2. I was one dated 8/24/07 on (E) range.
(see attached). Others exist.
3. Hand held camera's are being turned off
or not produced at all. My assault is of the range
(E) security camera or hard-drive.
I need to talk with you.
Sincerely, M.

Exhibit 11

BP-A362.060    **INMATE INJURY ASSESSMENT AND FOLLOWUP (Medical)** CDFRM
SEP 05
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| 1. Institution FCC VICTORVILLE USP | 2. Name of Injured HALL MARK | 3. Register Number 11691-058 |
|---|---|---|
| 4. Injured's Duty Assignment | 5. Housing Assignment SHU | 6. Date and Time of Injury 08-24-07    1820 |

| 7. Where did Injury Happen? (Be specific as to location) Cell @ end of range. | Work Related? ☐ Yes ☒ No | 8. Date & Time Reported for Treatment 08-24-07    1825 |
|---|---|---|

9. Subjective, A) Cause of Injury (Inmate's Statement of how injury occurred):
Use of force.

B) Symptoms (as reported by inmate): Pain on forehead, nasal bridge & paranasal sinuses

                                                        Unable to sign.
                                                        _____
                                                        Signature of Patient

| 10. Objective: (Observations or Findings from Examination) | X-Rays Taken _____    Not Indicated _____ |
|---|---|
| Pain (+++) on palpation frontal paranasal sinuses & bridge of nose. No physical signs of injury seen at this time. Restraints not affecting circulation or neurologically. | X-Ray Results |

11. Assessment: (Analysis of Facts Based on Subjective and Objective Data) S/P Use of force.
+ Possible trauma forehead.

12. Plan: (Diagnostic Procedures with Result, Treatment and Recommended Follow-up)
— Observation.

a. No Medical Attention (Check applicable)

☒ a. No Medical Attention

☐ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other (Explain)

_____

_____

☐ e. Pain assessment: (Optional)

   Mild      Moderate      Severe

   1--2--3--4--5--6--7--8--9--10

_____
Signature of Physician or Physician Assistant

J. ESQUETINI
PA-C
FCC VICTORVILLE

JESUS HERNANDEZ, MD
FCC Victorville



Original- Medical File; Canary - Safety; Pink - Supervisor; Goldenrod - Correctional Supervisor

(This form may be replicated via WP)                Replaces BP-S362.060 of FEB 05

USP Victorville
PO Box 5600
Adelanto, CA 92301

no. 07CV01149
Exhibit 11

BP-A148.070
SEP 98

INMATE REQUEST TO STAFF MEMBER

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) SIS / Hodgik | DATE: 8/29/07 |
|---|---|
| FROM: Marc Hall | REGISTER NO.: 11691058 |
| WORK ASSIGNMENT: | UNIT: B13c SHU |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

On or about 8/24/07 I was assaulted by numerous Staff on (E) range. I request to press charges and have the film reviewed and preserved for evidence of a crime. 18 USC 113 assault.

Please contact the (FBI)/(OIA) for interview. I invoke the Patriot Act 107-56 for civilian/SIS abuse. I request to give my statements to an (FBI) agent. 18 USC 113 assault; prior to Rico suit.

28 USC 1746

CC:
file

(Do not write below this line)

| Signature Staff Member: | Date: |
|---|---|

NO. 07CV01149
Exhibit 11

Record Copy - File; Copy - Inmate

Replaces BP-148.070 of OCT 86

J.L. Norwood, Warden
USP Victorville
P.O. Box 5600
Adelanto, CA 92301


September 28, 2007


Dear J.L. Norwood:

It has recently been brought to my attention that my son, Marc P. Hall (#11691-058) an
inmate confined at Victorville, was assaulted by guards at that facility. During the attack
racial, derogatory names were used as he was punched and kicked in the head.
It was relayed to me by my son that an Officer Black threatened Marc and when my son
retaliated that is when other officers joined Black in the assault.
My son is not in prison to be beat, kicked, punched, or kept in solitary confinement until
his spirit is broken. Cruel and unusual punishment is unconstitutional and calling
someone a *nigger* while assaulting him is a **hate crime.**
I am confident that this matter will be handled in a fair manner and await your response.

Thank you,



Armonda Valeriano




Cc: U.S. Senator Chris Dodd
     Dept. of Justice



07CV01149
Exh. 11

U. S. Department of Justice
Civil Rights Division
950 Pennsylvania AV. N.W.
Office of the Assistant Attorney General, Main
Washington, D.C. 20530


September 28, 2007


Re: Hate Crime


Dear Rena Johnson Comisac:

For 12 1/2yrs I have cried out for help for my son, Marc Hall (11691-058)  a federal
prisoner currently housed in USP Victorville, to no avail. The attached letter is another
form of abuse he has continued to suffer at the hands of vicious prison guards employed
by the Bureau of Prisons. They have sent my son out in the middle of the desert, always
keeping him away form his family, and causing a financial hardship on us to travel to see
him.
This latest beating by guards punching and kicking him in his head as they called him a
**nigger**  is a **hate crime** and needs to be treated as such. Those guards are not above the
law.
I thank you for your investigation into the matter.

Sincerely,



Armonda Valeriano
122 Berkeley AV
Waterbury, CT 06704
(203) 710-7959



NO . 07cv01149
Exh. 11

U.S. Senator Chris Dodd
448 Russsell Building
Washington, D.C. 20510

September 28, 2007

Re: Hate Crime

Dear Chris Dodd,

Once again I write to you concerning the horrendous treatment my son, Marc Hall, a
federal inmate has suffered. During the last 12 ½ yrs. Marc has received threats, beatings,
and lost part of his ear during his incarceration. Most of the beatings were from the
guards who are obviously unstable to handle the stress of their positions.
On August 24, 2007 once again my son was beaten by several guards at the U.S.
Victorville in Adelanto, CA. after spitting at a guard who threaten him. As the guards
punched and kicked him in the head they called him a **nigger.** Anyplace else in the
United States those type of actions are viewed as a **hate crime.** Why are guards allowed
to beat and mentally harass people without any responsibilities for their actions?
The people who they have charge over are paying for their crimes.
 Marc has spent most of the 12 ½ yrs in segregation. Prisons across America misuse
segregation as a tool to break a person's spirit and eventually they become mentally and
emotionally broken and are put on strong medications that make them a zombie. I view
that as cruel and unusual punishment. I am a citizen, as is my son, of the United States
and my family served and gave their lives for this country in the support of democracy.
Where is it in our prisons when our sons and daughters are so inhumanely treated? He is
in the middle of a desert and his family lives in Connecticut. That's how rotten they are.
Attached is the report from my son and a letter to the warden of that institution.
I thank you for any help you are able to give me in this situation.

Sincerely,


Armonda Valeriano
122 Berkeley Av
Waterbury, CT 06704
(203) 710-7959

No. 07cv01149

Exh. 11

U.S. Department of Justice

Federal Bureau of Prisons

07 NOV 19  AM 11: 50

--------------------------------------------------------------------

*Washington, DC 20534*
November 16, 2007

The Honorable Christopher J. Dodd
United States Senator
30 Lewis Street, Suite 101
Hartford, Connecticut  06103

Attention:  Mark Stephanou

Dear Senator Dodd:

    This is in response to your correspondence on behalf of
Armonda Valeriano, whose son, Marc Hall, currently is
incarcerated at the Federal Correctional Complex (FCC) in
Victorville, California.  Ms. Valeriano alleges Mr. Hall was
assaulted by staff at FCC Victorville.

    These allegations were received previously and were
forwarded to the Bureau of Prisons, Office of Internal Affairs,
for investigation.  At the conclusion of the investigation,
appropriate action will be taken.

    I trust this is responsive to your constituent's concerns.

                        Sincerely,

                        Kathleen M. Kenney
                        Assistant Director/General Counsel

NO. 07CV01149

Exh. 11

CHRISTOPHER J. DODD
CONNECTICUT

COMMITTEES:

BANKING, HOUSING, AND
URBAN AFFAIRS
————
FOREIGN RELATIONS
————
HEALTH, EDUCATION, LABOR,
AND PENSIONS
————
RULES AND ADMINISTRATION

## United States Senate

WASHINGTON, DC 20510–0702

WASHINGTON OFFICE:
448 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224–2823
TDD (202) 224–5464
————
STATE OFFICE:
30 LEWIS STREET, SUITE 101
HARTFORD, CT 06103
(860) 258–6940
TDD (860) 529–7498

HOME PAGE: http://dodd.senate.gov
E-MAIL: http://dodd.senate.gov/webmail

December 3, 2007

Ms. Armonda Valeriano
122 Berkeley Ave.
Waterbury, CT 06074

Dear Ms. Valeriano:

I have enclosed a copy of the reply I received from Ms. Kathleen M. Keeney, the
Assistant Director/General Counsel for the Federal Bureau of Prisons (BOP), regarding
the allegations you raised about your son's treatment by staff at the Federal Correctional
Complex in Victorville, California.

Ms. Kenney states the matter is presently under investigation by the BOP Office of
Internal Affairs, and that appropriate action will be taken when the investigation is
finished.

Please call Mark Stephanou of my Connecticut staff if you have any further questions.

Sincerely,

CHRISTOPHER J. DODD
United States Senator

enclosure
in reply: Connecticut Office

no. 07CV01149
Exh. 11

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 25, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A24-202L
      P.O. BOX 5600
      ADELANTO,  CA 92301


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 459024-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED  : NOVEMBER 21, 2007
SUBJECT 1      : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2      : MEDICAL CARE - IMPROPER OR INADEQUATE
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS        : IF THE UNTIMELY DELAY IN FILING WAS NOT YOUR FAULT,
                 PROVIDE STAFF VERIFICATION AND RESUBMIT TO THE
                 INSTITUTION FOR RECONSIDERATION.


NO. O7CV01149
Exhibit 12

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 26, 2007


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP     UNT: 2 B     QTR: A23-121U
      P.O. BOX 5600
      ADELANTO,  CA 92301



FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 459024-R1      REGIONAL APPEAL
DATE RECEIVED    : OCTOBER 25, 2007
SUBJECT 1        : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2        : MEDICAL CARE - IMPROPER OR INADEQUATE
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS          : OTHER FACILITIES INCLUDE USP CANAAN, USP ALLENWOOD


no. 07CV01149
Exhibit 12

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Hall Marc P_____ _11671058._ _2b 121_ _ViP_
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** I fully adopt the attached BP8.-9 in which transit Property Seizure and Unit team impediments interfered with timely Process good Faith is taken under Booth v. Churner 531 US 731 (2001)

(Did not receive until 10/8/07)

_10/10/2007_                          _/s/_
DATE                             SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

OCT 2? 2007

Exhibit 12
no. 07CV01149

DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE             CASE NUMBER: _459024 R!_

**Part C - RECEIPT**

                              CASE NUMBER: _459024 R)_

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT:_____

DATE                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN           PRINTED ON RECYCLED PAPER                BP-230(13)
                                               JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Medical

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __HALL  Marc  P__  __11691058__  __2b121__  __VIP__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A - REASON FOR APPEAL**

Pursuant Booth v. Churner 531 US 731 (2001) I proceed
under "good faith" In which VIP staff had interferred
with timely process to include transfer and segregation
including seized property.

 I fully adopt the BP9-10 herein.

__11/7/07__ 　　　　　　　　　　　　　　　 _____
DATE 　　　　　　　　　　　　　　　　　　 SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 3 0 2007

Administrative Remedy Section
Federal Bureau of Prisons

NO. 07CV01149
Exhibit 12

_____　　　　　　　_____
DATE 　　　　　　　　　　　　　　　　　　　GENERAL COUNSEL

**ORIGINAL: RETURN TO INMATE**　　　　CASE NUMBER: __459024__

**Part C - RECEIPT**
　　　　　　　　　　　　　　　　　　　　CASE NUMBER: __459024__

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION
SUBJECT: _____

_____　　　　　_____
DATE 　　　　　　　　　　　　　　　SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN　　　　　　PRINTED ON RECYCLED PAPER　　　　　　　　　　　　　BP-231(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JUNE 2002

121        BA¹²

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 11, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      VICTORVILLE USP

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: Z01-126LAD
      P.O. BOX 5600
      ADELANTO, CA 92301

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 459024-F1     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : JUNE 11, 2007
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2       : MEDICAL CARE - IMPROPER OR INADEQUATE
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : OTHER FACILITIES INCLUDE USP CANAAN, USP ALLENWOOD

no. 07CV01149
Exhibit 12

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Abuse of process / duty of Care - Discrimination*    BY12

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall Marc P        11691 058    2/8126 3rd    Victorville
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** This is filed pursuant Booth v. Churner 531 US 731 (2001) good faith whereas I claim:

1). I have been denied adequate medical attention for special care clinic services in the BOP Agency in several prisons in violation of 18 USC 4042 1-3, 8th Amend. 5th Amend. (Cruel punishments and discrimination/equal protection).

2). I have repeatedly filed and verbally requested 1). Pulmonary clinic; 2). hernia treatment; 3). brain specialist & MRI as noted on record; and 4). dermatologist; nothing done. Attached BP8 fully incorporated.

Civil suit will issue.

6/30/2007
DATE                                   SIGNATURE OF REQUESTER

**Part B– RESPONSE**

NO. 07CV01149
Exhibit 12

RECEIVED
JUL 11 2007
By_____

_____    _____
DATE                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 459024-F1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

                                (MEMBER)
                                            BP-229(13)
                                            APRIL 1982

Medical

FCC 1330.13c
March 20, 2007
Attachment A

# REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION

#450039

BA 12

**INSTITUTION (CIRCLE ONE)      FCI I      FCI II      USP      FPC**

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

| FOR STAFF USE ONLY |
|---|
| Date issued: _____      Date returned to Counselor: _____ |

Inmate's Name: Hall, Narchère          Reg. No: 11611058

**INMATE'S COMMENTS:**

1. Complaint: I've been denied "adequate medical treatment" for "special care clinic services" re: 1). pulmonary ; 2). hernia ; 3). brain ; 4). dermatologist at several prison facilities either during designation or by and through transit in discrimination

2. Efforts you have made to informally resolve: I've filed BP8 / BP9 in several facilities - USP Allenwood ; USP Canaan for treatment. no response.

3. Names of staff you contacted: Counselor Bolgevich / USP Canaan; vitale / USP Allenwood

*********************************************************************

**FOR STAFF USE ONLY**

Steps Taken to Resolve Complaint: _____

_____

Conclusion: Request Medical treatment at This inst.

_____

Counselor: _____          Date: 6-22-07

Unit Manager's Comments: Health Services has been made aware of your situation

_____

Unit Manager: Chris Hall for Mr. Horton          Date: 6-20-07

**Distribution:** If complaint is **NOT** informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk. NO. 07CV01149

Exhibit 12

Date BP-9 Issued: _____



                    REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 29, 2007


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A24-202L
      P.O. BOX 5600
      ADELANTO, CA 92301



FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 468926-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : NOVEMBER 23, 2007
SUBJECT 1      : RELIGIOUS PROGRAMS - (EXCEPT FOOD/DIETS/MEALS), ACCESS TO
SUBJECT 2      : RLGS FOOD:CERTIFIED/NON-FLESH - DELIVERY/PREPARATION OF
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REJECT REASON 2: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REMARKS        : YOU MUST FOLLOW THE INSTRUCTIONS GIVEN TO YOU AT THE
                 INSTITUTION AND RETURN YOUR APPEAL FOR REVIEW AND
                 RESPONSE.




                                                    no. 07CV01149
                                                    Exhibit 13

Religious Services First Amendment

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Hail Marc P          16091058        26-202        VIP
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** Pursuant good faith Booth v. Churner, 531 US 731 (2001) the following instructions are erroneous due to 28 CFR 514.14(a)(c) "closely related issues" are presented. All the issues relate to Ramadan in situ and deal with the first Amend. 42 USC 2000cc. The issue is the violation of the Religion (Ramadan). I therefore fully adopt the BP 8-10 attached.

11/13/07
DATE

SIGNATURE OF REQUESTER

RECEIVED
NOV 2 3 2007
Administrative Remedy Section
Federal Bureau of Prisons

no. 07CV01149
Exhibit 13

**Part B - RESPONSE**

_____                    _____
DATE                               GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE         CASE NUMBER: 468926

**Part C - RECEIPT**
                                   CASE NUMBER: 468926

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____                    _____
DATE                               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN          PRINTED ON RECYCLED PAPER                    BP-231(13)
                                                              JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 7, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A23-121U
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 468926-R1       REGIONAL APPEAL
DATE RECEIVED  : NOVEMBER 5, 2007
SUBJECT 1      : RELIGIOUS PROGRAMS - (EXCEPT FOOD/DIETS/MEALS), ACCESS TO
SUBJECT 2      : RLGS FOOD:CERTIFIED/NON-FLESH - DELIVERY/PREPARATION OF
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS        : YOU MUST FOLLOW THE INSTRUCTIONS GIVEN TO YOU AT THE
                 INSTITUTION BEFORE SUBMITTING YOUR APPEAL TO THE
                 THE REGIONAL OFFICE. RESUBMIT YOUR BP-9.

NO. 07CV01149

Exhibit 13

U.S. Departme.
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Religion

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: ___Hail Marc P___ ___11691058___ ___2b121___ ___VIP___
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** The attached BP 8-9 are fully incorporated in which Fail under "closely related issues" of the Ramadan Fast. All issues 1-3 involved Ramadan. See 28 CFR 541.14(d)(2) Civil suit will issue See 42 USC 2000cc.

___10/17/2007___
          DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 05 2007

BOP REGION
WRO

no. 07CV01149
Exhibit 13

_____
DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

_____
REGIONAL DIRECTOR

CASE NUMBER: ___A68926___

**Part C - RECEIPT**

CASE NUMBER: ___A68926___

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          ♻ PRINTED ON RECYCLED PAPER          BP-230(13)
                                                              JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 5, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      VICTORVILLE USP

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP   UNT: 2 B    QTR: Z01-137LAD
      P.O. BOX 5600
      ADELANTO, CA 92301


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 468926-F1     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : OCTOBER 5, 2007
SUBJECT 1      : RELIGIOUS PROGRAMS - (EXCEPT FOOD/DIETS/MEALS), ACCESS TO
SUBJECT 2      : RLGS FOOD:CERTIFIED/NON-FLESH - DELIVERY/PREPARATION OF
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).   YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 3: SEE REMARKS.

REMARKS        : YOU NEED TO SEPARATE FOOD ISSUES FROM ACCESS TO
                 RELIGIOUS PROGRAMS (RAMADON LIST).


No. 07CV01149
Exhibit 13

*Religion*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Hall Marc P**          **1169105B**      **2b/3B4/137**    **VIP**
    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT      INSTITUTION

**Part A- INMATE REQUEST**

Pursuant good Faith Booth v. Churner 531 US 731 (2001) and 42 USC 2000cc ; Cruz v. Beto 405 US 319 (1972) and the First Amend. I claim:

1. that (USP) Victorville as placed undue burdens on religion without a "Justifiable Penological Interest".

2. that the facility has failed to adequately supervise the fast and

3. Started my Ramadan (3) days late; to include tampered bags, cold food trays and tampered food trays, late meals etc.

I fully adopt my attached (2) BP8's as closely related offenses/issues 28 CFR 541.14(c)(2) and its attachments.

Civilsuit will issue.

10/3/07  DATE _____          _____ SIGNATURE OF REQUESTER

**Part B- RESPONSE**

No. 07cv01149
Exhibit 13


RECEIVED
OCT 5 2007
By_____

_____          _____
DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: **468926-F1**

BP-S148.055
March 20, 2007
Attachment A

## REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION

**INSTITUTION (CIRCLE ONE)**    FCI I      FCI II      USP      FPC

NOTICE TO INMATE: Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor.   Briefly state the complaint below and list what efforts you have made to resolve your complaint informally.   State names of staff contacted.

FOR STAFF USE ONLY

Date issued: _____    Date returned to Counselor: _____

Inmate's Name: _Marc Hall_____    Reg. No: _11691058_____

INMATE'S COMMENTS:
1.  Complaint: _Denial of Religion. I was not placed on Ramadan Timely upon filing copouts & speaking to chaplain. See Cruz v. Beto 405 US 319 (1972), 42 USC 2000cc, First Amendment. Civil suit will issue - per day of restriction._

2.  Efforts you have made to informally resolve: _spoke with chaplain, filed several copouts._

3.  Names of staff you contacted: _Chaplain._

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FOR STAFF USE ONLY
Steps Taken to Resolve Complaint: _____

Conclusion: _____

Counselor: _____    Date: _____

Unit Manager's Comments: _ACCORDING TO YOUR RECORDS YOU HAVE RECENTLY BEEN PLACED ON THE UPDATED RAMADON LIST (9/14/07)._

Unit Manager: _J. Horton, UM_____    Date: _9/24/07_____

**Distribution**: If complaint is NOT informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

no. 07cv01149
Exhibit 13

Date BP-9 Issued: _____

FCC 1330.13c
March 20, 2007
Attachment A

*First Amend. Religion*

## REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION

*Cooper chaplain*

**INSTITUTION (CIRCLE ONE)    FCI I    FCI II    USP    FPC**

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

| FOR STAFF USE ONLY |
|---|
| Date issued: 9/25/07    Date returned to Counselor: |

Inmate's Name: Marthere Hall    Reg. No: 11691058

**INMATE'S COMMENTS:**

1. Complaint: Title 42 USC 2000 cc / First Amend. violations of religious burdens without justified penological interest. the Victorville facility has repeatedly burdened the Ramadan Fast by lack of food, bland food, cold food, tampered trays, tampered food breakfast bags or insufficient meals. Lack of supervision.

2. Efforts you have made to informally resolve: Spoke to officer Capodolla, OIC and Request to be removed from the Fast. Attachment Fully Incorporated.

3. Names of staff you contacted: OIC, chaplain, range officer.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**FOR STAFF USE ONLY**

Steps Taken to Resolve Complaint: _____

_____

_____

Conclusion: _____

_____

_____

Counselor: _____    Date: _____

Unit Manager's Comments: According to Chaplain Records / Documentation NO inmates shared issues with the Ramadan Fast. Chapel Service will contact you to resolve your complaint.

Unit Manager: J. Horton, Um    Date: 10-3-07

**Distribution:** If complaint is NOT informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

NO. 07CV01149
Exhibit 13

Date BP-9 Issued: INFO. ONLY

United States Dept. of Justice
USP Victorville

Marchette Hall,
        Plaintiff,

    vs.

Chaplain Cooper et. al.
        Defendants,

Re: Legal Notice pursuant Rule 5 F.R.CV. P

[ Complaint & Affidavit ]

1. I, Marchette Hall 11691058 duly depose under penalty of perjury 28 USC 1746 that the following is true to the best of my knowledge, belief and understanding as follows:

2. the facility at (USP) Victorville, Cal. has illegally placed burdens on my religion during Ramadan as follows:

   A. Foiled my participation in the fast for nearly (4) days;
   B. Failed to supervise the fast;
   C. Permitted cold food to be served;
   D. Permitted food trays to be tampered with;
   E. Permitted breakfast bags tampered with and issued insufficient food;

NO. 07CV01149
Exhibit 13

(2)

(F). Permitted bland food to be issued
without condements.

This is a violation of 42 USC 2000 cc / First Amend.
wherefore the unnecessary burdens on religion will
be litigated at $1.5 million per day per person.
                    this day 9/25/07.

                    28 USC 1746

cc:
legal file
warden

no. 07CV01149
Exhibit 13



United States Dept. of Justice
Office of Internal Affairs

Marcpierre Hall,
        Plaintiff,

    vs.

Unit Mgr. J. Horton, et. al.
        Defendants,

Re: Formal Complaint; First Amendment Rights

[ Complaint & Affidavit ]

    1, Marcpierre Hall 11691058 depose under penalty of perjury 28 USC 1746 that the following is true to the best of my knowledge, belief and understanding:

    1. Unit Mgr. J. Horton has repeatedly delayed, obstructed access to lawyers, agencies and dept's of the United States to include courts, for 3 to 4 weeks.
    2. I have attempted to receive legal copies of documents in which aren't returned in a "timely" manner and has caused several ad. remedies to be untimely.
    3. My legal mail has been obstructed, delayed by Horton with placing three (.41¢) stamps on postage costing $7.95 plus. which was returned two weeks later.

                                            Exhibit 14
                -(over)-     no. 07CV01149

Hall v. Horton et. al

(2)

Wherefore, I request the OIA/OIG to investigate the obstruction, delay and interference that violates 18 USC 1703a, 1509 and Thornburgh v. Abbott, 490 US 401 (1989). I request all requests for legal copies be duly returned within (48)hrs. and all mail returned once postaged that I may check and mail, within (24)hrs.

Respectfully Submitted

28 USC 1746
9/26/2007

cc:
legal file
warden ✓

NO. 07CV01149
Exhibit 14

```
                 REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 11, 2008



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      VICTORVILLE USP    UNT: 2 B    QTR: A24-202L
      P.O. BOX 5600
      ADELANTO,  CA 92301



FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 467538-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED  : DECEMBER 13, 2007
SUBJECT 1      : SPECIAL/LEGAL MAIL
SUBJECT 2      : OTHER LEGAL
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR   A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.
```

no. 07CV01149
Exhibit 14

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

~~legal mail~~

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: HALL Marc P.        11691058        2b202        VIP
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**  Pursuant to good faith Booth v. Churner, 531 US 731 (2001) I proceed with the attached returned copy of the regional response who illegally seized my BP8, BP9 documents. Also, Title 18 USC 1703a applies to "whoever" no exemptions.

I fully adopt and incorporate the attached BP10. I also request this office to supervise the region to return copies or original BP8, BP9 attachments with their responses. Civilsuit Rico will issue.

NOTE: my copy of the BP9-10 attached

12/4/07
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DEC 1 8 2007

Administrative Remedy Section
Federal Bureau of Prisons

No. 07CV01149
Exhibit 14

---

DATE

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

GENERAL COUNSEL

CASE NUMBER: 467538

CASE NUMBER: 467538

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN        PRINTED ON RECYCLED PAPER        BP-231(13)

U.S. Department of Justice
Case 1:07-cv-01149-RMC    Document 30-4    Filed 03/18/2008    Page 22 of 37
Federal Bureau of Prisons

Regional Administrative Remedy Appeal

*legal mail*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Hall Marc P    11691058    Qb    VIP
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

I fully adopt and Incorporate the attached BP8-9. the facility or the policy is violating first Amendment rights and equal protection of law delaying, obstructing and impeding access to the U.S mail system, courts and agencies. I request to file a (199) form for payment or civilsuit will issue. this is a criminal violation under 18USC 1703a. I invoke the Patriot Act 107-56 SS1001 for (OIG) investigation.

10/17/07
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

OCT 25 2007

NO. 07CV01149
Exhibit 14

DATE        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 467538 R R1

**Part C - RECEIPT**

CASE NUMBER: 467538 R

Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN      PRINTED ON RECYCLED PAPER      BP-230(13)
JUNE 2002

467538-R1                          HALL, Marc                          11691-058
USP Victorville

This is in response to your Regional Administrative Remedy Appeal of
the Warden's decision dated October 11, 2007. In your appeal, you
state the institution is violating your First Amendment rights by
impeding access to the U.S. Mail System. For your remedy, you are
requesting an investigation into your access to the mail system.

Your appeal has been investigated. Program Statement 5265.11,
Correspondence, reflects "An inmate who has neither funds nor
sufficient postage and who wishes to mail legal mail or administrative
remedy forms will be provided the postage stamps for such mailing. To
prevent abuse of this provision, the Warden may impose restrictions on
the free legal and administrative remedy mailings." Institution staff
indicate they provided you with ten stamps in August 2007. The same
month, you requested an additional 40 stamps. The Unit Manager took
your mail from the Special Housing Unit and mailed it the same day from
the institution with postage. One item that was mailed that date was
returned from the U.S. Post Office for insufficient postage. Although
the Unit Manager had placed two stamps on the item, due to its weight,
it required additional postage and was returned. Following this
mailing of items, you once again requested 40 stamps. Per the Unit
Manager, included with the additional 40 letters you wished to mail,
were letters to the LOTTO commission. These letters do not meet the
definition of legal mail. The Unit Manager checked your TRUFACS
account balance and determined you received sufficient funds and were
not eligible to receive additional free postage.

As of November 2, 2007, per your TRUFACS account, you have received
$65.00 in the past six months. Although your account is frozen due to
several monetary restitutions owed from disciplinary decisions, the
institution is not required to provide you with additional postage.
Currently, you have submitted to the Unit Manager Request for
Withdrawal of Inmate's Personal Funds (BP-199) forms totaling $119.81
for stamps and copies. The institution has sufficiently provided you
with postage and has met all policy requirements. Your rights are not
being violated and you are not being denied access to the U.S. Mail
System.

In your remedy, you state this is a criminal violation under 18 USC
1703a. This U.S. Section Code does not apply to inmate mail. This
only applies to employees of the United States Postal Service.

Based on the above, your request for Regional Administrative Remedy
Appeal is partially granted in that your appeal was investigated. If
dissatisfied with this response, you may appeal to the Office of the
General Counsel, Bureau of Prisons, 320 First Street, NW, Washington,
D.C. 20534. Your appeal must be received in the General Counsel's
Office within 30 calendar days of the date of this response.

11-19-07                          _____
Date                              Robert E. McFadden, Regional Director

NO. 07CV01149
Exhibit 19



Inmate Formal Complaint
Hall, Marc #11691-058
VIP QUARTERS   A23-121U

This is to note that your Inmate Formal Compliant was received October 10, 2007. You allege your Unit Manager is obstructing your access to the courts, your access to legal copies, and your access to proper postage for legal mail. You request an OIA/OIG investigation.

Your request has been investigated. These issues have been investigated and addressed within the Administrative Remedy Program, case numbers, 467538-F1 and 468927-F1. Nonetheless, the investigation revealed from September 1, through September 24, 2007, you attempted to mail 85 pieces of legal mail using the free legal and administrative remedy mailing provision. This after you had signed Requests for Withdrawal of Inmate's Personal Funds forms, for which you had insufficient funds to cover your copy and postage requests. According to P.S. 5265.11, Correspondence, an inmate who has neither funds nor sufficient postage, and who wishes to mail legal mail or administrative remedy forms, will be provided the postage stamps for such mailing. To prevent abuse of this provision, inmates are approved to mail only five domestic first-class, one ounce, letters each week. The additional envelopes were held by your Unit Manager to stamp and mail per policy, five per week. Recently, it was determined you are not indigent and all correspondences held by your Unit Manager for indigent mailing were returned to you.

There was no evidence found to support your allegations of obstruction by your Unit Manager, therefore, your request is denied.

_____          __10/11/07__
J. L. Norwood, Warden                        Date

no. 07cv01149

Exhibit 19

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*legal mail*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall Marc P          1169105 8      2b 3H4 B136    VIP
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

I request that all postaged mail by my unit
team be duly returned to assure timely mailing and correct
Postage pursuant 18 usc 1703g violations deterence

9/16/07                                    .MH.
DATE                                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

10/9/07

no. 07cv01149
Exhibit H

10/1/07

RECEIVED
SEP 24 2007
By

DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE          CASE NUMBER: 467538-F1

                                        CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____        _____
DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)        BP–229(13)
                                                                    APRIL 1982
USP LVN

BP-A148.055
SEP 98

## INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Counselor Bossell | DATE: 9/5/2007 |
|---|---|
| FROM: Marc Hall | REGISTER NO.: 11691058 |
| WORK ASSIGNMENT: | UNIT: 28 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

1. Please remit (42) envelopes for the attached letters.
2. Please remit (42) certified slips from mailroom for attached letters.
3. Please remit a payment (99) form for $138.02 for mailing
4. Return all letters, etc.
                          Thanks.

(Do not write below this line)

DISPOSITION:

no. 07cv01149
Exhibit 14

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-A148.055
SEP 98

### INMATE REQUEST TO STAFF CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Warden | DATE: 9/5/07 |
|---|---|
| FROM: Marc Hall | REGISTER NO.: 11691058 |
| WORK ASSIGNMENT: | UNIT: 2b |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

1. Please have Unit Mgr. J. Horton return my BP8 on him regarding my mail and legal copies.

2. Please have the SHU property officer release my legal property. I have pending appeals.

3. Please have the SHU staff allow me to use the law library.

cc:
file

(Do not write below this line)

DISPOSITION:

no. 07cv01149
Exhibit 14

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

SHU Ops

COPY

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _Hall Marc P_  _14491058_  _2b202_  _VIP_
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**   I fully adopt my BP9-10 as attached as my complaint herein.

_2/11/08_
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

No. 07CV01149
Exhibit 15

DATE

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

GENERAL COUNSEL

CASE NUMBER: _467539A_

**Part C - RECEIPT**

CASE NUMBER: _467539A_

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

BP-231(13)
JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

SHU ops

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Hall Marc P               11691058      2b202      UP
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**    I fully adopt the attached BP8/BP9 requesting full investigation and injunction.

11 22 07
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

no. 07CV01149
Exhibit 15

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE          CASE NUMBER: 467539 R

**Part C - RECEIPT**                          CASE NUMBER: 467539 R

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE                          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

BP-230(13)
JUNE 2002

SHU ops

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ___Hail Mar... O___ | ___11691058___ | ___2b / SHU B136___ | ___VIP___
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**

Pursuant Booth v. Churner- 531 US 731 (2001) "good Faith,"
and PS/ 28 CFR 542.14(c)(2) "closely related issues" in that the issue all
relate to (SHU operations) I therefore Fully adopt and incorporate my
BP8 pursuant 28 CFR 542.14(c)(2) and request that the (SHU ops)
be corrected.

___9/12/07___ Resubmitted | ___W___
DATE    9/16/07 | SIGNATURE OF REQUESTER

**Part B- RESPONSE**

no. 07cv01149
Exhibit 15

RECEIVED
SEP 24 2007
By

_____ | _____
DATE | WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE** | CASE NUMBER: ___467539-F___

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____ | ⊛ | _____
DATE | PRINTED ON RECYCLED PAPER | RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN | | BP-229(13)
APRIL 1982

**Request for Administrative Remedy - 467539-F1**
**Part B - Response**

This is in response to your Request for Administrative Remedy, received in this office on September 24, 2007. You allege staff in the Special Housing Unit (SHU) at USP Victorville are violating your Civil Rights. You allege they are denying you access to the Law Library and Recreation; failing to issue cleaning supplies; denying legal materials from your property; and providing insufficient writing materials. You request to have the SHU operations corrected.

Your request has been investigated. All inmates are allowed to use the Law Library. You are required to submit a Request to Staff Member to the SHU staff. Inmates are given Law Library privileges in the order their Requests are received. You were allowed to use the Law Library in the SHU on September 23, 2007. SHU staff offer recreation to all inmates each weekday morning. You participated in recreation on October 1, 2007, from 5:25 p.m. until 6:30 p.m. Legal property is issued in the SHU, however, the amount of legal material requested may not exceed one cubic foot. If additional material is needed, an Inmate Request to Staff must be submitted. The Property Officer will then give you a chance to exchange your legal material. Health and comfort items are passed out each Sunday. If you run out of supplies during the week, you may ask for additional supplies by filling out an Inmate Request to Staff. There was no evidence found to indicate your civil rights were violated.

Accordingly, this response is for informational purposes only. If you are dissatisfied with this response, you may appeal to the Western Regional Director. Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7950 Dublin Blvd., 3rd Floor, Dublin, CA 94568, within twenty (20) calendar days from the date of this response.


J. L. Norwood, Warden                    11/2/07
                                         Date


no. 07CV01149
Exhibit 15

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2008, I caused the foregoing Praecipe to

be served on Pro Se Plaintiff, **Marc Pierre Hall**, by mail postage pre-paid and addressed as

follows:

**MARC PIERRE HALL**
R11691-058
VICTORVILLE UNITED STATES PENITENTIARY
P.O. Box 5500
Adelanto, CA 92301
PRO SE

_____/s/_____

KENNETH ADEBONOJO

Assistant United States Attorney

555 4th St., N.W.

Washington, D.C. 20530

(202) 514-7157

kenneth.adebonojo@usdoj.gov

no. 07CV01149
Exhibit 16



Pdebongic/Civil
U.S. Department of Justice
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20001



MARC PIERRE HALL
R11691-058
VICTORVILLE UNITED STATES PENITENTIARY
P.O. Box 5500
Adelanto, CA 92301
PRO SE

no. 07CV01149
Exhibit 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Marc P. Hall, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-1149 |
| | ) | |
| | ) | |
| United States of America, et al., | ) | |
| Respondents. | ) | |
| | ) | |

## DECLARATION OF BRUCE PLUMLEY

I, Bruce Plumley, hereby make the following declaration:

1. I am an Administrative Remedy Specialist for the Federal Bureau of Prisons (BOP) in Washington, D.C., and have been employed in this capacity with the BOP since August 2, 2005. I have been employed with the BOP since March 8, 1992.

2. The Bureau of Prisons Administrative Remedy Program is outlined in 28 C.F.R. §542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team. A record of that attempt is signed by the inmate and a member of the Unit Team. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. §542.13. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director. If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. §542.14. Once a response is issued by this office, the matter (or remedy cycle) is considered exhausted and closed, as an Appeal to the Office of General Counsel is the final step administrative appeal process in the Bureau of Prisons.

3. As an Administrative Remedy Specialist, I have access to the BOP database referred to as SENTRY. All administrative remedy requests and appeals filed by Bureau of Prisons' inmates are logged and maintained in an index in SENTRY. Each request or appeal is also catalogued by subject matter.

4. I have reviewed the administrative remedy requests and appeals filed by the Petitioner Marc P. Hall, Register Number 11691-058.

no. 07cv01149
Exhibit 17

(5.) According to the index in SENTRY, petitioner has submitted 601 administrative remedy requests and appeals since his incarceration in 1997. According to the petition, petitioner raises numerous issues regarding staff assigned to USP Marion, USP Lewisburg, USP Allenwood, and USP Victorville. Petitioner was first confined on April 19, 2005, to USP Marion . Since then, and as of this date, petitioner has filed 301 administrative remedy requests and appeals. Of these, 175 were rejected for technical flaws. Examples of such flaws, to name a few, are submitting appeals to the wrong level, untimeliness, failing to include copies of responses from lower levels, and illegibility. Since April 19, 2005, Plaintiff has appealed 28 Requests through the appeal process and to exhaustion. Of these 28 administrative remedy appeals, however, only 22 cycles, based on the abstracts of the index and review of the appeal files, appear to relate to the complaint. All of these administrative remedies originated solely from USP Marion and USP Lewisburg.

(6.) In administrative remedy cycle 383005, petitioner claimed that while housed in USP Marion staff impinged his access to the courts by not providing him with postage. Appeal of this issue received a response from the Office of General Counsel. Therefore, petitioner has exhausted his administrative remedies with regard to staff at USP Marion impeding his access to court by not providing him with postage.

(7.) In the petition, petitioner claims staff assigned to USP Marion, USP Lewisburg, and USP Allenwood subjected him to numerous fraudulent accounting practices by double charging for postage, overcharging for copies, and encumbering his Trust Fund Account to collect debts illegally. These issues were raised and considered against USP Marion in administrative remedy cycles 407766, 410823, 413294. It was also raised against USP Lewisburg in administrative remedy cycle 431920. These four appeals received a response from the Office of General Counsel. Thus, this issue is considered exhausted for USP Marion and USP Lewisburg. Petitioner did not exhaust this issue while incarcerated at USP Allenwood or any other institution.

(8.) In the petition, petitioner claims staff repeatedly denied medical care and treatment for multiple medical issues during his incarceration at USP Marion, USP Lewisburg, and USP Allenwood and, as a result, suffers deprivation of appropriate medical treatment and care for various medical concerns. Administrative remedy cycles 384509 and 407558, and 419312 were initiated and received responses regarding the alleged denial of care for the time he was assigned to USP Marion. Administrative remedy cycle 431998 was initiated and pertained to this issue while incarcerated at USP Lewisburg. All four of these appeals received a response from the Office of General Counsel and are considered exhausted. Petitioner has not exhausted this issue while incarcerated USP Allenwood or with any other institution.

(9.) In the petition, petitioner claims staff repeatedly denied his rights to privacy regarding his physical health concerns, during his incarceration at USP Marion, USP Lewisburg, and USP Allenwood. He contends the sick call and triage procedures did not afford him privacy. These issues were considered and received responses from the Office of General Counsel in administrative remedy cycles 402063 and 414743 for the period in which he was incarcerated at USP Marion. In addition, petitioner claimed staff denied his right to privacy regarding his



no. 07CV01149
Exhibit 17

mental state. This issue was raised against staff assigned to USP Marion and considered in administrative remedy cycle 420175. In administrative remedy cycle 432482, petitioner claims staff at USP Lewisburg confined him to the Special Housing Unit because of his mental health issues and openly discussed his condition within earshot of others. All four of these appeals received a response from the Office of General Counsel. Thus, petitioner exhausted the above matters at USP Marion and USP Lewisburg. However, petitioner has not exhausted these issues at USP Allenwood or USP Victorville.

(10) In administrative remedy cycle 432427, petitioner claimed to be mentally ill and alleged psychology staff assigned to USP Lewisburg failed to conduct a proper intake screening. He contends they falsified records and also failed to obtain a diagnosis of his mental illness from the Connecticut Department of Corrections. Petitioner exhausted this issue for USP Lewisburg as he received a response from the Office of General Counsel. However, petitioner has not exhausted this issue at USP Marion, USP Allenwood, and USP Victorville.

(11). In the petition, petitioner claimed staff at USP Marion destroyed legal property and exhibits. He also contended USP Marion staff impeded his access to the grievance process. This complaint was addressed in administrative remedy cycle 420183. He also claimed that USP Lewisburg staff destroyed and intermixed his legal property and exhibits in remedy cycle 434130. Both appeals were considered and received a response from the Office of General Counsel. Therefore, these issues are considered exhausted for USP Marion and USP Lewisburg.

(12) Petitioner alleged in administrative remedy cycle 434139 that staff assigned to USP Lewisburg violated his rights by confining him in the Special Housing Unit with ambulatory restraints and without a mattress or bedding. This complaint was considered, and received a response from the Office of General Counsel. He also claimed, in administrative remedy cycle 436479, that staff assigned to USP Lewisburg withheld food as punishment when he was confined in the Special Housing Unit. This matter was considered and received a response from this office. Both issues are considered exhausted as they pertain to USP Lewisburg. However, petitioner has not exhausted these issues at any other institution.

(13) In the petition, petitioner alleged staff assaulted him, on August 24, 2007, at USP Victorville while he was confined to the Special Housing Unit (SHU). He claims the handheld camera was turned off during the assault, and no adequate security cameras were mounted in the general housing or common area of SHU and staff destroyed any evidence which would implicate staff. However, petitioner has not exhausted his administrative remedies with respect to an alleged assault at USP Victorville on August 24, 2007. In administrative remedy cycle 429530, though, petitioner alleged staff assaulted him at USP Lewisburg on September 21, 2006, and in administrative remedy cycle 433517 petitioner alleged that he was also assaulted at USP Lewisburg on October 25, 2006. These two appeals received responses from the Office of General Counsel and are considered exhausted for USP Lewisburg. Petitioner does not appear to raise these alleged assaults as issues in his petition.

14. Petitioner alleged in administrative remedy cycles 390420 and 436371, that while he was confined in the Special Housing Unit of USP Marion and USP Lewisburg staff subjected

No. 07CV01149
Exhibit 17

him to a harmful environment by exposing him to second-hand smoke and permitting other inmates to burn paper.  Appeals of these claims were considered and received responses from the Office of General Counsel and are therefore considered exhausted for USP Marion and USP Lewisburg.

15.  Petitioner raised numerous allegations of staff misconduct in his complaint, all of which he contend violated his constitutional rights.  However, based on my review of the index in SENTRY and the administrative remedy cycles identified herein, petitioner has not exhausted any additional complaints or concerns he attributes to USP Marion, USP Lewisburg, USP Allenwood, or USP Victorville.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this _7th_ day February, 2008.



Bruce Plumley
Administrative Remedy Specialist
Office of General Counsel

no. 07CV01149
Exhibit 17

EXTENSION OF TIME FOR RESPONSE – ADMINISTRATIVE REMEDY


DATE: MARCH 6, 2007


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      ALLENWOOD USP    UNT: 127    QTR: Z06-101LDS


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID       : 434139-A1
DATE RECEIVED   : JANUARY 29, 2007
RESPONSE DUE    : MARCH 30, 2007
SUBJECT 1       : EXCESSIVE USE OF FORCE – FORCED CELL MOVES
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

no. 07CV01149
Exhibit 18

Central Office ad. Remedy Appeal

(copy)

FBOP          Procedures, confinement / Restraints

Hall Marc P.   11691058   1shu20ce    LEW

Part 1- Reason for Appeal - I claim that the law forbids
being placed in "transit chains" when restrained. Also,
that no bedding was issued during the time of the
restraint in violation of law. See sttu films. Civil suit
will issue. I fully adopt all remedies and request
independent investigation Patriot Act 107-56 §§ 1001

1/18/07



#434139

no response
1/14/07
MK

no. 07CV01149
Exhibit 18

copy

Attachment #1
LEW 1330.16

Informal Resolution Attempt
Hall, Marc t        11691058
11/8/06          C. Rothermel     Unit: 1

1. Nature of Complaint: Procedures of confinement & restraints

1. I claim that on 11/6/06 that Capt. Bradley and Dr. Wydo. LT. Hooper and John Does 1-10 et. al. violated the (ADA 42 USC 12101 et. seq. in a public entity pursuant 42 USC 12132.

2. Plaintiff suffers from mental illness of Delusional Disorder and related personality and aggression disorders that often impedes or substantially limits one or more of the major life activities.

3. On 11/5/06 Plaintiff became violent and requested to be removed from cell 203 (SHU) by LT. Jones who called Dr. Karpen. Dr. Karpen refused to have me removed.

4. Plaintiff therefore experienced lack of sleep and became Paranoid and delusional on 11/6/06 am. requesting to see mental health.

5. I was ordered to move for a (21) day policy cell rotation and did not comply due to being denied adequate mental health

6. I was then approached by LT. Hooper who threatened to lock me up in "chains".

7. At that point Capt. Bradley spoke to me and told me I would be removed by force.

8. LT. Hooper, Dr. Wydo, Rt (John Doe) and several riot squad officers then approached me in which I gave my statement on video.

no. 07cv01149
Exhibit 18

(2)

9. I specifically stated that I was not violent or going to be violent and was going to get on my knees to be cuffed.

10. I then kneeled down placing my chest & face on my bed with my arms behind me.

11. I was then approached and removed by the riot squad in full restraints, i.e. cuffs and shackles and removed.

12. I was then placed in cell 124 on the first floor with no bedding, no sheets, no shoes, only boxers and T. Shirt in steel chains, blackbox, cuffs and shackles for several hours.

13. Capt. Bradley After a few hours ordered the removal of steel chains and Lt. Hooper complied.

This violated civil rights of the 8th Amendment see Wheeler v. Glass, 473 F2d 983, 987 (7th Cir. 1973)(use of restraints for discipline was unconstitutional); Sawreys v. D.C General Hospital 480 F.Supp 853, 855-56 (DDC 1979)(metal restraints banned except for transportation); Owens-El v. Robinson, 457 F.Supp. 984, 990-91 (W.D. PA 1978)(inmates in restraints to have mattresses and clean bedding; etc); Allegheny County Jail v. Pierce, 612 F2d 754 (3rd Cir. 1979).

14. Plaintiff has been diagnosed as having such mental illness Pursuant 42 USC 12102 (2).

15. I invoke the Patriot Act PL 107-56 $1001 for investigation by CIA/org for civil rights violations in which civil Rico will issue

# 434139

Exh. 18
no. 07cv01149

BG 2

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

*Pocedures, Confinement / Restraints*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _HALL Marc P._ _11691058_ _1-SHU205_ _LEW_
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** *Pursuant Booth v. Churner, 531 US 731 (2001) good faith,*
I Claim that the Warden failed to answer:

1. Being placed in restraints as discipline when no vidance was present;
2. Being placed in "transport chains"
3. Being placed in a cell in restraints w/out mattress or clean bedding
See BP9 Response, in violation of PS 1330.13 § 542.11(4). I fully adopt
the BP9/BP8. Also, I have been diagnosed by Connecticut (ooc) as
stated in the BP9. I request an OIA/OIG investigation pursuant the
~~Patriot Act 40/ 36 S100T.~~ Civil rights suit will issue

_12/6/06_                                        ⟨signature⟩
    DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

no. 07cv01149
Exhibit 18

2006

_____                    _____
        DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                    CASE NUMBER: _434139-R1_

**Part C - RECEIPT**                              CASE NUMBER: _434139_

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____                    _____
        DATE                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                          BP-230(13)
                                                                JUNE 2002

**HALL, Marc**
Reg. No. 11691-058
Appeal No. 434139-R1
Page One

---

### Part B - Response

In your appeal, you claim that the Warden at USP Lewisburg failed
to answer your issues of allegedly being placed in restraints as
discipline, being placed in a transport chain and not being
provided clean bedding and a mattress. You also claim you were
diagnosed with mental health issues by the Connecticut Department
of Corrections and request an investigation.

A review of your appeal reveals, on November 6, 2006, you
demonstrated disruptive behavior by refusing an order to move to
another cell during a 21-day cell rotation. As a result of your
behavior, calculated use of force was initiated and you were
subsequently placed in ambulatory restraints. As indicated by
the Warden, you were provided with clean bedding and a mattress.
Additionally, you were medically assessed and there is no
supporting documentation you suffer from mental disease or
defect. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons. Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: January 9, 2007

D. SCOTT DODRILL
Regional Director

no. 07cv01149
Exhibit 18

B6 2

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

copy

*Procedures, confinement / Restraints*

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Hall Marc P | 11691058 | 1-SHU205 | LEW |
|-------|-------------|----------|----------|-----|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** Pursuant Booth v. Churner 531 US 731 (2001) good faith, I claim that on 11/6/06 I was illegally placed in metal restraints in violation of law after failing to comply with a cell rotation Order, as a mentally ill inmate. See attached BP8 fully incorporated. Also see Wheeler v. Glass, 473 F2d 983, 987 (7th Cir. 1973) (use of restraints for discipline was unconstitutional). Owens-El vs. Robinson, 457 FSupp 984, 990-91 (WD PA 1978) (inmates in restraints to have mattresses and clean bedding, etc) in which was not done, no bedding provided. also See Allegheny County Jail vs. Pierce, 612 F2d 754 (3rd Cir). plaintiff has been diagnosed as having delusional disorder, severe personality disorders, anxiety, lack of sleep, aggression that qualifies on the DSM4 and und 42 USC 12102(a) as a serious mental illness and disability. Such actions were an 8th Amend. violation. I request an OIA/OIG investigation pursuant the Patriot Act PL 107-56 31001 for civilrights violations against the capt. E. Bradley, LT. Hooper and Dr. Wydo et. al. Civil Rico will issue.

| 11/17/06 | |
|----------|----|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

"Please Return the attached BP8".
Also return BP10 to proceed.

No. 07CV01149
Exhibit 18

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

| SECOND COPY: RETURN TO INMATE | CASE NUMBER: 434139 |
|-------------------------------|---------------------|

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN

BP-229(13)
APRIL 1982

RECEIPT – ADMINISTRATIVE REMEDY

DATE: NOVEMBER 20, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      LEWISBURG USP

TO  : MARC PIERRE HALL, 11691-058
      LEWISBURG USP     UNT: UNIT 1     QTR: Z03-205LAD

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID        : 434139-F1
DATE RECEIVED    : NOVEMBER 20, 2006
RESPONSE DUE     : DECEMBER 10, 2006
SUBJECT 1        : EXCESSIVE USE OF FORCE - FORCED CELL MOVES
SUBJECT 2        : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

NO. 07CV01149
Exhibit 18

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Duty of Care
LAW Library Discrimination / Abuse of process

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall Marc P                    11691058    Two   SHU/B126    Victorville
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** This is filed pursuant Booth v. Churner 531 US 731 (2001)
good faith whereas I claim:

   1). The BOP Agency in several prisons have continuously violated
duty of care and abuse of process 18 USC 4042a1-3 And the 5th
amendment due process, equal protection in discrimination in the
systematic exclusion of law library.

   2). No or inadequate cell delivery services
   3). exclusion without Otto hearings.
Wherefore Civil suit will issue. Both attached BP8's are fully
incorporated.

6/30/2007
DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

No. 07CV01149
Exhibit No. 3

RECEIVED
JUL 11 2007
By

_____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: 459026-F1

                                                         CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.      UNIT       INSTITUTION

SUBJECT: _____

_____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER                         BP-229(13)
                                                                  APRIL 1982

OG-127

## Informal Resolution Attempt

Haill, Marc:                11691058
   10/24/06                C. Rothermel     Unit: 1

### 1. Nature of Complaint

Pursuant Booth v. Churner, 531 US 731 (2001) good faith I attempt my 2nd BP8 remedy. I claim that (USP) Lewisburg is in violation of Bounds v. Smith, 430 US 817, 821 (1977) regarding adequate cell delivery services for segregated inmates. Mls Hummel fails to deliver research books and only visits SHU once per week. No books are delivered, and no qualified legal programs or assistance is available for "adequate, meaningful, effective" access to the court. This is a civil conspiracy against SHU inmates in which I request and invoke the Patriot Act PL 107-56 § 1001 for GIA/OIG Investigation in which Civil Rico and Injunctions will be filed

28 USC 1746
# 43151o F2

Sam Hummer / J. Adami Response: Education Staff Tours SHU weekly and is only obligated to pass out legal material. The SHU LT. Determines the distribution of that legal material.

12/7/06

NO. 07CV01149
Exhibit 20

Inmate's Name Hall, Marc
Inmate's Reg. No.  11691-058
Admin. Remedy No.: 431510-F3.
Part B - Response

## ADMINISTRATIVE REMEDY RESPONSE

In your request for Administrative Remedy, you request adequate
cell delivery research materials, sheppards or legal assistance.

A review into this matter shows that you have been receiving
legal materials from the institution law library on a weekly
basis.  As far as having your legal requests sheppardize, the
institution law library provides you with indexes to specify what
cases you need.  Also, the law library staff will provide you
with the name and address of an agency you may contact for legal
assistance.

Based on the above, your request for administrative remedy is
partially granted.  If you are dissatisfied with this response,
you may appeal to the Regional Director, United States Federal
Bureau of Prisons, Northeast Regional Office, United States
Customs House - Seventh Floor, Second and Chestnut Streets,
Philadelphia, PA 19106, within twenty (20) calendar days from the
date of this response.

_12-20-06_                    _____
Date                         Troy Williamson, Warden

no. 07CV01149
Exhibit 20

Request For Ad. Remedy
BP9

(copy)

FBOP        Inadequate cell delivery / court Access

Hall Marc        11691058      1-SHU204        LEW

Inmate request- pursuant Bounds v. Smith, 430 US 817, 821 (1977) and good faith pursuant Booth v. Churner, 531 US 731 (2001) 3rd attempt; I claim that (USP) Lewisburg is denying SHU inmates the required means of adequate cell delivery services. No books are delivered. Staff only makes visits for copies once a week, and no qualified legal assistance programs exists.

This was my third attempt in violation of $542.11(a) I request adequate cell delivery research materials, Sheppards, or legal assistance or civilsuit will issue. I request an OIA/OIG Investigation into the civilrights violation pursuant patriot Act 107-56 $1001. BP8 fully incorporated.

Resubmitted
12/10/06

CO-127
Sam Hummer
BP8 12/7/06

# 131510 F2

NO. 07CV01149
Exh. 20

**Case 1:07-cv-01149-RMC    Document 1-20    Filed 03/21/2007    Page 1**

**REQUEST FOR ADMINISTRATIVE REMEDY**

Inadequate Cell delivery / Court Access

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall, Marc    11691-058    1    USP Lewisburg
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

pursuant Bounds v. Smith, 430 US 817, 821 (1977)
I claim that (USP) Lewisburg is denying sthe inmates the required means of adequate cell delivery services. No books are delivered. Staff only makes visits for copies once a week, and no qualified legal assistance programs exists.

This was filed on my informal remedy BP8 in which no response was received in violation PS 1330.13 § 542.11(A).

I request that the facility afford adequate cell delivery services of books and/or qualified legal assistance programs pursuant to law.

I request an investigation by the OIA pursuant Patriot Act PL 107-56 § 1001 for such civil conspiracy, civil Rico and In-junction will issue.

10/30/06 Resubmitted 11/3/06
DATE    SIGNATURE OF REQUESTER

OG 127
Sam Hummer
BP8    12/7/06

NO. 07CV01149
Exh. 20

**Part B- RESPONSE**

DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response:*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 431510-F2

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

U.S. Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Inadequate Cell delivery/Court Access        D1 copy

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: HALL Marc _____ 11691058 _____ 1-SHU 124 _____ LEW
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** Pursuant to Booth v. Churner, 531 US 731 (2001) "good faith", I have attempted repeatedly to access the ad. remedy procedures at USP Lewisburg. My Unit team Mgr. J. Adami fails to hear or properly submit the remedy pursuant 542.11(A). I fully adopt the attached BP8 that I submitted twice and the BP9 I submitted twice regarding inadequate cell delivery and law library services in (SHU).

  I Request that this office investigates J. Adami and the legal dept. for conspiracy to deprive civil rights and court access. I invoke the Patriot Act PL 107-56 § 1001 and supervisory powers Also see Accardi v. Shaughnessy 347 US 260 (Agency must follow own policy or reversible error).

                       28 USC 1746

11/8/06 _____ _____
DATE                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**     Resubmitted 12/21/06

no. 07cv01149
Exh. 20

_____                    _____
DATE                                        REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE          CASE NUMBER: 431510 R2

**Part C - RECEIPT**
                                  CASE NUMBER: 431510 R2

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

_____                    _____
DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER          BP-230(13)
                                                 JUNE 2002

RECEIPT - ADMINISTRATIVE REMEDY


DATE: DECEMBER 14, 2006



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      LEWISBURG USP

TO  : MARC PIERRE HALL, 11691-058
      LEWISBURG USP     UNT: UNIT 1     QTR: Z03-204LAD



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 431510-F3
DATE RECEIVED   : DECEMBER 13, 2006
RESPONSE DUE    : JANUARY 2, 2007
SUBJECT 1       : LAW LIBRARY - ACCESS, REFERENCE MATERIALS
SUBJECT 2       : OTHER SPECIAL HOUSING UNIT MATTERS
INCIDENT RPT NO:

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

~~Inadequate cell delivery~~        D1²

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Hall Marc P__  __11691058__  __36 K101__  __ALP__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** Pursuant Booth v. Churner, 531 US 731 (2001) good faith and BOP agency violation of 542-11(A) Failure to respond, I proceed and fully adopt my BP9/10 remedies attached.

    This remedy may be untimely due to no response, transfer and Property delay as rec'd 3/16/07.
          28 USC 1746

__3/16/07__
   DATE                                   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

no response 7/14/07

no. 07CV01149
Exh. 20

---

   DATE                                   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE           CASE NUMBER: __43151OA1__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**
                                      CASE NUMBER: __43151OA1__

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

   DATE              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL      BP-231(13)
USP LVN                                               APRIL 1982

RECEIPT - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 20, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      LEWISBURG USP

TO  : MARC PIERRE HALL, 11691-058
      LEWISBURG USP    UNT: UNIT 1    QTR: Z03-205LAD

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 434129-F1
DATE RECEIVED  : NOVEMBER 20, 2006
RESPONSE DUE   : DECEMBER 10, 2006
SUBJECT 1      : LEGAL ASSISTANCE PROGRAMS
SUBJECT 2      : ADMINISTRATIVE REMEDY PROCEDURES
INCIDENT RPT NO:

Different
than #438780

no. 07cv01149
Exh. 21



Admin. Remedy No.   434129-F1
Part B - Response

## ADMINISTRATIVE REMEDY RESPONSE

In your Request for Administrative Remedy, you state that you are being denied access to the administrative remedy program by your unit team.  Specifically, you claim your requests for administrative remedy regarding law library issues are not being addressed.

A review into this matter reveals that since your arrival at this facility on August 28, 2006, you have filed twenty (20) requests for informal resolutions for a variety of issues.  All of these requests have received a response from your unit team, with copies forwarded to you.  Your claim that you are being denied access to this program is therefore without merit.

Based on the above, your request for relief is denied.  If you are dissatisfied with this response, you may appeal to the Regional Director, United States Federal Bureau of Prisons, Northeast Regional Office, United States Customs House - Seventh Floor, Second and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calender days from the date of this response.

_____              _____
Troy Williamson, Warden                 11-24-06
                                        Date

                                        NO. 07CV01149
                                        Exh. 21

U.S. DEPARTMENT OF JUSTICE

federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

BP6A

BOP PS 1330.13 § 542.11(A) Violations / Law Library

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hall Marc D          11691058      1-SHU 205      LEW

LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

**Part A- INMATE REQUEST** pursuant Booth v. Churner, 531 US 731 (2001) good faith, I claim that I am being discriminated against by being denied the appropriate use of the ad·remedy process regarding Law Library issues. I have repeatedly handed Unit Mgr. J. Adami BP8's regarding inadequate cell delivery service and legal assistance in violation of Bounds v. Smith, 430 US 817 (1977) regarding (SHU). The legal dept. repeatedly responds that no BP8 has been filed. J. Adami Is conspiring with the Law Library officials and/or others to conceal the violations and impede the ad·remedy process. In violation of 1330-13 § 542.11(A). I request an internal investigation and all BP8's processed against the Law Library. I further request sanctions 3420.8/9 for such abuse. Civil suit will issue. Also see BOP PS 5519.

11/17/06

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

"Please Return attached BP8"

Also Return BP10 to proceed

NO. 07CV01149

Exh. 21

11-21-06

DATE

Reg [illegible]

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: _____

**Part C- RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
APRIL 1982

Admin. Remedy No.: 434129-F1
Part B - Response

### ADMINISTRATIVE REMEDY RESPONSE

In your Request for Administrative Remedy, you state that you are
being denied access to the administrative remedy program by your
unit team.  Specifically, you claim your requests for
administrative remedy regarding law library issues are not being
addressed.

A review into this matter reveals that since your arrival at this
facility on August 28, 2006, you have filed twenty (20) requests
for informal resolutions for a variety of issues.  All of these
requests have received a response from your unit team, with
copies forwarded to you.  Your claim that you are being denied
access to this program is therefore without merit.

Based on the above, your request for relief is denied.  If you
are dissatisfied with this response, you may appeal to the
Regional Director, United States Federal Bureau of Prisons,
Northeast Regional Office, United States Customs House - Seventh
Floor, Second and Chestnut Streets, Philadelphia, PA 19106,
within twenty (20) calender days from the date of this response.

Troy Williamson, Warden                    11-24-06
                                           Date

no. 07CV01149
Exh. 21

RECEIPT - ADMINISTRATIVE REMEDY


DATE: JANUARY 3, 2007



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      LEWISBURG USP    UNT: UNIT 1    QTR: Z03-207LAD



THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 434129-R2
DATE RECEIVED   : DECEMBER 21, 2006
RESPONSE DUE    : JANUARY 20, 2007
SUBJECT 1       : LEGAL ASSISTANCE PROGRAMS
SUBJECT 2       : ADMINISTRATIVE REMEDY PROCEDURES
INCIDENT RPT NO:

no. 07cv01149
Exh. 21

U.S. Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

BOP 1330.13 *~~~~~~~~~* BP11 filed 3/17/07

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Gail Mare P_ _____ _11691058_ _D301_ _ALP_
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I fully adopt the attached BP9 for the stated issues herein

And request sanctions 3430 8/9 for such civil rights abuse

Also, remedy untimely due to transfer and mailing

28 USC 1746

_2/15/07_                                              _[signature]_
   DATE                                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07CV01149
EXH. 21

_____                    _____
   DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                CASE NUMBER: _434127 K3_

**Part C - RECEIPT**                                CASE NUMBER: _434127K3_

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                    _____
   DATE                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                      BP-230(13)
                                                            JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**  B6 A

BP11 filed 3/17/07

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Hall, Marc P_____ _11691058_ _D201_ _ALP_
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A - REASON FOR APPEAL**  I fully adopt the attached BP9 for the stated issues herein.

And request Sanctions 3436.2/7 for such civil rights abuse.

Also, remedy untimely due to transfer and mailing.

28 USC 1746

_2/15/07_
　DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

no. 07CV01149
exh. 21

＿＿＿＿＿＿
DATE

＿＿＿＿＿＿
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE　　CASE NUMBER: _434129 R&_

**Part C - RECEIPT**
　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _434129 R_

Return to: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION
SUBJECT: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿
DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

86

**HALL, Marc**
Reg. No. 11691-058
Appeal No. 434129-R2
Page One

---

### Part B - Response

In your appeal, you contend staff at USP Lewisburg denied you
access to the administrative remedy process by not providing you
with the necessary forms to file several complaints concerning
Law Library issues.  You state staff violated your rights and
request an Office of Internal Affairs (OIA) and Office of
Inspector General (OIG) investigation.

Program Statement 1330.13, <u>Administrative Remedy Program</u>,
indicates the Warden is responsible for ensuring that effective
informal resolution procedures are in place and that a good faith
attempt at informal resolution is made in an orderly and timely
manner.  An inmate shall first present an issue of concern
informally to staff, and staff shall attempt to informally
resolve the issue before an inmate submits a Request for
Administrative Remedy.  Records indicate you have successfully
filed approximately 22 administrative remedies at USP Lewisburg
and have appealed many of these grievances to the Regional Office
level.  There is no indication staff have not put forth a good
faith effort to informally resolve your issues and/or process
your grievances as they are received.  Your claim your rights
have been violated is without merit.  It is suggested you keep
copies of your grievances for your files and future reference.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: January 18, 2007                D. SCOTT DODRILL
                                      Regional Director

Exh. 21
no. 07cv01149

**Regional Administrative Remedy Appeal**

BOP 1330.13 $\S$ 542.11(A) Viol / Law Library

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Hall Marc P    11691058    1-SHY205    LEW
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** pursuant, Booth v. Churner 531 US 731 (2001) good faith, attached are (2) copies. I claim that I am being discriminated against by being denied the appropriate use of the ad-remedy process regarding Law Library issues. I have repeatedly handed UM J. Adami BP8's regarding inadequate cell delivery service and legal assistance programs in violation of Bounds v. Smith 430US 817 (1977) regarding (SHU). The legal dept. repeatedly responds that no BP8 has been filed! UM Adami is conspiring with the law library officials and/or others to conceal the violations and impede the ad-remedy process. In violation of 1330.13 $\S$ 542.11(4), I request an OIA/OIG investigation pursuant the / patriot Act 107-56 $\S$ 1001 and appropriate sanctions including the Law Library Services rendered pursuant to Law.

11/29/06    Resubmitted 12/18/06
DATE                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

no. 07CV01149
Exh. 21

_____
DATE
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

REGIONAL DIRECTOR

CASE NUMBER: 434129-R2

**Part C - RECEIPT**

CASE NUMBER: 434129-

Return to: _____
SUBJECT: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

_____
DATE                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Central Office Administrative Remedy Appeal**

LAW Library / J. Adami - Lew    copy

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __HALL Marc P__   __11691058__   __26/D213SHU__   __VIC__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL** pursuant Booth v. Churner 531US713 (2001) good Faith the attached Regional remedies R1-3 were not fully received due to transit. I fully adopt the BP9-10 for the R1-3 remedies for adjudication requesting this office to supervise and have the region respond or remit answer from this office.

__7/26/07__
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07CV0147

NO. 07CV01149
Exh. 21

_____
DATE

GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY

CASE NUMBER: __434129 A1__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

BP-231(13)
JUNE 2002

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | HALL MARC P | 11691058 | C101/3b | ALP |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** Pursuant PS 542.4(2)(c) "closely related offenses" under "First Amend" and PS 542.11(a) "responses", My issues of law Library were not addressed. I request access and cell delivery pursuant Bounds v. Smith and sanctions.

Civilsuit will issue

| 3/15/07 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

NO. 07CV01149
Exh. 22

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE   CASE NUMBER: 446342-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

USP LVN          PRINTED ON RECYCLED PAPER

HALL, Marc
Reg. No. 11691-058
Appeal No.: 446342-F1
Page 1

---

### Part B - Response

This is in response to your Request for Administrative Remedy dated March 15, 2007, in which you request access to the Special Housing Unit (SHU) Unit's Law Library and cell delivery of legal material.

A review of the SHU's Law Library log book revealed there were no Inmate Request to Staff Member received from you. Since your arrival to SHU you have been afforded use of the Law Library on two occasions without written request. This was done at the convenience of staff when time allowed. If you would like to use the SHU Law Library in the future, you must submit an Inmate Request to Staff Member form.

In regard to you receiving legal material from the institution Law Library, you must again, submit an Inmate Request to Staff Member to receive such items. Copies of the materials will be provided to you are your expense.

Accordingly, since you seek specific relief, this response is provided for informational purposes only. If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

Date  4-5-07

Jonathan C. Miner
Warden

Exh. 22
no. 07cv01149

Copy
DB

First Amend

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: HALL Marc P          11691058       2b121     VIP
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** pursuant Good faith Booth v. Churner 531US731 (2001) in which the BOP Agency interfered with process by transits, seizure of property etc. I fully adopt my BP8/BP9 attached for access to the Law Library. violations violating the First Amend in (USP) Allenwood. Civilsuit will issue #B

8/5/07
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07CV01149
Exh. 22

DATE                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 446342

**Part C - RECEIPT**
                                              CASE NUMBER: 446342

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER          BP230(13)
JUNE 2002

RECEIPT - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 20, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      LEWISBURG USP

TO  : MARC PIERRE HALL, 11691-058
      LEWISBURG USP     UNT: UNIT 1     QTR: Z03-205LAD

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 434142-F1
DATE RECEIVED   : NOVEMBER 20, 2006
RESPONSE DUE    : DECEMBER 10, 2006
SUBJECT 1       : OTHER SPECIAL HOUSING UNIT MATTERS
SUBJECT 2       : FOOD - (EXCEPT DIETS & RLGS FOOD/MEALS)
INCIDENT RPT NO:

NO. 07CV01149
Exh. 23

86

copy
Attachment #1
LEW 1330.16

Informal Resolution Attempt

Hall, Marc P.        11691058
11/8/06              C. Rothermel    Unit: 1

1. Nature of Complaint: Use of or denial of Food as punishment

   1. On 11/6/06 I claim that Capt. Bradley and Lt. Hooper 86
et. al. had unconstitutionally used "Food" to punish me.
   2. During the illegal use of restraints as a mentally ill
inmate in relation to a nonviolent act, and conditions of the
cell 124, I was given a balony sandwhich and apple and
denied equal protection of law and suffered discriminations
as well cruel punishments in violation of BOP551.9; U.S Const.
5th/8th; See Cooper v. Sheriff, Lubbock County, TX. 929 F2d 1078,
1083-84 (5th Cir. 1991)(deprivation of adequate food is "a form
of corporal punishment" and that a hearing is required to impose
it, without any reference to liberty interests created by
statutes or regulations). Rust v. Grammer, 858 F2d at 413 (citing)
Neb. Rev. Stat. 333-4, 114; Domegan v. Fair, 859 F2d 1059, 1064 (1st
Cir. 1988)(citing) Mass. Gen. Laws ch. 127, §§ 39-40; Thomas v. Jabe,
760 F. Supp. 120, 123 (ED. Mich. 1991)(citing) Mich. Admin. Code
r. 791.5510(2)(F) (1990)(statutes or regulations in many jurisdictions
forbid use of food as punishment). I request an OIA/OIG
investigation pursuant Patriot Act PL 107-56 §1001 and civil Rico
will issue.

                    # 434142

                              Exh. 23   no. 07cv01149

HALL, Marc
Reg. No. 11691-058
Appeal No. 434142-R1
Page One

---

### Part B - Response

In your appeal, you allege on November 6, 2006, your
constitutional rights were violated at USP Lewisburg when you
were placed in restraints as discipline, placed in transport
chains and not provided clean bedding and a mattress.  You also
claim that food was used as punishment.  You seek an
investigation of this incident.

A review of your appeal reveals, in your Request for
Administrative Remedy, you alleged staff used food as punishment
after you were placed in restraints on November 6, 2006.  As
indicated by the Warden, you were provided a "Sack Meal."
Program Statement 4700.05, Food Service Manual states, food will
not be withheld, or the standard menu varied as a disciplinary
measure.  However, an alternate menu may be provided when an
inmate represents a danger to themselves or others and an item of
food or a utensil may contribute to that dangerousness, the CEO
may approve an alternate menu.  We find staff acted appropriately
regarding this matter.  In regards to the use of restraints and
proper bedding, these issues were already raised and adequately
addressed in Regional Appeal No. 434139-R1.  These specific
issues will not be addressed again in this response.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: January 16, 2007                D. SCOTT DODRILL
                                      Regional Director

Exh. 23
no. 07CV01149

B6

copy

Request For Ad. Remedy
BP9

FBOP      Food Punishment / 8th Amend.

From: Hall Marc P.   11691058   1-SHU205   LEW)

Part A- Inmate Request: pursuant Booth v. Churner, 531 US 731 (2001) good faith I claim that on 11/6/06 I was denied my constitutional rights when I was fed differently in (SHU) (bag) meal after being illegally placed in metal restraints in discrimination. the administration used "Food" to punish without due process of law in violation of the 5th and 8th Amend's. See BOP PS 531.9; also see Cooper v. Sheriff Lubbock County, TX. 929 F2d 1078, 1083-84 (5th Cir. 1991)(deprivation of adequate food is a "form of corporal punishment" and a hearing is required to impose it, without any reference to liberty interests created by statutes or regulations). Also see attached BP8 fully incorporated For other cases.

     I request an OIA/OIG investigation pursuant Patriot Act 107-56 § 1001 For civil rights abuse.

     Civil Rico will issue.

# 434142

11/17/06

"Please Return Attached BP8"

Exh. 23
no. 07cv 1149

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

~~Food Punishment etc. / 8th Amend.~~

B6 1

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Hall Marc P__ __11691058__ __1-SHU 204__ __LEW__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** On 11/6/06 I was denied my constitutional rights in discrimination upon forced cell move as follows:

1) Food was used to punish; see Cooper v. Sheriff Lubbock County, TX 929 F2d 1078, 1083-84 (5th Cir. 1991) BP9 attached.

2) the restraints were "transit chains"; see Gawreys v. OC General Hospital 480 FSupp 853, 855-56 (D. DC 1979) (metal restraints banned except for transportation).

3) upon being "placed in cell 124" and during the restraint, no bedding or sheets were provided until after removed from restraints. See film on SHU corridor-security and hand held camera requested as my evidence and preserved. See Owens-El v. Robinson, 457 FSupp 984, 990-91 (W.D PA 1978) (inmates in restraints to have mattress and clean bedding); Inmates of Allegheny County Jail v. Wecht, 565 FSupp 1278 1285 (W.D. PA 1983). I request OIA/OIG investigation PL 107-56 §§1001 Patriot Act BP9 fully incorporated. Civil Rico will issue.

__12/11/06__
DATE

(SIGNATURE OF REQUESTER)

**Part B—RESPONSE**

no. 07cv01149
Exh. 23

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: __434142__

**Part C—RECEIPT**

CASE NUMBER: __434142__

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

USP LVN    DATE    Previous editions not usable    SIGNATURE, RECIPIENT OF REGIONAL APPEAL    BP-230(13)
APRIL 1982

RECEIPT - ADMINISTRATIVE REMEDY

DATE: DECEMBER 21, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : MARC PIERRE HALL, 11691-058
      LEWISBURG USP    UNT: UNIT 1    QTR: Z03-207LAD

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID        : 434142-R1
DATE RECEIVED    : DECEMBER 18, 2006
RESPONSE DUE     : JANUARY 17, 2007
SUBJECT 1        : OTHER SPECIAL HOUSING UNIT MATTERS
SUBJECT 2        : FOOD - (EXCEPT DIETS & RLGS FOOD/MEALS)
INCIDENT RPT NO:

no. 07CV01149
Exh. 23

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

BG¹

Food Punishment etc. / 8th Amend.

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: ___Hall Marc P___ ___11691058___ ___1-SHU 204___ ___LEW___
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT          INSTITUTION

Part A - REASON FOR APPEAL   On 11/6/06 I was denied my constitutional rights in discrimination upon forced cell move as follows:

1). Food was used to punish. See Cooper v. Sheriff Lubbock County, TX, 929 F2d 1078, 1083-84 (5th Cir. 1991) BP9 attached.

2). The restraints were "transit chains". See Gaureys v. DC General Hospital, 480 FSupp 853, 855-56 (D. DC 1979) (metal restraints banned except for transportation).

3). Upon being "placed in cell 124" and during the restraint, no bedding or sheets were provided until after removed from restraints. See Film on SHU corridor security and hand held camera requested as my evidence and preserved. See Owens-El v. Robinson, 457 FSupp 984, 990-91 (W.D. PA 1978) (inmates in restraints to have mattress and clean bedding); Inmates of Allegheny County Jail v. Wecht, 565 FSupp 1278, 1285 (W.D. PA. 1983). I request OIA/OIG Investigation PL 107-56 §1001 Patriot Act. BP9 Fully Incorporated. Civil Rico will issue

___12/11/06___                                    ⟨signature⟩
DATE                                           SIGNATURE OF REQUESTER

**Part B - RESPONSE**

NO. 07 CV 01149
Exh. 23

_____        _____
DATE                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE        CASE NUMBER: ___434142-R1___

**Part C - RECEIPT**

                                     CASE NUMBER: ___434142___

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____        _____
DATE                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                              BP-230(13)
                                                     JUNE 2002

U.S. De___
Federal Bureau ___ ___

**Central Office Administrative Remedy Appeal**

Food Punishment etc. / 8th Amend.                    BCa'

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Hall Marc P                    11691 058        3b / C101      ALP
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**   I fully adopt the attached BP9-10 requesting Policy changes
in the BOP Agency.
    This remedy is untimely due to BOP transfer from Lewisburg to Allen-
wood and delayed Property received 3/16/07. / 28 USC 1746

___3/16/07___                                      _____
   DATE                                            SIGNATURE OF REQUESTER

**Part B—RESPONSE**

no Response
7/19/07

no. 457-07-8-449
8h 2-

50 c < 11197

_____                                      _____
   DATE                                            GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY                   CASE NUMBER: 451142

**Part C—RECEIPT**                                CASE NUMBER: 431192

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                                      _____
   DATE                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                            BP-231(13)
                                                   APRIL 1982

Hall v. USA et. al.
Case NO. 07CV01149

Certificate of Service

I, ____ depose pursuant 28 USC 1746 that
a copy was deposited in prison mail first
Class postage to:

1. U.S District Court 333
Constitution Ave
W. DC 20001

This day 3/8/08