3/18/2008 re

United States District Court
District of Columbia
Case No. 07-1149 (RMC)

In re MarcPierre Hall,     )
         Plaintiff,        )
    vs.                    )
United States, et. al.,    )
         Defendants,       )

Let this be filed
R.M. Colly
3/19/08

**RECEIVED**

FEB 7 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Response To Defendant's Filed
Answer and Motion For
Judgment On the Pleadings
Pursuant F.R.Cv.P Rules 8, 55, 56.

---

A. <u>History In brief</u>:

1. Upon filing the instant action, this Honorable Court "GRANTED" Plaintiff's Motion to supplement the pleadings. (see rec. e 16, 10/22/07).

2. On 11/19/07 this Court granted the defendant's motion to enlarge time to file Answer no later than 1/7/08. (see rec. e 20, 11/19/07

3. On 1/7/08 this Court granted in part (rec. e 21) Defendant's Motion to Enlarge Time to file Answer and denied in part. That response was Ordered by this Court by 1/23/08.

Hall vs. USA. et. al.
Case No. 7-1149 (RMC)

(2)

4. On or about 1/23/08 the defendants filed "Motion"[1] To Reconsider Order Granting Plaintiff's Motion for Leave To Proceed In forma Pauperis, that was granted on or about August 28, 2007.

B. <u>Plaintiff's Response</u>:

Plaintiff objects to the defendant's Motion To Reconsider Order Granting Plaintiff's Motion For Leave To Proceed In forma Pauperis and Its supporting memorandum of law (passim), for the following reasons:

1. The (PLRA) limitations do not apply if the prisoner is [in] imminent danger of serious physical injury or a pattern of misconduct evidencing

---

1. The Defendant's have violated this Court's Order to file an Answer. Rule 8 F.R.CV.P is violated by failure to file a "concise answer" as Ordered by this Court. Defendant's "Motion To Reconsider Order Granting Plaintiff's Motion for Leave To Proceed In forma Pauperis" is not an answer, rather attacking the court's integrity of its prior order.

Hall vs. USA et. al.
Case No. 7-1149 (RMC)

(3)

the "likelihood" of imminent serious physical injury. See <u>Martin v. Shelton</u>, 319 F.3d. 1048, 1050 (8th Cir. 2003)

2. The imminent danger was clearly established and existing at the time the complaint was filed and still exists. See <u>Malik v. McGinnis</u>, 293 F3d 559, 562 (2d Cir. 2002); <u>Abdul-Akbar v. McKelvie</u>, 239 F3d 307, 313 (3-d Cir. 2001). Here Plaintiff supplemented the pleadings with an assault by numerous staff members at his present place of incarceration (USP) Victorville, CA. in segregation E-range on or about 8/24/07. (see attached exhibits).

3. The officers involved in the 8/24/07 assault are still around Mr. Hall and/or in segregation where the assault occurred to which Plaintiff is subject to be placed in segregation.

4. Further the resulting injuries to head and facial area to which the X-rays indicate bone fragments broken off in the nasal passage area. In which cause bleeding, pain and suffering without adequate medical attention.

5. Other pain and suffering was clearly indicated regarding inadequate medical for serious medical needs. See what constitutes serious medical needs in <u>Estelle v. Gamble</u> (1976) 429 US 97 [97 S.Ct. 285; 50 L.ed2d 251].

Hall v. USA et. al.
Case No. 7-1149 (RMC)

(4)

6. Plaintiff had also claimed that there existed a systematic civil rights abuse of ongoing assaults at (USP) Victorville, CA. in segregation. See Martin v. Shelton, supra; Hudson v. McMillan, (1992) 501 US 294 [112 S.Ct. 995; 117 Led 2d 156], Whitley v. Albers, (1986) 475 US 312 [106 S.Ct. 1078; 89 Led 2d 251], in which Plaintiff is subject to including lack of security cameras.

7. Thus imminent danger is clearly established and the pleadings of defendants denied!

C. Motion for Judgment on the Pleadings Pursuant F.R.Cv.P Rules 8, 55, 56.

---

1. Plaintiff respectfully requests this Honorable Court to recognize the Rule 8 et. seq. violation or take Judicial Notice thereof pursuant F.R.E 201.

2. The Defendants failed to file a "concise answer" as ordered by the court, rather filed a Motion to this Court's ruling on forma pauperis.

3. Rule 8 F.R.Cv.P requires the Court to enter Judgment on the pleadings upon this type of violation as requested by Plaintiff.

4. Wherefore, the Injunctions sought should be granted because the defendants "conceded".

Hall v. USA et. al.
Case No. 7-1149 (RMC)

(5)

D. Motion for Prospective Relief or alternatively no less than two years upon Judgment on the pleadings

___

1. The (PLRA) significantly constrains relief available to, and imposes procedural barriers on, prisoners bringing suits challenging prison conditions. For example, both preliminary and final injunctions automatically expire after fixed amounts of time. See 18 USC 3626 (2000); 18 USC 3626(a)(2) (ninety days), and all injunctions terminate after one or two years upon motion from a party or intervener. See § 3626(b)(1).

2. Plaintiff respectfully requests the court to make written findings that prospective relief remains necessary to correct an ongoing and current violation of a federal right. See § 3626(b)(3); e.g., Laaman v. Warden, 238 F3d 14, 16-17 (1st Cir. 2001) (when court cannot make findings on whether current and ongoing violations exist based on stale record, failure to grant evidentiary hearings may constitute abuse of discretion), Hadix v. Johnson, 228 F3d 662, 670-71 (6th Cir. 2000)(upon motion for termination, court may not continue prospective relief without issuing written findings and giving plaintiffs

Hall v. USA et. al.
Case No. 7-1149 (RMC)

(c)

opportunity to submit evidence of continuous and ongoing violation). Hallett v. Morgan, 296 F3d 732, 743 (9th Cir. 2002) (§3626 does not permit court to order prospective relief if violation no longer exists); Cason v. Seckinger, 231 F3d 777, 783-84 (11th Cir. 2000) (current and ongoing violation refers to violation that exists right now, not potential or likely violation that will occur if relief terminates).

3. The Injunctive must be narrowly tailored to extend no further than the particular Plaintiff. See 18 USC §3626(a); e.g., Oluwa v. Gomez, 133 F3d 1237, 1239 (9th Cir. 1998) (Injunction invalid because it lacked requisite finding of limited scope).

4. In making the determination of limited scope, the court must give substantial weight to any adverse impact on public safety that the relief may create. None exists in this case. See 18 USC §3626(a)(1).

5. Wherefore, may the court so tailor the prospective relief or other injunctive relief as it deems necessary. I fully adopt the evidence on film E-range (SHU) for any evidentiary hearing or trial civil proceedings.

E. Conclusion

Mr. Hall is entitled to relief either prospective or other injunction as a matter law due to the defendants violation of Rule 8 F.R.CV.P etc. and

Hall v. USA et. al.
Case No. 7-1149 (RMC)

(7)

Rules 55/56. The court is obligated to intervene to protect the constitutional rights of the Plaintiff claimed violated and defendants failure to file a concise response by 1/23/08 as Ordered by the Court.

this day 1/29/2008

Respectfully Submitted

/MW/

28 USC 1746

## Certificate of Service

I, /MW/ duly depose under penalty of perjury 28 USC 1746 that a copy and attachments of exhibits were delivered to prison officials first class postage prepaid at (USP) Victorville, CA. to:

1. U.S District Court
   333 Const. Ave. NW
   W. DC 20001

2. U.S DOJ / US Attorney's Office
   555 4th. St. NW
   W. DC 20001

this day /MW/ 2008

Affidavit of Kamran Mallack

On or about the date of August, 24-2007 around dinner time in the S.H.U. on E-Range I witnessed officer Jenkings and other correctional officers beating Marc Hall (#11691058) in the head and facial area all while mr. Hall was in handcuffs. I also heard mr. Hall request medical attention.

I witnessed all of this when I was in the S.H.U. on E-Range in Cell 224.

I K. Mallack find what I have written to be true and correct.

K. Mallack # 0567-3048

Date, September, 7th 2007

28 USC 1746

Exh. 1

BP-A148.070
SEP 98

**INMATE REQUEST TO STAFF MEMBER**

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) SIS / Hedrick | DATE: 8/29/07 |
|---|---|
| FROM: Marc Hall | REGISTER NO.: 11691058 |
| WORK ASSIGNMENT: | UNIT: B136 SHU |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

On or about 8/24/07 I was assaulted by numerous staff on (E) range. I request to press charges and have the film reviewed and preserved for evidence of a crime. 18 USC 113 assault.

Please contact the (FBI)/(OIA) for interview. I invoke the Patriot Act 107-56 for civil rights abuse. I request to give my statements to an (FBI) agent. 18 USC 113 assault; prior to Rico suit.
28 USC 1746

cc:
file

(Do not write below this line)

Signature Staff Member:                              Date:

Exh. 2

J.L. Norwood, Warden
USP Victorville
P.O. Box 5600
Adelanto, CA 92301


September 28, 2007


Dear J.L. Norwood:

It has recently been brought to my attention that my son, Marc P. Hall (#11691-058) an inmate confined at Victorville, was assaulted by guards at that facility. During the attack racial, derogatory names were used as he was punched and kicked in the head.
It was relayed to me by my son that an Officer Black threatened Marc and when my son retaliated that is when other officers joined Black in the assault.
My son is not in prison to be beat, kicked, punched, or kept in solitary confinement until his spirit is broken. Cruel and unusual punishment is unconstitutional and calling someone a *nigger* while assaulting him is a **hate crime.**
I am confident that this matter will be handled in a fair manner and await your response.

Thank you,



Armonda Valeriano



Cc: U.S. Senator Chris Dodd
    Dept. of Justice

Exh. 3

U. S. Department of Justice
Civil Rights Division
950 Pennsylvania AV. N.W.
Office of the Assistant Attorney General, Main
Washington, D.C. 20530


September 28, 2007


Re: Hate Crime


Dear Rena Johnson Comisac:

For 12 1/2yrs I have cried out for help for my son, Marc Hall (11691-058) a federal prisoner currently housed in USP Victorville, to no avail. The attached letter is another form of abuse he has continued to suffer at the hands of vicious prison guards employed by the Bureau of Prisons. They have sent my son out in the middle of the desert, always keeping him away form his family, and causing a financial hardship on us to travel to see him.
This latest beating by guards punching and kicking him in his head as they called him a **nigger** is a **hate crime** and needs to be treated as such. Those guards are not above the law.
I thank you for your investigation into the matter.

Sincerely,



Armonda Valeriano
122 Berkeley AV
Waterbury, CT 06704
(203) 710-7959


Exh. 4

U.S. Senator Chris Dodd
448 Russsell Building
Washington, D.C. 20510

September 28, 2007

Re: Hate Crime

Dear Chris Dodd,

Once again I write to you concerning the horrendous treatment my son, Marc Hall, a federal inmate has suffered. During the last 12 ½ yrs. Marc has received threats, beatings, and lost part of his ear during his incarceration. Most of the beatings were from the guards who are obviously unstable to handle the stress of their positions.
On August 24, 2007 once again my son was beaten by several guards at the U.S. Victorville in Adelanto, CA. after spitting at a guard who threaten him. As the guards punched and kicked him in the head they called him a **nigger.** Anyplace else in the United States those type of actions are viewed as a **hate crime.** Why are guards allowed to beat and mentally harass people without any responsibilities for their actions?
The people who they have charge over are paying for their crimes.
 Marc has spent most of the 12 ½ yrs in segregation. Prisons across America misuse segregation as a tool to break a person's spirit and eventually they become mentally and emotionally broken and are put on strong medications that make them a zombie. I view that as cruel and unusual punishment. I am a citizen, as is my son, of the United States and my family served and gave their lives for this country in the support of democracy. Where is it in our prisons when our sons and daughters are so inhumanely treated? He is in the middle of a desert and his family lives in Connecticut. That's how rotten they are.
Attached is the report from my son and a letter to the warden of that institution.
I thank you for any help you are able to give me in this situation.

Sincerely,


Armonda Valeriano
122 Berkeley Av
Waterbury, CT 06704
(203) 710-7959

Exh. 5

U.S. Department of Justice

Federal Bureau of Prisons

07 NOV 19 AM 11:50

Washington, DC 20534
November 16, 2007

The Honorable Christopher J. Dodd
United States Senator
30 Lewis Street, Suite 101
Hartford, Connecticut  06103

Attention:  Mark Stephanou

Dear Senator Dodd:

    This is in response to your correspondence on behalf of Armonda Valeriano, whose son, Marc Hall, currently is incarcerated at the Federal Correctional Complex (FCC) in Victorville, California.  Ms. Valeriano alleges Mr. Hall was assaulted by staff at FCC Victorville.

    These allegations were received previously and were forwarded to the Bureau of Prisons, Office of Internal Affairs, for investigation.  At the conclusion of the investigation, appropriate action will be taken.

    I trust this is responsive to your constituent's concerns.

                       Sincerely,

                       Kathleen M. Kenney
                       Assistant Director/General Counsel

Exh. 6

CHRISTOPHER J. DODD
CONNECTICUT

COMMITTEES:
BANKING, HOUSING, AND
URBAN AFFAIRS

FOREIGN RELATIONS

HEALTH, EDUCATION, LABOR,
AND PENSIONS

RULES AND ADMINISTRATION

# United States Senate
WASHINGTON, DC 20510-0702

WASHINGTON OFFICE:
448 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224-2823
TDD (202) 224-5464

STATE OFFICE:
30 LEWIS STREET, SUITE 101
HARTFORD, CT 06103
(860) 258-6940
TDD (860) 529-7498

HOME PAGE: http://dodd.senate.gov
E-MAIL: http://dodd.senate.gov/webmail

December 3, 2007

Ms. Armonda Valeriano
122 Berkeley Ave.
Waterbury, CT 06074

Dear Ms. Valeriano:

I have enclosed a copy of the reply I received from Ms. Kathleen M. Keeney, the Assistant Director/General Counsel for the Federal Bureau of Prisons (BOP), regarding the allegations you raised about your son's treatment by staff at the Federal Correctional Complex in Victorville, California.

Ms. Kenney states the matter is presently under investigation by the BOP Office of Internal Affairs, and that appropriate action will be taken when the investigation is finished.

Please call Mark Stephanou of my Connecticut staff if you have any further questions.

Sincerely,

CHRISTOPHER J. DODD
United States Senator

enclosure
in reply: Connecticut Office

PRINTED ON RECYCLED PAPER

Exh. 7