United States District Court
District of Columbia
Case No. 07 CV 01149 (RMC)

Marc Pierre Hall,
Appellant,

vs.

J. Norwood, warden,
Appellee,

RECEIVED
APR 4 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Amended Notice of Appeal for IFP Status &
Memorandum of law

I, Mr. Marc Pierre Hall hereby files his Amended Notice of Appeal regarding the district courts order vacating (IFP) status as follows:

Issue & Memo of Law:

A. Whether the "Plaintiff" meets the standard of "Fundamental Interest" for (IFP) status under Equal Protection of Law.

Memo of law: Plaintiff contends that he meets the "fundamental interest" under the "strict scrutiny analysis" in regards

Hall v. Norwood ET.al
(2) Supporting Memo.
7CV01149

to his civil rights complaint.

Mr. Hall contends that he is subject to the provisions of 28 USC 1915(g) three strikes provision.[1] This section permits a prisoner in Mr. Hall's position to proceed in forma pauperis only "if the prisoner is under imminent danger of serious physical injury."

Here Mr. Hall contends that section 1915(g) violates his equal protection rights by infringing upon his fundamental right of access to the court. See Bolling v. Sharpe, 347 US 497, 74 S.Ct. 693, 98 L.Ed 884 (1954)(holding that the Fifth Amendment's Due Process clause contains an equal protection component applicable to the federal government). Normally, a statute will survive an equal protection challenge if "the legislative classification ... bears a rational relation to some legitimate end." Romer v. Evans, 517 US 620, 631, 116 S.Ct. 1620, 134 L.ed.2d 855 (1996). If, on the other hand, the statute interferes with a fundamental right or discriminates against a suspect class, it must withstand "strict judicial scrutiny." Kadrmas v. Dickinson Public Schools, 487 US 450, 457-58, 108 S.Ct. 2481, 101 L.ed.2d 399 (1988).

---

1. See record.

Hall v. Norwood et al
(3) Supporting Memo
7CV01149

B. Standing

The Eighth Circuit considered a constitutional challenge to section 1915(g) in Lyon v. Krol, 127 F.3d 763 (8th Cir. 1997). For the court to consider the constitutionality of the provision, the court held that the prisoner must first show that he has "standing": "In the context of alleging an unconstitutional burden on the right of access to court, it is not sufficient for standing to show that court access could be impeded. Rather, a prisoner must show that it actually has been." Id at 763.

More specifically, the plaintiff must show that the fee requirements imposed by the PLRA have deprived him of access to court.

Here, the court must assess Mr. Hall's Request for (IFP) for the $350.00 filing fee, prison account and ability to pay. Lyon, supra.

1. Mr. Hall's Application and Affidavit for (IFP) status with attached prison account statements for the past six months prior to filing the request indicates the following; (see record where partial payment made):

A. Mr. Hall does receive income from his immediate family for personal, legal and social mail.

B. That income averages about $50.00 per month, and is further subject to several previous (IFP) encumbrances; and other debts.

C. Mr. Hall is currently unemployed and

Hall v. Norwood et. al
Supporting Memo
(4)   07CV01149

... incarcerated in the BOP Agency.

d. Mr. Hall does not presently have $350.00 on his inmate account;

e. Nor does Mr. Hall possess a checking or savings account.

f. Mr. Hall further fails to own any real property, assets or other valuables. See Affidavit In Support of Request to Proceed (IFP).

Therefore, under Lyon, Mr. Hall has "standing" to challenge the constitutionality of section 1915(g).

C. Constitutionality of Section 1915(g):

Mr. Hall contends that a "fundamental interest" is at stake[2] and therefore should be tested under the "strict scrutiny analysis." See Joseph T. Lukes, the Prison Litigation Reform Act: Three Strikes and You're Out of Court - It May Be Effective, But Is It Constitutional?, 70 Temp. L. Rev. 471, 516 (1997) (citing Romer v. Evans, 517 US 620, 116 S.ct. 1620,

---

2. Hall does not argue that he is a member of a suspect class in which has been repeatedly rejected in the following circuits re: prisoners or indigents constitute a suspect class. See Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998)(citing Roller v. Gunn, 107

Heil v. Norwood et al
Supporting Memo
07CV01149

(5)

134 L.ed.2d 855 (1996), (for the proposition that section 1915(g) makes it "more difficult for the affected prisoners not just to 'seek aid from the government,' but to seek redress for and protection against constitutional violations by persons acting under color of law").

Under the "strict scrutiny analysis", a classification will be upheld only if it is [narrowly drawn] to serve a compelling government interest. See <u>Plyler v. Doe</u>, 457 US 202, 216-17, 102 S.Ct. 2382, 72 L.ed.2d 786 (1982).

However, all citizens have a right to access the courts. See <u>Bounds v. Smith</u>, 430 US 817, 828, 97 S.Ct. 1491, 52 L.ed.2d 72 (1977); which is grounded in the Due Process clause of the Fourteenth Amendment, the Equal Protection Clause, and the First Amendment right to petition the government as the sources of said right. And for a prisoner such as the Plaintiff, the right of access to the courts is necessary to vindicate all 'other' fundamental constitutional rights. <u>McCarthy v. Madigan</u>, 503 US 140, 153, 112 S.Ct. 1081, 117

---

Ant2. F.3d 227, 234 (4th Cir. 1997); <u>Hampton v. Hobbs</u>, 106 F.3d. 1281, 1286 (4th Cir. 1997)

Hall v. Norwood et. al
Supporting Memo
07CV01149

(6)

L.ed.2d 291 (1992).

Mr. Hall notes that five circuit courts of appeals have rejected equal protection challenges to section 1915(g), concluding that the statute passes rational basis review. See Rodriguez v. Cook, 169 F.3d 1176, 1178-81 (9th Cir. 1999); White v. Colorado, 157 F.3d 1226, 1232-35 (10th Cir. 1998), cert. denied, ___US___, 119 S.Ct. 1150, 143 L.ed.2d 216 (1999); Wilson v. Yaklich, 148 F.3d. 596, 604 (6th Cir. 1998), cert. denied, ___US___, 119 S.Ct. 1028, 143 L.ed.2d 38 (1999); Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998); Carson v. Johnson, 112 F.3d 818, 821-23 (5th Cir. 1997). In the above cases the courts of appeals applied the lowest level of constitutional scrutiny on the grounds that neither a fundamental right nor a suspect class was at issue.

Further, in several of these cases, section 1915(g) was challenged on constitutional grounds [other than] equal protection such as due process. Here, Mr. Hall only raises an equal protection challenge that complies with the S.Ct's "fundamental interest" being at stake. See M.L.B. v. S.L.J., 519 US 102, 113, 117 S.Ct. 555, 136 L.ed.2d 473 (1996).

Mr. Hall further states that he [is not] challenging the requirement that he pay the full filing fee, as was the case in Murray v. Dosal, 150 F.3d 814 (8th Cir. 1998). Rather, Mr. Hall is simply asking that he be permitted to pay the filing fee over time rather than up front in full. The court has already received a partial prepayment. (see record).

Hall v. Norwood et. al
Supporting Memo
(7)    07CV01149

In <u>Bounds v. Smith</u>, the S.Ct said that the fundamental right of access to the courts requires that prisoners be given "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." <u>Bounds</u>, 430 US at 828, 97 S.Ct. 1491. Such access must be "adequate, effective, and meaningful." Id. at 822, 97 S.Ct. 1491.

An inmate alleging a violation of Bounds must show actual or threatened injury. <u>Lewis v. Casey</u>, 518 US 343, 349-50, 116 S.Ct. 2174, 135 Led 2d 606 (1996) (likening the "actual injury" requirement to constitutional standing). That is, Plaintiff must show that section 1915(g) has actually hindered his efforts to pursue a legal claim. See id. at 351, 116 S.Ct. 2174.

Mr. Hall states that his civil rights complaint meets the standard of "fundamental civil rights" under existing precedents. See <u>Bounds</u>, 430 US at 822, 97 S.Ct. 1491 (citing and quoting <u>Johnson v. Avery</u>, 393 US 483, 485, 89 S.Ct. 747, 21 Led 2d 718 (1969); <u>Wolff v. McDonnell</u>, 418 US 539, 579, 94 S.Ct. 2963, 41 Led 2d 935 (1974)); see also <u>Lewis</u>, 518 US at 354, 116 S.Ct. 2174 (stating that the concerns in Bounds were "attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated," habeas petitions, and civil rights actions under 42 USC 1983 to vindicate basic constitutional rights).

Mr. Hall's complaint alleges numerous diverse claims that affect the 5th and 8th amendments and civil

Hall v. Norwood, et. al
Supporting Memo
07CV01149

(8)

rights.

Mr. Hall's complaint therefore satisfies the Bounds requirements of "liberty interest"; see 2 Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law: Substance and Procedure §15.7, at 434 (2d ed. 1992)(stating, "the S.Ct has recognized that there is a right to fairness in procedures concerning claims against governmental deprivations of life, liberty, or property...[T]his right is not reflected in a specific decision but is, rather, an implied recognition of the fundamental nature of the due process clause in those decisions dealing with 'procedural due process rights,'" and citing various supporting cases in footnote 29).

Because Plaintiff Hall is seeking vindication of fundamental constitutional rights (inter-alia) through a civil rights action, he has alleged the correct type of legal claim for a Bounds violation. Further, one of Mr. Hall's claims in the civil rights complaint specifically deals with this same issue and sufficiently establishes "actual injury".

In concluding, the S.Ct. in Bounds, 430 US at 822, 97 S.Ct. 1491 (stating, "in order to prevent 'effectively foreclosed access,' indigent prisoners must be allowed to file appeals and habeas corpus petitions without the payment of docket fees") (citing and quoting Burns v. Ohio, 360 US 252, 257, 79 S.Ct 1164, 3 L.ed 2d 1209 (1959); Smith v. Bennett, 365 US 708, 81 S.Ct 895, 6 L.ed 2d 39 (1961).

Wherefore, if the court were to enforce section 1915(g)'s

Hall v. Norwood et al
Supporting Memo
07CV01149

(9)

Three strikes provision, Plaintiff Hall would be denied in forma pauperis status in this case. If the Court were to deny Plaintiff's (IFP) status, it would effectively "bar" Plaintiff's fundamental due process claims and/or other tangible or intangible rights as alleged in the civil complaint, that are valid constitutional claims (inter alia) in which the court must take cognizance of. See McCarthy v. Madigan, 503 US at 153, 112 S.Ct 1081 (quoting Turner, 482 US at 84, 107 S.Ct 2254 and Yick Wo v. Hopkins, 118 US 356, 370, 6 S.Ct. 1064, 30 L.ed 220 (1886).

Respectfully Submitted under 28 USC 1746

this day 3/30/08

(10)   Hall v. Norwood et. al.
            07CV01149

### Certificate of Service

I, [signature], depose under penalty of perjury 28 USC 1746 that a copy was deposited with prison officials first class postage paid to:

1. U.S District Court, 333 Const. Ave. NW W. DC 20001

2. U.S Dept. of Justice, US Attorney's Office 555 Fourth St. NW W. DC 20001.

This day 3/30/08

[signature]