UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC PIERRE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:07-cv-01149 (RMC) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING PLAINTIFF'S
PAYMENT OF FILING FEES UNDER THE PLRA**

The United States, the Bureau of Prisons, U.S. Marshals Service, Departments of the Treasury and United States Attorney General Michael Mukasey [1] (Collectively "Defendants"), by and through undersigned counsel, respectfully move this Court to stay briefing on dispositive issues pending the resolution of Plaintiff's *in forma pauperis* ("IFP") status because Plaintiff has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff is not entitled to IFP status under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915, and unless his IFP status is restored or he pays the required filing fee this matter should not proceed with dispositive briefing.

**STATEMENT OF FACTS**

Marc Pierre Hall, Register Number 11691-058 ("Petitioner"), filed this action on June 27, 2007, as a writ of a mandamus pursuant to 28 U.S.C. 1361 requesting injunctive relief pursuant

---

[1] Substitutes former Attorney General Alberto Gonzales by operation of law pursuant to Fed. R. Civ. P. 25(d)(1).

to Federal Rule of Civil Procedure 65. Docket Entry 1. Petitioner filed his IFP motion on the same day and said motion was granted on August 28, 2007. Docket Entry 8. On January 23, 2008, Defendants filed a Motion for Reconsideration of Order Granting Plaintiff's Motion for Leave to Proceed IFP. Docket Entry 22. Defendants argued in their motion that, not only had another court found that Plaintiff was in violation of the PLRA, which would collaterally estop Plaintiff, but that there were at least there other independent actions that constituted strikes not already considered by the other court. By Memorandum and Opinion and minute order dated March 6, 2008, the Court granted Defendants' motion, vacated the previous grant of IFP and required Plaintiff to pay the required filing fee of $350 by April 21, 2008. Docket Entry 28.

On March 19, 2008, Plaintiff filed a "Response to Defendant's Filed Answer and Motion for Judgment on the Pleadings" pursuant to Fed. R. Civ. P. 8, 55 and 56. Docket Entry 31. Since Plaintiff's IFP had already been revoked, the Court construed Plaintiff's pleading as Motion for Reconsideration of its March 6, 2008 Order. On March 21, 2008, Plaintiff filed a Notice of Interlocutory Appeal from the Court's Order vacating his IFP. Plaintiff filed an Amended Notice of Appeal on April 4, 2008.[2]

In his complaint, Plaintiff, who has filed approximately 600 administrative requests and appeals since his incarceration in 1997, raises numerous allegations arising from his incarceration at three different institutions. Defs' Motion to Dismiss, Docket Entry 24. For example, Plaintiff alleges that he has been double charged for postage, been denied adequate physical and mental

---

[2] Defendants contend that, in light of Plaintiff's appeal, this Court lacks jurisdiction to hear the issue of Plaintiff's IFP status. *Pub. Util. Dist. No. 1 v. FERC*, 315 F.Supp.2d 89, 93-94 (D.D.C. 2004)(noting that there is a presumption against a Circuit Court and a District Court exercising concurrent jurisdiction over a pending matter).

health facilities and care as well as violation of his privacy rights to mention just a few. *Id*. On February 8, 2008, Defendants filed their Motion to Dismiss, which Plaintiff has opposed. Defendants' reply brief would otherwise be due today. In order to prepare the reply brief, Defendants will be required to expend significant additional resources but such expenditure of resources could be unnecessary if Plaintiff's IFP status remains revoked.

## **ARGUMENT**

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA. *Chandler v. D.C. Dept. of Corrections*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments. *See* 28 U.S.C. § 1915(b); *Chandler*, 145 F.3d at 1357. However, absent imminent danger of serious physical harm,[3] an inmate may not proceed *in forma pauperis* if the inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes"). *See* 28 U.S.C. § 1915(g); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d at 1357. If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed. *Smith*, 182 F.3d at 30.

---

[3] An inmate faces "imminent danger" when a "threat or prison condition is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Imminent danger is measured at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is made. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-14 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g). *Ibrahim*, 208 F. 3d at 1036. Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike. 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F. 3d 978, 978 (7th Cir. 2004); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002); *Adepegba v. Hammons*, 103 F. 3d 383, 388 (5thCir. 1996). However, properly filed habeas petitions normally are not considered strikes under the PLRA. *Blair-Bey v. Quick*, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

"Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and, if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998). A Court may survey the dismissed lawsuits filed by the inmate to identify at least three that were dismissed as frivolous, malicious, or for failure to state a claim. *Judd v. Furgeson*, 239 F. Supp. 2d 442, 443, n.1 (D. N.J. 2002) (frequent inmate litigator had filed over 200 suits in federal courts; court identified more than a dozen dismissed at the outset as frivolous). The functional equivalent of a dismissal for failure to state a claim or for frivolousness is counted as a strike. *Rivera*,144 F.3 at 731 (dismissal upon screening under *Heck* doctrine was equivalent to failure to state claim; dismissal for abuse of process counts as strike even though the court did not use the words "frivolous" or malicious").

In light of the forgoing legal mandates and a previous finding by another court that Plaintiff was in violation of the PLRA's "three strikes" provision as well as other cases that establish the criteria for another finding of a three strikes violation, Defendants respectfully

4

request that briefing on the merits of dispositive issues be stayed pending resolution of Plaintiff's IFP status. A stay of dispositive briefing is even more apropos where Plaintiff has already filed a Notice of Appeal. Simultaneously here with today, Defendants are filing their Opposition to Plaintiff's "Motion for Reconsideration" to facilitate resolution of the IFP status matter but urge that dispositive briefing should be stayed.

April 21, 2008                                          Respectfully submitted,

                                                                           /s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                                           /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                                                           /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARC PIERRE HALL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01149 (RMC) |
| ) | |
| **UNITED STATES, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

UPON CONSIDERATION of Defendants' Motion To Stay and the entire record herein, it is hereby

ORDERED that Defendants' motion to stay is GRANTED and dispositive briefing in this matter is stayed until either Plaintiff's IFP status is restored or he pays the required filing fee.

ORDERED that if Defendants' motion is DENIED, Defendants shall have until two weeks from the date of this ruling to file a reply to Plaintiff's Opposition to Defendants' motion to dismiss.

_____                          _____
DATE                                            HON. ROSEMARY M. COLLYER, U.S.D.J.

Copies to:

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530

MARC PIERRE HALL, *pro se*
R11691-058
Victorville United States Penitentiary
P.O. Box 5500
Adelanto, CA 92301

## CERTIFICATE OF SERVICE

I certify that on this 21st day of April 2008, I caused the foregoing Defendants' Motion to Stay to be served on Plaintiff via first-class mail postage prepaid to:

Marc Pierre Hall, *pro se*
R11691-058
Victorville United States Penitentiary
P.O. Box 5500
Adelanto, CA 92301

                                                                                          /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)