UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **MARC PIERRE HALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-01149 (RMC) |
| | ) | |
| **UNITED STATES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER VACATING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

Plaintiff, *pro se*, is federal inmate Marc Pierre Hall, Register Number 11-691-058. Plaintiff commenced this action on June 27, 2007, by filing a Petition for Writ of Mandamus alleging various violations against Defendants. Dkt. No. 1. On the same day, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 2. On August 28, 2007, the Court issued an order granting leave to Plaintiff to proceed IFP. Dkt. No. 8. Defendants filed a Motion for Reconsideration of the Order granting Plaintiff IFP status on January 23, 2008. Plaintiff failed to oppose the Motion for Reconsideration. On March 6, 2008, by Memorandum Opinion and Order, the Honorable Judge Rosemary M. Collyer granted Defendants' motion to reconsider and vacated Plaintiff's IFP status because Plaintiff "cannot credibly argue based on the complaint that he 'is under imminent danger of serious physical injury.'" See Dkt. No. 27, p. 2. On March 19, 2008, Plaintiff filed a "Response to Defendants' Filed Answer and Motion for Judgment on the Pleadings Pursuant [sic] F.R.CV.P. Rules 8, 55, 56" construed by the Court as a Motion to Reconsider Vacation of IFP Status. Dkt. No. 31. Plaintiff objects to Defendants' motion to reconsider because he alleges he "is in imminent

danger of serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Dkt. No. 31, pp. 2-3.  To the extent that the Court considers Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55, Defendants oppose the motion because (1) Defendants properly filed a motion to dismiss on February 8, 2008, Dkt. No. 24, rendering Plaintiff's claim that Defendants failed to file an answer pursuant to Fed. R. Civ. P. 8 irrelevant; and (2) Plaintiff may not obtain default judgment against the United States because he fails to "establish[] a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

## SUMMARY OF ARGUMENT

Defendants respectfully submit that Plaintiff should be required to pay the filing fee in full prior to proceeding with this action because Plaintiff is not entitled to *in forma pauperis* status under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  Plaintiff has failed to show that he is in "imminent danger of serious physical injury" to justify allowing him to proceed without prepayment of costs despite him having exceeded the prescribed number of "strikes" under the statute.

I.  **Plaintiff Does Not Come Under the PLRA Exception for "Imminent Danger of Serious Physical Injury" and the Court's Order Vacating IFP was Proper.**

Section 1915(g) of the PLRA bars a prisoner from proceeding *in forma pauperis* if "the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." This section is referred to as the "three strikes" rule. *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006).  The sole exception to the three strikes rule is where the prisoner is "under imminent

danger of serious physical injury." 28 U.S.C. § 1915(g).  Because Plaintiff has many more than the three strikes that trigger the bar of section 1915(g), he cannot proceed *in forma pauperis* in this action unless he qualifies for the imminent danger exception. *See id*.  In determining whether Plaintiff qualifies under the exception, the Court must look to the complaint, construed liberally.  *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004).  This Circuit has not defined "imminent danger of serious physical injury" under the PLRA.  Several other Circuits that do have federal prisons have addressed the language by determining what constitutes "imminent danger" and, separately, what constitutes "serious physical injury."

A.      **Plaintiff's Claims of Past Harms Do Not Constitute Imminent Danger.**

An inmate faces "imminent danger when a threat or prison condition is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  The Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits have further determined that "imminent danger" is properly measured at the time the complaint or appeal is filed or when the motion to proceed IFP is made and that a prisoner must, therefore, allege a *present* imminent danger, as opposed to a past danger, to proceed under section 1915(g). *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-14 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Under this rule, a prisoner would fail to trigger the PLRA exception for IFP status when he asserts "imminent danger" for alleged acts that have occurred in the past. *Medberry*, 185 F.3d 1189 (holding no "imminent danger" where threats had ceased prior to the filing of complaint).

This rule would also reject claims of imminent danger where occasions are isolated or the likelihood of recurrence is not credible. *See Abdul-Akbar*, 239 F.3d at 312-14 (holding that one time incident of being pepper sprayed was not "imminent").

Plaintiff's complaint does not meet the "imminent danger" exception under the PLRA because he has failed to identify an ongoing or recurring injury. In his complaint, Plaintiff alleges various instances of accounting fraud and deprivation of medical treatment at facilities located in Marion, Illinois, Lewisburg, Pennsylvania, and Allenwood, Pennsylvania. However, Plaintiff is currently incarcerated at the United States Penitentiary in Victorville, California. All of Plaintiff's claims which concern conditions and treatment at facilities in Illinois and Pennsylvania are now moot and Plaintiff lacks standing to challenge the conditions at these facilities. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (noting that injunctive and declaratory relief is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again"); *Lewis v. Stempson*, 737 F. Supp. 667 (D.D.C. 1990) (relief sought by prisoner had been provided to him and therefore claim was moot); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that prisoner's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit and no longer subject to conditions alleged in complaint). Plaintiff's allegations in his complaint that he is in imminent danger are moot because the circumstances under which he alleges harm are no longer present, and the exception to the three strikes rule does not apply. *See Abdul-Akbar*, 239 F.3d at 315 (the exception focuses on the risk that the conduct complained of threatens continuing or future injury, and not on whether the inmate deserves a remedy for past

misconduct). The harm alleged in Plaintiff's complaint cannot rise to the level of *imminent* danger of serious physical injury necessary to fall under the exception to the PLRA.

Additionally, Plaintiff's supplemental pleading ("Supplement Injunction", Dkt. 18) does not demonstrate that Plaintiff is in "imminent Danger." Plaintiff describes an isolated incident of alleged assault by staff at USP Victorville, where Plaintiff is currently incarcerated. Plaintiff does not allege that there is a real and proximate threat of assault in the future. Thus, Plaintiff falls short of meeting the requirement of imminence under section 1915(g) because the exception to the PLRA is not designed to include alleged acts that have occurred in the past. Nor do any of Plaintiff's claims of medical ailments rise to the level of imminence contemplated by the statute and interpretive case law. Plaintiff's allegations, for the most part, address alleged inadequacies of day-to-day medical and mental health care.

**B.   Plaintiff's Allegations of Medical Deprivation and Assault Do Not Constitute Serious Physical Injury.**

Regarding "serious physical injury," the Third, Seventh, Eighth and Eleventh Circuits have focused on the facts alleged in the complaint in deciding whether such injury exists in order to proceed IFP. *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Ciarpaglini*, 352 F.3d at 328; *McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002); *Gibbs v. Cross*, 160 F.3d 962 (3d Cir. 1998). Vague or conclusory allegations of harm are not sufficient for an inmate to sustain a claim of imminent danger of serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The failure to treat *life-threatening* injuries/diseases may qualify as "serious physical injury" under the PLRA. *Brown*, 387 F.3d at 1350 (holding that the complete withdrawal of treatment for HIV-positive inmate qualifies as "serious physical injury").

In this case, Plaintiff alleges that at the prison facility in Allenwood, Pennsylvania, he was deprived of access to the "special care clinic" for "1) Liver disease; 2) Hernia; 3) Pulmonary; 4) chronic low back pain & Migraines; 5) Allergist; 6) Blood disorders; 7) Dermotologist [sic]; 8) Heart doctors; 9) Brain disorders; 10) Foot doctor." Dkt. No. 1, p. 4. These allegations, without the support of any facts substantiating these conditions, cannot satisfy the requirement that Plaintiff be at risk for *serious* physical injury. *Ruston v. Gonzales*, 2007 U.S. App. LEXIS 13169, *2 (D.C. Cir. June 5, 2007) (revoking prisoner's *in forma pauperis* status because prisoner ran afoul of 28 U.S.C. section 1915(g) and made only "vague and conclusory allegations of imminent danger of serious physical injury") (citing *Ibrahim v. District of Columbia*, 463 F.3d 3 (D.C. Cir. 2006).

Additionally, Plaintiff's supplemental pleading alleges that Plaintiff was punched and kicked in the head by prison staff on or about August 24, 2007. Dkt. No. 18, p. 2. While the investigation into this incident is pending, this remote allegation cannot be said to place Plaintiff in imminent danger of serious physical injury in the future. The only other allegation of physical harm contained in the supplemental pleading is deprivation of medical treatment for a hernia and for various minor ailments, including "chronic pain and discomfort" and "dizziness and blurred vision." Dkt. No. 18, p. 3. Again, these claims are too vague and conclusory, without medical evidence, to amount to risk of *serious* physical injury. Furthermore, allegations of hernia ailments do not satisfy section 1915(g)'s imminent-danger exception. *Judd v. Lappin*, 2004 U.S. App. LEXIS 24422, No. 04-5186, unpublished order (D.C. Cir. Nov. 22, 2004).

Therefore, Plaintiff should not be permitted to proceed IFP because he complains of conduct and medical conditions that are not imminent or sufficiently serious to meet the

requirements of 28 U.S.C. section 1915(g).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration because he has not satisfied the requirements to maintain IFP status.

April 21, 2008                                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　  /s/_____
　　　　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　  /s/_____
　　　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR # 434122
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　  /s/_____
　　　　　　　　　　　　　　　　　　　　KENNETH ADEBONOJO
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Judiciary Center Building
　　　　　　　　　　　　　　　　　　　　555 4th Street, N.W. – Civil Division
　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　　　　(202) 514-7157
　　　　　　　　　　　　　　　　　　　　(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

      I certify that on this 21st day of April 2008, I caused the foregoing Defendants' Opposition to Plaintiff's Motion for Reconsideration to be served on Plaintiff via first-class mail postage prepaid to:

Marc Pierre Hall, *pro se*
R11691-058
Victorville United States Penitentiary
P.O. Box 5500
Adelanto, CA 92301


                                                 /s/_____
                                                 KENNETH ADEBONOJO
                                                 Assistant United States Attorney
                                                 Judiciary Center Building
                                                 555 4th Street, N.W. – Civil Division
                                                 Washington, D.C.  20530
                                                 (202) 514-7157
                                                 (202) 514-8780 (facsimile)