UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARC PIERRE HALL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1149 (RMC) |
| UNITED STATES *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On March 6, 2008, the Court vacated plaintiff Marc Pierre Hall's *in forma pauperis* status based on the three-strike provision of 28 U.S.C. § 1915(g) and gave him until April 21, 2008, to pay the $350 filing fee applicable to this civil action. In what has been construed as a motion to reconsider that order, Mr. Hall claims that he may proceed under the "imminent danger" exception based on the events alleged in his "Supplement Injunction" filed October 22, 2007 [Dkt. No. 18]. For the following reasons, the motion to reconsider is denied.

Motions for reconsideration are committed to the sound discretion of the trial court and need not be granted "unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations and quotation marks omitted). In his supplemental pleading for injunctive relief filed four months after the original complaint, Mr. Hall alleges that on August 24, 2007, he was "assaulted maliciously and sadistically by staff" at the United States Penitentiary in Victorville, California, where he is currently incarcerated. Suppl. at 2. Mr. Hall also alleges that he is being deprived of

medical care for a "condition [that] has been persistent for nearly a year and a half [and for which he] has repeatedly requested surgery to correct . . ." and that he "is suffering chronic pain and discomfort," among other ailments. *Id*. at 3. Mr. Hall's allegations of imminent danger based on his current conditions of confinement at the Victorville facility are beyond the scope of the operative complaint, which, as the Court previously determined, alleges accounting fraud, infringement of privacy rights, and the deprivation of medical treatment at facilities where plaintiff is no longer confined. Mem. Op. [Dkt. No. 27] at 2. The new allegations therefore have no bearing on whether Mr. Hall may proceed in this civil action under the imminent danger exception.[1] *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) ("[T]he language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed."). Accordingly, it is this 7th day of May 2008,

**ORDERED** that Mr. Hall's construed motion to reconsider [Dkt. No. 31] is **DENIED**; it is

**FURTHER ORDERED** that within 30 days of this Order, Mr. Hall shall pay to the Clerk of Court the filing fee of $350 to maintain this action or suffer dismissal of the case; and it is

**FURTHER ORDERED** that Defendants' motion to stay the proceedings pending Mr. Hall's payment of the filing fee [Dkt. No. 36] is **GRANTED**.

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[1] Presumably, Mr. Hall may pursue his new claims for injunctive relief by filing a complaint in the United States District Court for the Central District of California. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred").