5/13/08 TG

United States District Court
District of Columbia
Case No. 1:07CV01149-RMC

Marcpierre Hall,
  Plaintiff,

vs.

United States et. al.
  Defendants,

RECEIVED
MAY 9 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Response To Defendant's Opposition for Reconsideration Order Vacating In forma Pauperis Status and To Stay Proceedings

1. **Objection**: "imminent danger" (passim) to defendant's opposition.

**Answer**: Plaintiff fully adopts his civil rights or injunctive pleadings for "imminent danger" and all subsequent pleadings on record.

Alternatively, if the court should find such claims insufficient, plaintiff then claims that if the court were to uphold its prior order vacating the (IFP) status, it would deny a "fundamental interest" of a constitutional claim and equal protection of law under the 5th amendment.

Hall v. USA et. al.
1-7CV01149

(2)

See Bolling v. Sharpe, 347 US 497, 74 S.Ct. 693, 98 Led 884 (1954)(holding that the Fifth Amendment's due process clause contains an equal protection component applicable to the federal government).

Upon this court's failure to amend its order vacating IFP status, it would effect a denial to access the court on constitutional claims and the section 1915(g) thereby would effect the equal protection of law violation.

Normally, a statute will survive an equal protection challenge if "the legislative classification ... bears a rational relation to some legitimate end." Romer v. Evans, 517 US 620, 631, 116 S.Ct. 1620, 134 Led2d 855 (1996). If, on the other hand, the statute interferes with a "Fundamental Right" or discriminates against a suspect class, it must withstand "strict Judicial Scrutiny." Kadrmas v. Dickinson Public Schools, 487 US 450, 457-58, 108 S.Ct. 2481, 101 Led2d 399 (1988).

B. Standing

The Eighth Circuit considered a constitutional challenge to section 1915(g) in Lyon v. Krol, 127 F3d 763 (8th Cir. 1997). For the court to consider the constitutionality of the provision, the court held that

Hall v. USA et. al
1-7CV01149

(3)

the prisoner must first show that he has "standing": "In the context of alleging an unconstitutional burden on the right of access to the court, <u>it is not sufficient for standing to show that court access "could be" impeded. Rather, a prisoner must show that it "actually has been."</u> Id at 765. ①

More specifically, the plaintiff must show that the fee requirements imposed by the (PLRA) have deprived him of access to the court.

Here, the court was to assess Mr. Hall's request for (IFP) for the filing fee of $350.00, prison account and ability to pay. <u>Lyon</u>, supra.

   1. Mr. Hall's application and affidavit for (IFP) status with attached prison account statements for the past six months prior to filing the request indicates the following:

      a. Mr. Hall does receive income from his immediate family for personal, legal and social mail;

      b. That income averages about $50.00

---

1. The court's order vacating (IFP) status is an "actual" <u>denial to access the court</u>, the required showing under <u>Lyon v. Krol</u>, supra @ 765.

Hall v. USA et. al.
1-7cv01149

(A)

per month; and is further subject to several previous (IFP) and other encumbrances;

c. Mr. Hall is concurrently unemployed and incarcerated in the BOP Agency.

d. Mr. Hall does not presently have $350.00 on his inmate account; [2]

e. Nor does Mr. Hall possess a checking or savings account;

f. Mr. Hall further fails to own any real property, assets or other valuables. See (IFP) Affidavit in support.

Therefore, under Lyon, Mr. Hall has "standing" to challenge the constitutionality of section 1915(g), and alternatively prevail under In re Bradley 318 US 50; Ex Parte

---

2. Here the district court ordered its clerk to receive a partial payment of an (estimated) $34.00 under (IFP) status. That order was satisfied by the plaintiff's payment to the clerk who did receive it. Nor did the clerk refund that payment. The court's order is thus satisfied. See In re Bradley 318 US 50 and Ex parte Lange 18 Wall (US) 163, 21 Led 872 (distinguishable only by its punishment factors); see record for payment received.

Hall v. USA et. al.
1-7CV01149

(5)

Lange, 18 Wall (US) 163, 21 L.ed 872 for the court's accepted partial payment received by the clerk.

C. Constitutionality of Section 1915(g)

Mr. Hall contends that a "Fundamental Interest" is at stake [3] and therefore should be tested under the "Strict Scrutiny analysis." See Joseph T. Lukes, the Prison Litigation Reform Act: Three Strikes and You're Out of Court - It May Be Effective, But Is It Constitutional?, 70 Temp. L. Rev. 471, 516 (1997) (citing Romer v. Evans, 517 US 620, 116 S.Ct. 1620, 134 L.ed.2d 855 (1996)), (For the proposition that section 1915(g) makes it "more difficult for the affected prisoners not just to 'seek aid from the government,' but to seek redress for and protection against constitutional violations by persons acting under color of law").

---

3. Hall does not argue that he is a member of a suspect class in which has been repeatedly rejected in the following circuits re: prisoners or indigents constitute a suspect class. See Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998)(citing Roller v. Gunn, 107 F3d 227, 234 (4th Cir. 1997); Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997).

Hall v. USA et. al.
1-7cv01149

(6)

Under the "Strict Scrutiny Analysis," a classification will be upheld only if it is [narrowly drawn] to serve a compelling government interest. See Plyler v. Doe, 457 US 202, 216-17, 102 S.Ct. 2382, 72 L.ed 2d 786 (1982).

However, all citizens have a right to access the courts. See Bounds v. Smith, 430 US 817, 828, 97 S.Ct. 1491, 52 L.ed 2d 72 (1977); which is grounded in the Due Process clause of the 5th amendment equal protection clause, and the first amendment right to petition the government as the sources of said right. And for a prisoner such as the plaintiff, the right of access to the courts is necessary to vindicate all "other" fundamental constitutional rights. See McCarthy v. Madigan, 503 US 140 (1992).

Mr. Hall notes that five circuit courts of appeals have rejected equal protection challenges to section 1915(g). See Rodriguez v. Cook, 169 F.3d 1176, 1178-81 (9th Cir. 1999); White v. Colorado, 157 F.3d 1226, 1232-35 (10th Cir. 1998), cert. den. __ US __, 119 S.Ct. 1150, 143 L.ed 2d 216 (1999); Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir. 1998), cert. den. __ US __, 119 S.Ct. 1028, 143 L.ed 2d 38 (1999); Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998); Carson v. Johnson, 112 F.3d 818, 821-23 (5th Cir. 1997).

In the above cases the courts of appeals applied the "lowest level of constitutional scrutiny" on the

Hall v. USA et. al
1-7CV01149

(7)

grounds that neither a "fundamental right" nor a suspect class was at issue.

Further, in several of these cases, section 1915(g) was challenged on constitutional grounds [other than] equal protection such as due process. Here, Mr. Hall only raises an equal protection challenge that complies with the S.Ct.'s "Fundamental Interest" being at stake. See M.L.B. v. S.L.J., 519 US 102, 113, 117 S.Ct. 555, 136 L.ed.2d 473 (1996).

Mr. Hall further states that he "is not" challenging the requirement that he pay the full filing fee, as was the case in Murray v. Dosal, 150 F.3d 814 (8th Cir. 1998). Rather, Mr. Hall is simply asking that he be permitted to pay ④ the filing fee over time rather than up front in full.

In Bounds v. Smith, the S.Ct. said that the fundamental right to access the courts require that prisoners be given "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 US at 828, 97 S.Ct. 1491. Such access must be "adequate, effective, and meaningful." Id. at 882, 97 S.Ct. 1491.

---

4. See footnote 2 herein.

Hall v. USA et. al.
1-7CV01149

(8)

    An inmate alleging a violation of Bounds must show actual or threatened injury. Lewis v. Casey, 518 US 343, 349-50, 116 S.Ct. 2174, 135 LEd2d 606 (1996) (likening the "actual injury" requirement to constitutional standing). That is, Plaintiff must show that section 1915(g) has actually hindered his efforts to pursue a legal claim. See id. at 351, 116 S.Ct. 2174.[5]

    Mr. Hall states that his complaint meets the standard of "fundamental rights" under existing precedents. See Bounds, 430 US at 827, 97 S.Ct. 1491 (citing and quoting Johnson v. Avery, 393 US 483, 485, 89 S.Ct. 747, 21 LEd2d 718 (1969), Wolff v. McDonnell, 418 US 539, 579, 94 S.Ct. 2963, 41 LEd2d 935 (1974)); see also Lewis, 518 US at 354, 116 S.Ct. 2174 (stating that the concerns in Bounds were "attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated," habeas petitions, and civil rights actions under 42 USC 1983 to vindicate basic constitutional rights).

    Mr. Hall's complaint alleges numerous diverse

---

5. The court's order vacating its prior grant of IFP status has "actually hindered Plaintiff's efforts to pursue a legal claim of fundamental constitutional rights." Lewis v. Casey, @ 351, 116 S.Ct. 2174; (as fully incorporated to the pleadings).

Hall v. USA et. al.
1-7 CV 01149

(9)

claims that affect Constitutional rights under the 5th and 8th amendments.

Mr. Hall's complaint therefore satisfies the Bounds requirement of "liberty Interest"; See 2 Ronald D. Rotunda & John E. Nowak, Treatise on Constitutional Law: Substance and Procedure §15.7, at 434 (2d ed. 1992)(stating, "The S.Ct. has recognized that there is a right to fairness in procedures concerning claims against governmental deprivations of life, liberty or property ... [T]his right is not reflected in a specific decision but is, rather, an implied recognition of the fundamental nature of the due process clause in those decisions dealing with 'procedural due process rights,' and citing various supporting cases in footnote 29).

Because Mr. Hall is seeking vindication of "fundamental constitutional rights" (inter alia) through a civil rights action, he has alleged the correct type of legal claim in the complaint specifically deals with that sufficiently establishes "actual injury."

In concluding, the S.Ct. in Bounds, 436 US at 822, 97 S.Ct. 1491 (stating, "In order to prevent 'effectively foreclosed access,' indigent prisoners must be allowed to file appeals and habeas corpus petitions without the payment of docket fees")(citing and quoting Burns v. Ohio, 360 US 252, 257, 79 S.Ct. 1164,

Hall v. USA et. al
1-7CV01149

(10)

3 L.ed2d 1209 (1959); <u>Smith v. Bennett</u>, 365 US 708, 81 S.Ct. 895, 6 L.ed 2d 39 (1961).

Wherefore, if the court were to enforce section 1915(g)'s three strikes provision, Plaintiff would be denied In Forma Pauperis status in this case. If the court denies reconsideration of (IFP) status, it would effectively "bar" Plaintiff's fundamental due process and eighth amendment claims as alleged in the complaint, in which the court must take cognizance of. See <u>McCarthy v. Madison</u>, 503 US at 153, 112 S.Ct 1081 (quoting <u>Turner</u>, 482 US at 84, 107 S.Ct. 2254 and <u>Yick Wo v. Hopkins</u>, 118 US 356, 370, 6 S.Ct. 1064, 30 L.ed 220 (1886).

2. <u>Objection</u>: To "Defendant's Motion To Stay Proceedings Pending Plaintiff's Payment of Filing Fees under the PLRA.

<u>Answer</u>: Plaintiff fully adopts #1 above herein (passim). Further, Plaintiff's motion (as attached) to "Stay or recall Notice of Interlocutory Appeal for adjudication of dispositive Motions" meets defendants pleadings.

Wherefore, may the court vacate its prior order vacating (IFP) status and proceed with

Hall v. USA et. al.
1-7CV01149

(11)

preliminary issues as a matter of law.
Respectfully Submitted.
this day 5/01/08

### Certificate of Service

I, _____ depose under penalty of perjury 28 USC 1746 that a copy was deposited with prison officials First class postage to:

1. U.S District Court 333 Constitution Ave. NW
   W. DC 20001
2. U.S Dept. of Justice c/o: K. Adebonojo /civ.
   U.S Attorney's Office
   555 Fourth St. N.W
   W. DC. 20001.

This day 5/01/08

